**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Charles E. Forrester, Jr.
Fed. Reg. No. 09565-007
Post Office Box 630
Winton  NC  27986-0630

v.

Federal Bureau of Prisons     *
Harley Lappin
Scott P. Stermer
Harrell Watts
Thomas R. Christensen

CIVIL

CASE NUMBER  1:06CV01954

JUDGE: Henry H. Kennedy

DECK TYPE: Pro se General Civil

DATE STAMP: 11/15/2006

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. §1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $250.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must assess, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

RECEIVED

OCT 0 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

\* The full names, addresses, and the respective positions of the Defendants
are depicted on page 1 of the accompanying Memorandum of Points and Autho-
rities ("Memo") in support of this Civil Complaint.

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you **must** submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.

## I.   SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.   PREVIOUS LAWSUITS

A.   Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?     Yes ( )          No (X)

B.   Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (X)     No ( )

C.   If your answer to A or B is Yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.   Parties to this previous lawsuit.

Plaintiffs: Charles E. Forrester, Jr.

Defendants:  George Snyder, Warden

2.   Court (if federal court, name the district; if state court, name the county)
U.S. District Court, Eastern District of North Carolina, Western Division

3.   Docket number        5:06-HC-2030-D

4.   Name of judge to whom case was assigned: James E. Dever, III

5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) The writ of habeas corpus is still **pending.**

6.    Approximate date of filing lawsuit: March 1, 2006

7.    Approximate date of disposition:

## III.    PLACE OF CONFINEMENT

Rivers Correctional Institution

Post Office Box 630, Winton, North Carolina 27986

A.    Is there a prisoner grievance procedure in this institution?    Yes (X)    No ( )
If your answer is Yes, go to Question III B.  If your answer is No, skip Question III B,C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (X)    No ( )

C.    If your answer is Yes to Question III B;

1.    To whom and when did you complain? See the attached memorandum at paragraphs 18 and 19.

2.    Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes (X)    No ( )

3.    What, if any, response did you receive?  (Furnish copy of response, if in writing.)  See the memorandum at paragraphs 18 and 19.

4.    What happened as a result of your complaint?    See the memorandum at paragraphs 18 and 19.

D.    If your answer is No to Question III B, explain why not.

E.    If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )    No ( )

F.    If your answer is Yes to Question III E;

1.    To whom and when did you complain?    _____

2.    Did you complain in writing?  (Furnish copy of the complaint you made, if you
      have one.)

3.    What, if <u>any, response did you receive?  (Furnish copy of response if in writing)</u>
      _____

4.    What happened as a result of your complaint?    _____
      _____
      _____


IV.    **PARTIES**

In item A below, place your name and prison number in the first blank and  your present address
in the second blank.  Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff:    See the attached memorandum at page 1.
      Address:    _____


In item B below, place the full name of the defendant(s) in the first blank, their official position in
the second blank, their place of employment in the third blank and their address in the fourth blank.
Do the same for additional defendants, if any.

B.    Defendant: ___See the attached memorandum at pgs. 1 & 3.__is employed as
      _____at    _____
      Address:  _____
      _____

      Defendant: _____ is employed as
      _____at    _____
      Address:  _____
      _____

      Defendant: _____is employed as
      _____at    _____
      Address:  _____
      _____

      Defendant: _____is employed
      as _____at _____
      Address:  _____
      _____

## V.    STATEMENT OF CLAIM

State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include the names of other persons involved, dates and places.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets if necessary.

On March 12, 2006, Plaintiff requested the Air Conditioning, Heating & Refrigeration Technology vocational program.  Plaintiff was denied the program based on an age and residence restriction.  On March 20, 2006, Plaintiff requested the Custodial Maintenance vocational program.  Plaintiff was denied that program allegedly because of the program being "inactive".  Plaintiff asserts that the denial of the noted programs violates his right to participate in education and vocational training.  The issue and facts relevant to this complaint are expounded upon within the accompanying memorandum of points and authorities in support of this civil complaint.

## VI.    RELIEF

State briefly exactly what you want the Court to do for you.

See the accompanying memorandum of points and authorities at paragraph **39.**

Signed this **3**rd day of _____ _October_ _____, **2006**.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_10/3/06_
    (Date)

_____
(Signature of Plaintiff)

IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


CHARLES E. FORRESTER, JR.,
   Fed. Reg. No. 09565-007
   Rivers Correctional Institution
   P.O.Box 630 / Unit C
   Winton   NC   27986-0630,

    Plaintiff,

v.                                                Civil No. _____

FEDERAL BUREAU OF PRISONS,
   320 First Street   NW
   Washington   DC   20534,

HARLEY LAPPIN, Director
   Federal Bureau of Prisons
   320 First Street   NW
   Washington   DC   20534,

SCOTT P. STERMER, Contracting Officer
   Federal Bureau of Prisons
   320 First Street   NW
   Washington   DC   20534,

HARRELL WATTS, Administrator
   National Inmates Appeals
   Federal Bureau of Prisons
   320 First Street   NW
   Washington   DC   20534

and

THOMAS R. CHRISTENSEN, Senior Secure Institution Manager
   and On-site Bureau of Prisons Representative
   Rivers Correctional Institution
   145 Parker's Fishery Road
   P.O.Box 840
   Winton   NC   27986-9763,

    Defendants.


**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF HIS CIVIL COMPLAINT, TITLE 42 U.S.C. § 1983**

Comes now the Plaintiff, Charles E. Forrester, Jr., moving **pro se**, and hereby respectfully requests the Court to issue an **injunctive** order compelling the Federal Bureau of Prisons and its officials to provide Plaintiff with the same <u>marketable vocational opportunities</u> to him as they provide to similarly situated District of Columbia offenders housed in the federal facilities.  An order from the Court compelling the Defendants to comply with their <u>mandatory</u>, nondiscretionary obligation to ensure that Plaintiff receives "education" and "training" opportunities would force the Defendants to comply with the Congressional directive set forth in Section 11201(b) of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. 105-33, 111 Stat. 251, 734 (codified at D.C. Code § 24-101 (2001)).  See <u>chiefly</u> <u>Samuels v. District of Columbia</u>, 770 F.2d 184, 193-97 (D.C. Cir. 1985).

In addition, Plaintiff is seeking a **declatory judgment** defining Plaintiff's rights as they are prescribed in accordance with the **statutes** and **regulations** asserted within this complaint.  The relief that Plaintiff is seeking will provide Plaintiff with the opportunity to exercise his regulatory right and responsibility to participate in the vocational training programs in accordance with 28 C.F.R. §§ 541.12(10) and 544.50 et seq., which were promulgated pursuant to 18 U.S.C. § 4001(b)(1-2) (Limitation on detention; control of prisons).  See <u>chiefly</u> 28 C.F.R. § 0.96(o) (Delegations); <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 300-305, 99 S.Ct. 1705, 1716-19 (1979).

- 2 -

## DEFENDANTS ARE SUED IN BOTH
## THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

1. A civil suit pursuant to Title 42 U.S.C. § 1983 may be brought against individual officers in either their official or individual capacity or both. See Higdon v. Wells County Sheriff's Office, 426 F.Supp.2d 854, 860 (N.D. Ind. 2006); Estate of Phillips v. District of Columbia, 257 F.Supp.2d 69, 84 (D.D.C. 2003); Kentucky v. Graham, 437 U.S. 159, 165-167, 105 S.Ct. 3099, 3105 (1985).

2. The standard § 1983 form issued specifically to prisoners appears to only allow Plaintiff to name the Defendants in their official position. See Section IV (Parties) of the standard form. Thus, the Court is apprised that this § 1983 action is brought against the named Defendants in both their **official** and **individual** capacities.

3. If the Court is to grant the Plaintiff's request to proceed in forma pauperis, then the Court is hereby respectfully requested to ensure that the service of the summons and complaint is effectuated in accordance with the Federal Rules of Civil Procedure, Rule 4. See chiefly Fed. R. Civ. P., Rule 4(c)(2). See also Olsen v. Mapes, 333 F.3d 1199, 1204, n.4 (10th Cir. 2003). This request is made to the Court strictly for precautionary measures.

## INTRODUCTION

4.    Plaintiff brings this civil action under Title 42 U.S.C. § 1983, and/or the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., to secure his regulatory right to participate in "education" and "vocational training".  See 28 C.F.R. § 541.12(10) (Inmate rights and responsibilities) and 28 C.F.R. § 544.50 et seq. (Occupational Education Programs).  In denying Plaintiff his regulatory right to participate in education and vocational training, the Federal Bureau of Prisons ("BOP") and its officials are currently depriving Plaintiff of his liberty interest without the **due process** of law.

5.    Plaintiff will establish below that the BOP and its officials have marooned Plaintiff and similarly situated D.C. Code offenders to Rivers Correctional Institution ("RCI"), located in Winton, North Carolina, without providing the D.C. Code offenders with the same regulatory rights to acquire marketable vocational skills as the D.C. Code offenders receive in the BOP facilities.  See 28 C.F.R. § 544.50 (Occupational Education Programs: Purpose and scope).

6. Congress has charged the BOP and its officials with the "responsibility" of ensuring that "education" and "training" programs are available to Plaintiff while housed at RCI.  See D.C. Code § 24-101(b) (2001).  Thus, because Plaintiff does not have the same marketable vocational opportunities available to him like

- 4 -

the D.C. Code offenders have in the BOP facilities, Plaintiff
asserts that he is being deprived of the **equal protection of the
laws** under the Fifth or Fourteenth Amendment to the United States
Constitution.

7.  Plaintiff asserts below that in order to secure his consti-
tutional, statutory, and regulatory rights, Plaintiff is seeking
relief from the Court in the form of an _injunctive_ or _declatory_
order compelling the BOP and its officials to provide Plaintiff
with marketable vocational opportunities, thus giving Plaintiff
the right to participate in education and vocational training.
See D.C. Code § 24-101(b), 28 C.F.R. § 541.12(10), and 28 C.F.R.
§ 544.50, respectively.  "[E]ven if the underlying statute does
not include meaningful (or manageable) standards, 'regulations pro-
mulgated by an administrative agency in carrying out its statutory
mandate can provide standards for judicial review'."  _Inova Alexan-
dria Hospital v. Shalala_, 244 F.3d 342, 346 (4th Cir. 2001) (quoting
_CC Distribs., Inc. v. United States_, 883 F.2d 146, 154 (D.C. Cir.
1989)); _Chaney v. Heckler_, 718 F.2d 1174, 1186 (D.C. Cir. 1983) (where
a court has law to apply, agency action is not committed to agency
discretion and is subject to judicial review).

### ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 701 ET SEQ.

8.  Plaintiff asserts that if the claims raised below are not
cognizable under Title 42 U.S.C. § 1983, then the Court is hereby

- 5 -

requested to convert this civil complaint into a civil action pur-
suant to the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.,
or **any statutory mechanism** which the Court deems appropriate to
reach Plaintiff's constitutional, statutory, and regulatory viola-
tions that are asserted below.

**9.** Pursuant to Section 11201(b) of the National Capital Revi-
talization and Self-Government Improvement Act of 1997 ("Revitali-
zation Act"), Pub. Law 105-33, 111 Stat. 251, 734, Congress charged
the BOP with the **mandatory**, nondiscretionary duty to ensure that
Plaintiff receives "education" and "training". The BOP provides
D.C. Code offenders housed in the BOP facilities with a multitude
of marketable vocational opportunities. However, the BOP **does not**
provide Plaintiff with those same marketable vocational opportuni-
ties while he is currently warehoused at RCI, thus depriving Plain-
tiff of the **equal protection of the laws**. See D.C. Code § 24-101(b),
28 C.F.R. § 541.12(10), and 28 C.F.R. § 544.50, respectively. See
also Title 5 U.S.C. § 702; Cobell v. Norton, 240 F.3d 1081, 1094
(D.C. Cir. 2001); Capital Area Immigrants v. U.S. Dept. of Justice,
264 F.Supp.2d 14, 22 (D.D.C. 2003); Vietnamese Asylum Seekers v.
Dept. of State, 104 F.3d 1349, 1353 (D.C. Cir. 1997); Chamber of
Commerce of U.S. v. Reich, 74 F.3d 1322, 1328 (D.C. Cir. 1996);
Legal Asst. For Vietnamese v. Department of State, 45 F.3d 469,
471 (D.C. Cir. 1995); National Fed'n of Fed. Employees v. Cheney,
883 F.2d 1083, 1042 (D.C. Cir. 1989).

- 6 -

10. In addition, 28 C.F.R. § 541.12(10) gives Plaintiff the "right to participate in education, [and] vocational training." See id. Plaintiff asserts below that the BOP has failed to provide Plaintiff with marketable vocational opportunities, thus arbitrarily depriving Plaintiff of his due process right to participate in "education" and "vocational training". See D.C. Code § 24-101(b), and 28 C.F.R. §§ 541.12(10) and 544.50. "[E]ven if the underlying statute does not include meaningful (or manageable) standards, 'regulations promulgated by an administrative agency in carrying out its statutory mandate can provide standards for judicial review.'" Inova Alexandria Hospital v. Shalala, 244 F.3d 342, 346 (4th Cir. 2001) (quoting CC Distribs., Inc. v. United States, 883 F.2d 146, 154 (D.C. Cir. 1989)). The Court can reach Plaintiff's claims in accordance with Title 5 U.S.C. §§ 702 and 706. Notably, Plaintiff has a substantial statutory interest in acquiring "education" and "training", and a regulatory "responsibility" to take advantage of any available marketable programs. See chiefly D.C. Code § 24-221.01 (Educational good time), and 28 C.F.R. § 541.12(10) (Inmate rights and responsibilities), and BOP Program Statement 5880.32, Chapter 12, respectively. See also Exhibit One, Good Time Data.

## JURISDICTION

11. Within this civil complaint, Plaintiff raises the issue that the BOP and its officials have violated Plaintiff's constitutional, statutory, and regulatory rights. Thus, the Court has

- 7 -

jurisdiction over Plaintiff's civil action pursuant to Title 42
U.S.C. § 1983, and/or the Administrative Procedure Act, 5 U.S.C.
§§ 701 et seq.; said jurisdiction is pursuant to 28 U.S.C. §§ 1331
and 1343(a)(3).  See chiefly Cobell v. Norton, 240 F.3d 1081, 1094
(D.C. Cir. 2001); Robbins v. Reagan, 780 F.2d 37, 42-43 (D.C. Cir.
1985).


   12.  **Importantly**, the BOP and its officials, in dealing with
D.C. Code felons such as the Plaintiff, are acting under the color
of State law.  See § 11201(b) of the Revitalization Act, 111 Stat.
745.  The D.C. Circuit courts have held that the Revitalization
Act is an Act of Congress applicable exclusively to the District
of Columbia.  See chiefly Settles v. Parole Commission, 429 F.3d
1098, 1104 (D.C. Cir. 2005); Fletcher v. District of Columbia, 370
F.3d 1223, 1227 (D.C. Cir. 2004).  As such, the BOP (like the U.S.
Parole Commission) is amenable to Plaintiff's civil suit under Title
42 U.S.C. § 1983 for actions taken pursuant to § 11201(b) of the
Revitalization Act, codified at D.C. Code § 24-101(b).


                              **VENUE**


   13.  Plaintiff asserts that he is a District of Columbia code
offender.  See Exhibit two, March 1, 1993 Judgment and Commitment
Order.  The United States government has assumed responsibility
for the incarceration of Plaintiff in accordance with the Congres-
sional mandate that all D.C. Code felons be transferred to the

                              - 8 -

custody of the BOP and placed in prisons contracted for or operated by the BOP.  See D.C. Code § 24-101 (2001).  See also Crawford v. Jackson, 323 F.3d 123, 125 (D.C. Cir. 2003); Gartrell v. Ashcroft, 191 F.Supp.2d 23, 26-27 (D.D.C. 2003).

14.  Plaintiff asserts within this civil complaint that the BOP and its officials are in violation of the Congressional direct-ive by failing to ensure that Plaintiff receives "education" and "training".  See D.C. Code § 24-101(b) and 28 C.F.R. § 541.12(10). The Defendants are also sued in their official capacity.  For the purpose of this civil suit and venue, Title 28 U.S.C. § 1391(e) is most appropriate.  Section 1391(e) provides, in relevant part, that:

> "A civil action in which a defendant is an offi-
> cer or employee of the United States or any
> agency thereof acting in his official capacity
> or under color of legal authority, or an agency
> of the United States, or the United States, may
> except as otherwise provided by law, be brought
> in any judicial district in which (1) a defendant
> in the action resides, (2) a substantial part
> of the events or omissions giving rise to the
> claim occurred..."

28 U.S.C. § 1391(e)(1-2).

15.  The BOP and its officials have been charged by Congress with the responsibility for Plaintiff's "custody", "care", "educa-tion", and "training".  D.C. Code § 24-101(b) (Bureau of prisons).

- 9 -

The authority to transfer Plaintiff to Rivers Correctional Insti-
tution, in Winton, North Carolina, was charged to the BOP and its
officials. See D.C. Code § 24-101(c) (Privatization). See also
Exhibit Eight, March 7, 2000 contract, p. 1, lines 2-9. The BOP's
**headquarters** is located at 320 First Street, N.W., Washington, D.C.
20534.

16. The Defendants named in this complaint in their official
capacity conduct their daily functions at the BOP's headquarters.
"'The residence of an official defendant is determined on the basis
of the official residence of the federal officer or agency.'" Franz
v. United States, 591 F.Supp. 374, 377 (D.D.C. 1984) (quoting Lamont
v. Haig, 590 F.2d 1124, 1128, n. 19 (D.C. Cir. 1978)); Republican
Party of North Carolina v. Martin, 682 F.Supp. 834, 836 (M.D.N.C.
1988) ("Where a public official 'is a party to an action in his
official capacity, he resides in the judicial district where he
maintains his official residence, that is, where he performs his
official duties.' Birnbaum v. Blum, 546 F.Supp. 1363, 1366 (S.D.N.Y.
1982), quoting O'Neil v. Battist, 472 F.2d 789, 791 (6th Cir.
1972)"). See also Cameron v. Thornburgh, 983 F.2d 253, 256, n. 2
(D.C. Cir. 1993).

17. This complaint is brought against the BOP and its officials
for their deliberate neglect in following the Congressional direct-
ive to ensure that Plaintiff has access to "education" and "train-
ing", thus depriving Plaintiff of his right to participate in

- 10 -

"education" and "vocational training". See D.C. Code § 24-101(b),
and 28 C.F.R. §§ 541.12(10) and 544.50 et seq. Plaintiff presented
his issue of the program deficiencies within RCI to the BOP's higher
echelon, while they were performing their official duties at the
BOP headquarters. See chiefly Exhibits Five E, Six, and Seven,
respectively. The decision to circumvent the Congressional mandate
prescribed in § 24-101(b) and to ignore Plaintiff's regulatory
rights set forth in § 541.12(10) were made at the BOP's headquarters
by the BOP officials. Thus, any prospective declatory and/or in-
junctive relief ordered by this Court will be directed to the BOP
officials at the BOP's headquarters, in Washington, D.C. Therefore,
venue would lie in this Court pursuant to 28 U.S.C. § 1391(e)(1-2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.  On March 12, 2006, Plaintiff requested the following
vocational program(s): Air Conditioning, Heating & Refrigeration
Technology ("HVAC"). The education department advised Plaintiff
that he "[does not] meet the age or residence requirement". See
Exhibit three, March 12, 2006 Request To Staff. On March 20, 2006,
Plaintiff requested the Custodial Maintenance program. The edu-
cation department informed Plaintiff that "custodial maintenance
is inactive at this time". See Exhibit Four, March 20, 2006 Re-
quest To Staff. See also 28 C.F.R. §§ 541.12(10) and 544.50. Be-
cause Plaintiff was deprived of the above-noted programs, Plaintiff
initiated and exhausted all of his available Administrative Remedies,

in the following sequence:

A. A 3-17-06 GEO/RCI Attempt At Informal Resolution, which contains a response from Counselor A. Bracey, id. at Exhibit Five;

B. The RCI Step 1 Administrative Remedy Form/complaint that was submitted to D. Farmer, AW-P, and D. Farmer's 4-11-06 Step 1 Response, id. at Exhibit Five A;

C. The RCI Step 2 Administrative Remedy Form/complaint that was submitted to G. Snyder, Warden, and G. Snyder's 5-15-06 Step 2 Response, id. at Exhibit Five B;

D. The BP-148 (Inmate Request To Staff) employed as a complaint, and addressed to Thomas R. Christensen, the on-site BOP representative, and his 5-22-06 response to that request, id. at Exhibit Five C;

E. The BP-230 Regional Administrative Remedy Appeal, and a 7-18-06 response from the office of James E. Burrell, Administrator Privatization Management Branch, id. at Exhibit Five D; and

F. The BP-231 Central Office Administrative Remedy Appeal that was submitted to the Office of the General Counsel on 8-1-06. A response to that BP-231 complaint was due on or about 9-10-06. The General Counsel failed to respond within the "40 calendar days" allotted by 28 C.F.R. § 542.18. See Exhibit Five E, 9-18-06 letter and the 7-21-06 BP-231. Thus, Plaintiff has considered the "absence of a response to be a **denial** at [the BP-231] level". [Emphasis added.] See id. See also, Title 5 U.S.C. § 551(13); Trudeau v. Federal Trade Com'n., 456 F.3d 178, 189 (D.C. Cir. 2006).

19. In addition, Plaintiff submitted letters to Harley Lappin, Director of the BOP, and Scott P. Stermer, the BOP's contracting officer, regarding the issues raised within this complaint. See

Exhibits Six and Seven. Plaintiff asserts that he has exhausted __all__ available administrative remedies regarding the issue asserted below in accordance with 28 C.F.R. §§ 542.10 through 542.18. See Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1236-38 (10th Cir. 2005); Irwin v. Hawk, 40 F.3d 347, 349, n. 2 (11th Cir. 1994). Thus, the Court has subject matter jurisdiction to hear Plaintiff's assertion that he is currently being deprived of his right to participate in education and training as prescribed in 28 C.F.R. § 541.12 (10). See Bell v. Hood, 327 U.S. 678, 684 (1946). See also D.C. Code § 24-101(b).

## THE BOP IS CURRENTLY IN VIOLATION OF THE CONGRESSIONAL DIRECTIVE PRESCRIBED IN D.C. CODE § 24-101(b)  THUS DEPRIVING PLAINTIFF OF THE EQUAL PROTECTION OF THE LAWS AND PLAINTIFF'S DUE PROCESS RIGHT TO PARTICIPATE IN EDUCATION AND TRAINING

20.  The United States Congress has explicitly charged the Federal Bureau of Prisons with the responsibility of Plaintiff's "education" and "training". D.C. Code § 24-101. In fact, the relevant provision of the statute expressly provides that:

> "[Plaintiff] __shall__ be __subject__ to any __law__ or __regulation__ applicable to persons committed for violations of laws of the United States consistent with the sentence imposed, and the Bureau of Prisons __shall be responsible__ for the custody, care, subsistence, __education__, treatment and __training__ of [Plaintiff]." [Emphasis supplied.]

- 13 -

D.C. Code § 24-101(b) (2001). The verb "shall" as it is written in § 24-101(b) imposes upon the BOP and its officials a <u>mandatory</u>, nondiscretionary duty to ensure that Plaintiff receives "education" and "training". <u>Id.</u> "Where the word 'shall' appears in a statutory directive, 'Congress could not have chosen stronger words to express its intent that [the specified action] be mandatory...'." <u>Plaut v. Spendthrift Farm, Inc.</u>, 1 F.3d 1487, 1490 (6th Cir. 1993) (quoting <u>United States v. Monsanto</u>, 491 U.S. 600, 607 (1981)). <u>See</u> <u>also</u> <u>Cobell v. Babbitt</u>, 91 F.Supp.2d 1, 41 (D.D.C. 1991); <u>Forest Guardians v. Babbitt</u>, 174 F.3d 1178, 1187 (10th Cir. 1999); <u>Association of Civil Technicians v. FLRA</u>, 22 F.3d 1150, 1153 (D.C. Cir. 1994) (the word "shall" generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive); <u>Exportal Ltda. v. United States</u>, 902 F.2d 45, 50 (D.C. Cir. 1990).

21.    Plaintiff has been incarcerated since April 20, 1993. <u>See</u> Exhibit nine, 5-19-06 Computation Data. Throughout Plaintiff's incarceration, he has acquired a magnitude of program achievements; as a consequence of those achievements, the duration of Plaintiff's sentence structure has been substantially reduced pursuant to D.C. Code § 24-221.01(a) (Educational good time). <u>See</u> Exhibit one. Currently, Plaintiff has a projected release date of March 5, 2011. <u>See</u> Exhibit nine.

22.    Plaintiff arrived at his current address on September

- 14 -

12, 2002. Subsequent to Plaintiff's arrival at RCI, he has completed virtually every educational and/or vocational program that RCI has to offer. <u>See</u> Exhibit six, p. <u>1</u>, paragraph <u>2</u>.

23. On March 12, 2006, Plaintiff requested to be placed in the Air Conditioning, Heating & Refrigeration Technology program ("HVAC"). The education department apprised Plaintiff that he "[does not] meet the age or residence requirement." <u>See</u> Exhibit three. Notably, the HVAC course is provided only to a class of D.C. Code offenders that are twenty-five years of age or younger. <u>See</u> Exhibits ten, eleven, and twelve (Affidavits). Plaintiff is apprently too old to participate in the same HVAC course that is offered to similarly situated D.C. Code offenders housed at RCI (furthermore, Plaintiff's Maryland residency is apparently a bar to his participation in that course, no matter what his age might be). Without doubt, the BOP **does not** impose upon D.C. Code offenders situated in authentic BOP facilities any age or residency restriction, in constrast to the established practice for the HVAC course offered at RCI. <u>See</u> Exhibits Five <u>A</u> and Five <u>B</u>. <u>See also</u> <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439 (1985).

24. On March 20, 2006, Plaintiff requested to be placed into the Custodial Maintenance program. The education department informed Plaintiff that "Custodial Maintenance is inactive at this time". <u>See</u> Exhibit Four. At this juncture, Plaintiff has been

- 15 -

informed that there are at least two marketable vocational programs
at RCI that are not available to him.

25. Based on the fact that RCI does not have any <u>marketable</u>
<u>vocational opportunities</u> available to Plaintiff, the RCI staff moved
the BOP to transfer Plaintiff to a BOP facility for "Programs Par-
ticipation". The program transfer request was based on Plaintiff's
request for the following programs: "Business Administration, Dental
Assistant, and Heating Ventilation and Air Condition [sic]". The
transfer request for programs participation was executed by the
following RCI staff members: David Farmer, programs warden and acting
warden; O. Davis, case manager; and G. Sexton, acting unit manager,
respectively. See Exhibit thirteen, 03-24-06 EMS-409 (Request For
Transfer).

26. The fact that the RCI staff moved the BOP to transfer
Plaintiff is significant because it evinces Plaintiff's complaint
that RCI has no <u>marketable vocational opportunities</u> available to
Plaintiff. Notably, the BOP denied the RCI staff's request to
transfer Plaintiff to a BOP facility based on "Population Pressure".
<u>See</u> Exhibit fourteen, 7-10-06 Step <u>2</u> response. Plaintiff's issues
regarding the denial of programs/transfer were presented to the
on-site BOP staff, T. Christensen and B. Davis. <u>See</u> Exhibit Six,
p. <u>2</u>, paragraph <u>3</u>. The on-site BOP staff failed to rectify the
issues raised in this complaint. <u>See</u> Exhibit Five <u>C</u>. <u>See also</u>
<u>supra</u>, paragraphs <u>14</u>-<u>16</u>.

- 16 -

**27.** To reiterate, Plaintiff has been deprived of two (2) vocational programs. In addition, the RCI staff's request to have Plaintiff transferred to a BOP facility for "Programs Participation" has been denied. See supra, paragraphs **23-25.** Currently, Plaintiff is being denied the "right" to participate in education and vocational training; he is being denied his "interest" in acquiring programs; and he is being barred from undertaking his "responsibility" to take advantage of such programs, all in violation of 28 C.F.R. § 541.12(10) (Inmate rights and responsibilities). Specifically, § 541.12(10) provides in part:

RIGHTS

"You have the **right** to participate in **education, vocational training** and employment as far as resources are available, and in keeping with **your interests**, needs, and abilities." [Emphasis supplied.]

RESPONSIBILITIES

"You have the **responsibility** to take advantage of activities which may help you live a successful and law-abiding life within the institution and **in the community**." [Emphasis supplied.]

28 C.F.R. § 541.12(10).[1]  See attachment fifteen.

_____

[1]  Plaintiff has attached a copy of 28 C.F.R. § 541.12(1), and BOP Program Statement 5300.18, which incorporates 28 C.F.R. § 544.50 et seq., id. at attachments fifteen and sixteen, respectively. The noted attachments are incorporated into this complaint strictly for the convenience of the Court and all interested parties.

- 17 -

28.  Plaintiff has been denied the right to participate in HVAC and Custodial Maintenance programs.  Plaintiff has been denied a transfer to a BOP facility where he can continue his strong desire to acquire <u>marketable vocational training</u>.  See attachment sixteen, BOP Program Statement 5300.18.  Plaintiff asserts that because there are no marketable vocational opportunities available to him at RCI, he is being denied the "<u>right</u>" to participate in "vocational training".  <u>See</u> 28 C.F.R. § 541.12(10).  <u>See</u> <u>also</u> <u>supra</u>, paragraphs <u>23-25</u>.

**Plaintiff's Interest:**

29.  In keeping with Plaintiff's interest, Plaintiff asserts that he can acquire educational good time upon the completion of an "academic" or "vocational" program.  Plaintiff initially had <u>650</u> days of Extra Good Time ("EGT") available to him.  <u>See</u> Exhibit seventeen, Extra Good Time Data.  Due to Plaintiff's impeccable history of program achievements, Plaintiff currently has approximately <u>108</u> days of EGT available to him.  <u>See</u> Exhibit one, p. <u>2</u>, Total EGT <u>542</u>.

30.  Because RCI does not have any <u>marketable vocational</u> programs available to Plaintiff, Plaintiff is being deprived of his <u>interest</u> in reducing the duration of his sentence structure in accordance with D.C. Code § 24-221.01 (Educational good time), which provides in relevant part that:

> "Every person whose conduct complies with institutional rules and demonstrates a desire for self-

improvement by <u>successfully completing an academic</u>
<u>or vocational program</u>...shall earn educational good
time credits of no less than <u>3</u> days a month and not
more than <u>5</u> days a month."  [Emphasis added.]

D.C. Code § 24-221.01(a) (2001).

31.    Plaintiff asserts that he cannot reap the statutory EGT
benefits prescribed in § 24-221.01(a) and exercise his "interest"
in the  EGT within the meaning of 28 C.F.R. § 541.12(10) and D.C.
Code § 24-101(b) if the "academic" or "vocational program[s]" are
not available to him.  Leis v. Flynt, 439 U.S. 438, 442 (1979) ("A
claim of entitlement..., to be enforceable, must be derived from
statute or legal rule or through a mutually explicit understanding").
All of the noted **statutes** and **regulations** evidently are directed at
the same goal: advancing rehabilitation to destroy recidivism.

32.    Notably, Plaintiff has an **"interest"** in presenting pro-
gram completions to the U.S. Parole Commission at his March 2007
rehearing.  See Exhibit nine, p. <u>2</u>.  See also 28 C.F.R. § 2.80(e)
(Program achievement).  More importantly, **<u>society has a vested in-</u>**
**<u>terest in Plaintiff's rehabilitative process prior to Plaintiff's</u>**
**<u>reintegration into the community</u>**.  See chiefly 28 C.F.R. § 541.12(10)
(Responsibilities) and Exhibit eight, p. <u>5</u>, lines <u>12</u>-<u>18</u>, respec-
tively; Morales Feliciano v. Romero Barcelo, 672 F.Supp. 591, 606-
607 (D. Puerto Rico 1986).  As this Court is no doubt aware, the
District of Columbia laws promote rehabilitation, e.g., D.C. Code

- 19 -

§ 24-221.01 (Educational good time). Currently, Plaintiff is being deprived of his "right" to participate in "education" and "vocational training" because RCI **does not** have any <u>marketable vocational opportunities</u> available to Plaintiff. See 28 C.F.R. §§ 541.12(10) and 544.50 et seq., <u>id</u>. at attachments fifteen and sixteen. <u>See also supra Miller</u>, 804 F.2d at 424.

33. Plaintiff has an "interest" in the following marketable vocational programs: HVAC, Custodial Maintenance, Dental Assistant, and Business Administration. <u>See</u> Exhibits Three, Four, and Thirteen. The noted programs are not available to Plaintiff at RCI. The BOP facilities could provide the programs to Plaintiff, thus serving his regulatory "interest". "Each Bureau of Prisons institution provides occupational education programs which allow <u>interested inmates</u> the opportunity to obtain marketable skills." 28 C.F.R. § 544.50.[2]  See BOP Program Statement 5300.18, <u>id</u>. at Attachment sixteen. Because the noted programs **are not** available to Plaintiff at this privately-operated facility, Plaintiff is being deprived of the same opportunities that the D.C. Code offenders receive in the BOP facilities. <u>See chiefly supra</u>, paragraph **28**. "When a regulation or rule with binding forces establishes substantive criteria, it also created constitutional 'liberty' or 'property'." <u>Miller v.</u>

---

[2]  Vocational/occupational training information can be found by going to the BOP web site at www.bop.gov/inmate_programs/. Alternatively, it can be found by going to www.bop.gov, then clicking on the site map, then clicking on "education", and finally clicking on "Occupational Training Programs Directory".

Henman, 804 F.2d 421, 424 (7th Cir. 1986) (quoting Wolff v. McDonnell, 418 U.S. 539, 571-72 & n. 19 (1974)).

34.  To reiterate, the plain and unambiguous Congressional directive set forth in D.C. Code § 24-101(b) states that "...the Bureau of Prisons **shall** be responsible for the...education...and training of [Plaintiff]."  See id.  Plaintiff asserts that he should be able to benefit from the Congressional mandate.  However, the BOP and its officers have failed in their duty to ensure that Plaintiff receives "education" and "training" as required by the unambiguous statute.  Thus, the Court should enforce the terms of D.C. Code § 24-101(b).  See Echostar Satellite L.L.C. v. F.C.C., 457 F.3d 31, 35 (D.C. Cir. 2006); Apotex Inc. v. Food and Drug Admin., 414 F.Supp.2d 61, 66-67 (D.D.C. 2006), citing to the two-step analysis announced by the Supreme Court in Chevron USA Inc. v. Natural Resources Defense Council, 467 U.S. 837, 842-43 (1984).

35.  To reiterate, Plaintiff has been denied two (2) vocational programs.  See supra, paragraphs 23 and 24.  The Court is apprised that this is not an isolated incident.  There are several D.C. Code offenders that the BOP has marooned to this privately-operated facility, without affording them the same program benefits and rights (within the meaning of D.C. Code § 24-101(b) and 28 C.F.R. § 541.12 (10)) that the D.C. Code offenders receive in the BOP facilities. E.g., see Exhibit eighteen, declarations of Gerald Marshall, Russell Hamilton, and Abdul-Hakeem Muhammad.

- 21 -

36.  To reiterate, the RCI staff moved the BOP to transfer

Plaintiff "to any apprenticeship programs in business, culinary,

[HVAC] for program participation". See Exhibit thirteen.  The noted

programs are available at the following BOP facilities: FCI Fort

Dix (low), FCI Allenwood (low), FCI Ashland (low), and FCI Beaumont

(low).  See supra, fn. 2.  It is difficult to discern how the BOP

could deny the RCI staff's request to transfer Plaintiff for "pro-

gram participation" ostensibly due to "population pressure", espe-

cially in light of the fact that the BOP effectuates thousands of

transfers throughout the United States in any given year.  "Across

the BOP system, inmate population is constant flux.  Bed space opens

every day as thousands of inmates per week are released from cus-

tody, or transferred from custody, or transferred from one institu-

tion to another within the same security level or between security

levels.  In fact, there are more than 50,000 inmate movements in

the BOP system each year."  Gartrell v. Ashcroft, 191 F.Supp.2d

23, 28 (D.D.C. 2002).


37.  The BOP could have transferred Plaintiff to any low-

security BOP facility in the United States for programs participa-

tion, thus allowing Plaintiff to receive the benefits of D.C. Code

§ 24-101(b), and exercise his "right" to participate in "education"

and "vocational training" pursuant to 28 C.F.R. §§ 541.12(10) and

544.50 et seq.  Currently, the BOP and its officers have ignored

Plaintiff's constant requests for a resolution regarding the on-

- 22 -

going violation of Plaintiff's right to program in accordance with
the noted statute and regulations.  See supra, paragraphs **9**, **10**,
**20**, **23**, and **24**.

38.    To reiterate, the BOP and its officers have been apprised
about the violations asserted above.  The BOP officers were notified
at the BOP's headquarters by way of complaints and letters, all
sent via certified mail.  See Exhibits Five **E**, Six, and Seven.
See also D.C. Code § 14-506 (Certified Mail return receipt as prima
facie evidence of delivery).  Plaintiff has repeatedly expressed
his strong interest in continuing to program until his projected
release date of March 5, 2011.  See supra, paragraphs **30** through
**33**.  This begs the question: What is Plaintiff to do in terms of
acquiring programs while being warehoused at RCI?  The BOP and its
officials have not rectified the current violations raised in the
BP-231 complaint and/or the letters; therefore, Plaintiff is hereby
requesting this Court to grant him the relief outlined below.

39.    **WHEREFORE**, Plaintiff prays that this Court will, in the
interest of justice and fairness, grant Plaintiff the following
relief:

A.    Plaintiff is seeking a declaratory judgment announcing
that the federal government and its officers, in
denying Plaintiff the right to participate in educa-
tion and vocational training , have created a dispa-
rity in the treatment of Plaintiff (who is confined

- 23 -

at Rivers Correctional Institution ("RCI")) and the similarly situated D.C. Code offenders housed in the BOP facilities, thus denying Plaintiff the right to equal protection of the laws, and violating Plaintiff's due process right to receive/participate in education and vocational training;

B.  Plaintiff seeks an injunction compelling the Defendants to fulfill their statutory obligation owed to Plaintiff, and provide Plaintiff (who is confined at RCI) with the same educational and marketable vocational opportunities as those similarly situated D.C. Code offenders would receive in the BOP facilities;

C.  Plaintiff is seeking, in the alternative, an order from the Court compelling the Defendants to transfer Plaintiff to a BOP facility in which Plaintiff can exercise his statutory/regulatory "right" to participate in "education" and "vocational training"; and

D.  Plaintiff is requesting that the Court take any further action that the Court deems appropriate and just.

- 24 -

```
RIVA0  542*22 *            SENTENCE MONITORING           *   05-19-2006
PAGE 001        *             GOOD TIME DATA             *   10:01:04
                            AS OF  05-19-2006

REGNO...: 09565-007   NAME: FORRESTER, CHARLES
ARS 1...: RIV A-DES
COMPUTATION NUMBER..: 010
LAST UPDATED:  DATE.: 05-16-2006        FUNC..: PRT   ACT DT:
UNIT...............: C                  FACL..: DSC     CALC: AUTOMATIC
DATE COMP BEGINS....: 03-02-1994        QUARTERS...........: C04-111L
TOTAL JAIL CREDIT...: 316               COMP STATUS........: COMPLETE
STATUTORY REL DT....: 06-11-2013 TUE    TOTAL INOP TIME....: 0
CURRENT REL DT......: 12-17-2011 SAT    EXPIRES FULL TERM DT: 04-20-2023
PROJ SATISFACT DT...: 03-05-2011 SAT
ACTUAL SATISFACT DT.:                   PROJ SATISF METHOD..: MAND PAR
FINAL STAT GOOD TIME:                   ACTUAL SATISF METHOD:
DAYS REMAINING......:                   FINAL EXTR GOOD TIME:
                                        FINAL PUBLC LAW DAYS:

----------------------EXTRA GOOD TIME EARNINGS---------------------------------

   INST    TYPE      DATE IN     DATE OUT       PRI/SEN IND
   RIV     MGT      06-01-2003

   EGT EARNED...............................:         156 DAYS

BREAK OVER DATE.............................:      05-31-2004

----------EXTRA GOOD TIME LUMP SUM AWARDS AND ADJUSTMENTS-----------------

   INST    TYPE    LSA/ADJ DATE    AMOUNT       PRI/SEN IND
   RIV     LSA     01-07-2004    30 DAYS
   RIV     LSA     08-12-2004    15 DAYS
   RIV     LSA     09-30-2004    30 DAYS
   RIV     LSA     11-30-2004    15 DAYS
   RIV     LSA     12-07-2004    15 DAYS
   RIV     LSA     01-06-2005    20 DAYS
   RIV     LSA     02-25-2005    15 DAYS

   EGT AWARDED/ADJUSTED................:            140 DAYS

--------------EXTRA GOOD TIME DC EDUCATION CREDIT AWARDS------------------

 INST PGM    ENROLLED    COMPLETED    INELIGIBLE ELIGIBLE MAX INCIDENTS AWARD
 LTN  DOC                05-26-1994                                       3
 LTN  DOC                12-01-1994                                       3
 LTN  DOC                12-06-1994                                       9
 LTN  DOC                04-01-1995                                       3
 LTN  DOC                04-24-1995                                       9
 LTN  DOC                05-01-1995                                       3
 LTN  DOC                12-01-1995                                       6
 LTN  DOC                10-25-1996                                       3
 LTN  DOC                01-03-1997                                       6
 LTN  DOC                03-07-1997                                       6

G0002        MORE PAGES TO FOLLOW . . .
```

06 1954
FILED
NOV 1 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit
One

```
 RIVA0   542*22 *           SENTENCE MONITORING           *      05-19-2006
PAGE 002 OF 002 *            GOOD TIME DATA                *      10:01:04
                            AS OF   05-19-2006

REGNO...: 09565-007    NAME: FORRESTER, CHARLES
ARS 1...: RIV A-DES
COMPUTATION NUMBER..: 010              FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 05-16-2006       FACL..: DSC      CALC: AUTOMATIC

   LTN   DOC             05-09-1997                                    6
   LTN   DOC             05-28-1997                                   34
   LTN   DOC             07-04-1997                                    6
   LTN   DOC             10-01-1998                                   48
   LTN   DOC             12-22-1998                                   11
   RIV   ONA  12-26-2002 08-22-2003           9      7                35
   RIV   ONA  01-11-2005 06-23-2005           6      7                30
   RIV   ONA  09-01-2005 04-05-2006           8      7                25*

       DC EDUCATION CREDITS..................:              246 DAYS

                                                     -------------
       TOTAL EGT.............................:              542 DAYS

--------STATUTORY GOOD TIME FORFEITURES, WITHHOLDINGS, RESTORATIONS--------

   INFRACTION       DECISION      ACTION     AMOUNT    INFR SEVERITY    FREQ
   DATE     NO        DATE         TYPE                /RSN FOR ADJ
   NONE

       NET SGT FORFEITURES, WITHHOLDINGS, RESTORATIONS:        0 DAYS
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

_Charles Forrester_

Case No. _F 3851-92_

PDID No. _259-017_

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☐ Guilty to the Charge(s) of _____
_Count E - assault with intent to kill, Count F Malicious Disfigurement, Count G - Destroying Property, Count I Destroying Property_
and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _Two (2) to Six (6)_
_on assault Counts H and J, sentences to run concurrently; one (1) to Three (3) years on Counts G and I - Destroying Property, sentences to run concurrently; Four (4) to Twelve (12) years on Count E - Assault with intent To Kill Three (3) to Nine (9) years on Count F - Malicious Disfigurement. Sentences to run consecutively to sentences imposed as the Counts F + I consti-_

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☐ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $ _____ in monthly installments of $ _____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ _____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

**FILED**

3/1/94
Date

NOV 15 2006

Judge

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Certification by Clerk pursuant to Criminal Rule 32(d).

Date    06 1954

Deputy Clerk

**EXHIBIT TWO**

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Mr. Leary, Education Department | DATE: March 12, 2006 |
|---|---|
| FROM: Mr. Charles E. Forrester, Jr. | REGISTER NO.: 09565-007 |
| WORK ASSIGNMENT: Law Clerk | UNIT: C-04      111-L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I have Completed virtually all of the programs that RCI has to offer me. See the attached Inmate Education Data ("IED"). The IED depicts that I have Completed at least one (1) Stage of "Vocational Computer Technology". I am not interested in any additional Computer Courses. I am not interested in the Wood Shop Course. I am interested in HVAC, Only! I am requesting that you place me in the HVAC Course. If HVAC is not available, then please provide me with a listing of the Variety of Vocational opportunities that RCI has to offer me.

Thank you,

(Do not write below this line)

DISPOSITION: You do not meet the age or residence requirement for HVAC. If you need to speak with me show this request to the education officer.

06 1954

**FILED**

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Exhibit Three*

| Signature Staff Member | Date 3/13/06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Printed on Recycled Paper

# U. S Department of Justice
# Federal Bureau of Prisons
# Federal Correctional Institution
# Estill, South Carolina



# HVAC Program

Date: 3-23-06

From: Drexel Duke

To: Alexis Bracy

Number of Pages Sent: 1
         (Excluding Cover Sheet)

Subject:
    Per our conversation, this is the request to staff that was sent to me. According to our latest word from our regional office there will be no educational transfers without extreme circumstances. Please call me if you need further information.

                    Thanks,
                    D. Duke

Drexel Duke HVAC Instructor                        F.C.I. Estill
Office: 803-625-4607 x 4610                         Vo-Tech Dept.
Fax: 803-625-5626                                   P.O. Box 699
                                                    Estill, SC 29918

252-358-5061    Bracy 3307

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) *Academic Counselor* | DATE: *3-20-06* |
|---|---|
| FROM: *Charles E. Forrester, Jr.* | REGISTER NO.: *09565-007* |
| WORK ASSIGNMENT: *Law Clerk* | UNIT: *C-04* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

*I am a D.C. Code offender currently housed at the Rivers Correctional Institution (Low Custody), P.O. Box-630, Winton, NC 27986. I am interested in your apprenticeship HVAC Course. Currently, I have a projected release date of March 26, 2011. I have a high School diploma. I have been incarcerated since April 20, 1993 without any prison infractions. I am seeking a Vocational transfer. Do you have an age, and/or residence requirement, like this facility has with respect to HVAC? If you have any restrictions regarding HVAC, please provide this writer with the information.    Thank you.*

*Charles E. Forrester, Jr.*

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) *Mr. Lurry, Academic Counselor* | DATE: *3-20-06* |
|---|---|
| FROM: *Charles E. Forrester, Jr.* | REGISTER NO.: *09565-007* |
| WORK ASSIGNMENT: *Law Clerk* | UNIT: *C-04* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

*In Scrutinizing the limited Vocational opportunities that are depicted on the GEO Education Department Sheet that you provided to me, I discovered Custodial Maintenance. I am interested in the Custodial Maintenance Vocational Course.*

*I am requesting that you place me in the noted Course as soon as possible.*

*Thank you.*

*(Do not write below this line)*

DISPOSITION:

*Custodial Maintenance is inactive at this time.*

06 1954

**FILED**

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Exhibit*

*Four*

| Signature Staff Member | Date *3/20/06* |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


Printed on Recycled Paper

# GEO/RCI ATTEMPT AT INFORMAL RESOLUTION
### (Request for Administrative Remedy)

To: *Bracey*
_____
(Counselor)

Date Rcv'd ___ 3/17/06
(Staff)

C-2006-029

1.    Write in this space, briefly, your complaint.  Include all details and facts which support your request.

On February 9, 2006, I submitted a request to my Case manager regarding a Subsequent to my initial request, I submitted an additional request to Mr. Davis, which depicts my interest in, amongst other vocational opportunities, HVAC. See the attached 2-9-06 and 2-21-06 Request to staff. On March 12, 2006, I submitted a request to mr. Lowry, Academic Counselor, requesting placement in HVAC. Lowry denied my request for ~~the~~ the HVAC Course,

pg. 1 of 2

2.    What action do you wish to be taken to correct the situation?

RCI does not have a "Variety" of Vocational opportunities to offer me. Thus, I have a need to be transferred to a BOP facility, which will give me a Variety of Vocational opportunities to choose from. See 28 C.F.R. § 541-12 (10).

*Charles Forrester* _____     09565007     C-04 111     3-17-06
Inmate Name/Signature          Reg. No.        Unit/Bed       Date

3.    State Clearly staff efforts to resolve the matter informally.  Be specific, but brief and provide to inmate.

The course is set up by the Roanoke Chowan Community College and is funded through the DC Youth Offenders Program. That justifies the 25 year old age limitation. Being that you are not agenth offender, you have to pay.

*******************************************************************

The Informal Resolution Was (Was Not) (circle one) accomplished for the above noted reason.

_____     3-22-06          _____     3-20-06
Inmate Signature            Date            Counselor Signature   Date

OC 1951

**FILED**

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Exhibit Five*

by stating in pertinent part:

"you do not meet the age or residence requirement for HVAC."

<u>See</u> the attached March 12, 2006 Request to Staff. At this juncture, I am being deprived of my right to participate in the only course that I am interested in. See 28 C.F.R. § 541.12 (10) (Inmate rights and responsibilities) ("You have <u>the right</u> to participate in education, vocational training...."). Notably, my Case Manager apprised me that my request for a transfer <u>was denied</u> by the RCI Staff. ~~[crossed out text]~~ Thus, the RCI Staff has superseded and deprived the BOP officials of their absolute authority to grant or deny my request for a transfer. <u>See</u> BOP program statement 5100.07 (f) (Transfer for Training Purposes or Program Participation), Chapter <u>10</u>, page <u>8</u>.

RCI has an extremely limited amount of vocational opportunities. I have acquired virtually all of the courses that RCI has to offer, with the exception of Wood Shop. <u>See</u> the attached March 12, 2006 Request to Staff and its attachments. <u>See</u> also, RCI-19.001 (v) ("The institution <u>will provide</u> inmates with a **VARIETY** of job/ <u>vocational opportunities</u> that will benefit them and the community.").



The GEO Group, Inc.

## Administrative Remedy

## Step 1 – Response

Date Filed:                                    Remedy ID No.:    06-063

Inmate Name:      Charles E. Forrester, Jr.    Reg #:            09565-007

This is in response to your Step 1 Administrative Remedy dated March 22, 2006 in which you are stating that you are being denied Rivers Correctional Institutions HVAC class.

An investigation revealed that you are not being denied the HVAC but "According to the guidelines set forth from the Workforce and Community Transaction program and the DOC-SEO, eligible participants are: 18-25 years old, high school graduates or GED recipients, within 1-5 years of release from prison, and residents of the District of Columbia. Records show that you do not meet the criteria set forth.

After viewing all available information, there is insufficient information to validate your statement.

If you are not satisfied with this response, you may obtain a Step 2 form you Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response".

4-11-06

Date                                           David Farmer, AW-Programs

Exhibit

Five A



**Correctional Programs**
**Administrative Remedies**

## Rivers Correctional Institution
## Step 1 Administrative Remedy Form
Paso 1Forma De Remedio Administrativo

| | |
|---|---|
| Name: Charles E. Forrester, Jr.<br>Nombre: | Number: 09565-007<br>Numero: |
| Date: March 22, 2006<br>Fecha: | Housing Assignment: C-04<br>Unidad Asignada: |

| For Official Use Only - Para Uso Oficial Solamente | | | |
|---|---|---|---|
| Date Rec'd: | Complaint #: | Staff Assigned: | Date Due: |

### Complaint - Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in through investigation (e.g. dates, names, locations, times, etc....) Attach one (1)additional page if necessary, and the Informal Resolution Form with any other supporting documentation.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc....) Agregue una pagina si es necesario.

Bracey's pejorative Statement minimizes the Chances of my desire for placement in the HVAC Vocational training Course to be rectified at the RCI level. On March 12, 2006, I requested to be placed in the HVAC Course. On March 13, 2006, the academic Counselor denied my request for placement in the HVAC Course. IN rendering a disposition to my March 12, 2006 request to Staff, Leary expressly Stated in pertinent part, that:

"You do not meet the age or residence requirement for HVAC."

**See** the attached informal Complaint and its attachments. To

Inmate Signature                                     Page 1 of 2

deny me the right to participate in the HVAC Course, is unequivocally, an egregious violation of 28 C.F.R. § 541.12 (10)(Inmate rights and responsibilities)("You have the right to participate in education, vocational training..."). I have approximately 143 days of EGT available to me. To deny me the opportunity to acquire the HVAC Course, is equivalent to denying me the right to reduce the duration of my Sentence, via EGT. See Chiefly, 28 C.F.R. § 523.30, and its Concomitant BOP program Statement 5884.02 (Educational Good Time Sentence Credit for D.C. Code Offenders), respectively.

In my quest for additional vocational training such as HVAC, I requested a transfer. My Case manager apprised me that my request for a transfer was allegedly denied by the RCI Staff. Thus, the RCI Staff has circumvented and deprived the BOP officials of their absolute authority to grant or deny my request for a transfer. See BOP program Statement 5100.07 (Transfer). RCI has an extremely limited amount of vocational opportunities. I have acquired virtually all of the courses that RCI has to offer, with the exception of wood Shop. I am not interested in the Suspect wood Shop Course. See RCI-19.001(v)("[RCI] will provide inmates with a VARIETY of job/vocational opportunities that will benefit them and the community.") I am requesting to be transferred to a BOP facility so that I can participate in HVAC. See BOP program Statement 5100.07(f) (Transfer for Training Purposes or Program Participation), Chapter 12, pg. 8.

Page 2 of 2



**The GEO Group, Inc.**

Administrative Remedy

Step 2 – Response

Date Filed:      04-24-2006                    Remedy ID No.:    06-063

Inmate Name:    Charles E. Forrester          Reg #:            09565-007

This is in response to your Step 2 Administrative Remedy dated April 20, 2006 in which you are stating that you are being denied Rivers Correctional Institutions HVAC and the Custodial Maintenance class.

An investigation revealed that you are not being denied the class but based on the criteria set forth for this class you are not in accordance with it. This is a DC funded program and they have set the criteria, but if space is available for others, you can attend with a fee that may include out-of-state tuition and books.

Again, you are stating that you are being denied the Custodial Maintenance class. Based on an Inmate Request to Staff you wrote to our Education Department, it was explained to you that the class is inactive at this time. So therefore, you are not being denied. Once class comes available feel free to enroll. You can receive further information from our Education Department

After viewing all available information, there is insufficient information to validate your statement.

Based on the above information and facts, your request for Step 2 Administrative Remedy is denied. You have exhausted all of your Administrative Remedies at this level.

_5-15-06_
Date

_G. Snyder, Warden_

*Exhibit*

*Five B*

**Correctional Programs**
**Administrative Remedies**

# Rivers Correctional Institution
## Step 2 Administrative Remedy Form
### Paso 1Forma De Remedio Administrativo

| Name: *Charles E. Forrester, Jr.*<br>Nombre: | Number: *09565-007*<br>Numero: |
|---|---|
| Date: *April 20, 2006*<br>Fecha: | Housing Assignment: *C-04  111-L*<br>Unidad Asignada: |

| For Official Use Only - Para Uso Oficial Solamente | | | |
|---|---|---|---|
| Date Rec'd:<br>5/4/06 | Complaint #:<br>06-063 | Staff Assigned:<br>Powell | Date Due:<br>5/11/06 |

## Complaint - Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in through investigation (e.g. dates, names, locations, times, etc....) Attach one (1)additional page if necessary.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc....) Agregue una pagina si es necesario.

The Step 1 response rendered by Farmer is completely contradictory and devoid of merit. First, Farmer goes into this unnecessary song and dance regarding the "Workforce and Community Transaction program, blah blah blah..." In one breath, Farmer states that "you are not being denied the HVAC Class." Then, in the next breath, Farmer states that "... you do not meet the criteria set forth." See the attached April 11, 2006 Step 1 response. Any reasonable mind could discern that Farmer's statement is simply a denial of my right to program, citing the unfair age restriction.

Second, I have been denied placement in the Custodial

Inmate Signature                              Page 1 of 2

maintenance vocational course because it is "inactive at this time." See the attached March 20, 2006 Request to Staff. RCI does not have any available occupational education programs which would allow me the opportunity to obtain marketable skills. See RCI-19.001(V)("[RCI] will provide inmates with a variety of job/vocational opportunities that will benefit them and the community"). Essentially, D. Farmer, Assistant Warden of Programs, has failed his obligation to make sure that RCI has adequate vocational opportunities available to me. Because RCI does not offer a "variety of vocational opportunities" to me, I am being denied the right to participate in vocational training, in violation of 28 C.F.R. §541.12(10)(Inmate rights and responsibilities) ("You have the right to participate in education, vocational training...").

Farmer is failing to observe the fact that I can receive up to 143 days of EGT, which will reduce the duration of my sentence. See the Step 1 Complaint at page 2. At this juncture, RCI's lack of vocational opportunities have placed me into an idle inmate status. RCI's extremely limited amount of vocational opportunities is counter to the vested interest of the community, and a breach of the March 7, 2000 contract. See JIPCc-005, page 5 lines 12-18. Importantly, I am being deprived of the opportunity to produce prospective program completions to the U.S. Parole Commission during my March 2007 re-hearing.

I have requested a program transfer to a BOP facility, which will provide me with the HVAC course, and/or a multitude of vocational opportunities. See Chiefly, 28 C.F.R. §544.50 and BOP program Statement 5100.07(f), Chapter 10, page 8, respectively. RCI has denied my request for a transfer. See the attached Step 1 Complaint at page 2.

**U.S. Department of Justice**

*Federal Bureau of Prisons*

Forrester, Charles
Reg. No.: 09565-007
Unit: C04-111L

## Inmate Request to Staff Response

This is in response to your Inmate Request to Staff dated May 22, 2006. You write concerning vocational opportunities offered at Rivers Correctional Institution.

If you are not satisfied with the response to your Informal Resolution, Step 1 and Step 2, you may submit a Regional Administrative Remedy Appeal (form BP-230). You must attach copies of the responses given to you on the above-mentioned requests. Your unit team can give you a BP-230 and your appeal should be sent to: Administrator, Privatization Management Branch (PMB), 320 First Street N.W., Washington, D.C. 20534.

_____        5/22/06
Thomas R. Christensen                          Date
Senior Secure Institution Manager

Exhibit

Five C

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                     **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) *Thomas R. Christensen, SSIM* | DATE: *May 22, 2006* |
|---|---|
| FROM: *Charles E. Forrester, Jr.* | REGISTER NO.: *09565-007* |
| WORK ASSIGNMENT: *Law Clerk* | UNIT: *C-04* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

*This Complaint is advanced to you pursuant to RCI-12.006, which will initiate my path to the BP-230 and 231, respectively.*

*First, the HVAC Course is offered to a Class of Similarly Situated D.C. Code offenders between the age of 18 through 25. However, a D.C. Code offender such as this writer, that is 26 and older, must pay well over $2,000.00 dollars for the HVAC Course. As you are no doubt aware, D.C. Code offenders housed in a BOP facility are not required to pay for the HVAC Course, nor has the BOP put any age restriction in place. See the attached Step 1 and 2 response. Second, the Warden states that "it was*

(Do not write below this line)     *Page 1 of 2*

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper

explained to you that the [Custodial Maintenance] Class is inactive at this time." <u>See</u> the Step <u>2</u> response. It is interesting to note that after I was informed that the Custodial Maintenance Course was "inactive," the Warden subsequently apprised an inmate that "RCI offers...Custodial Maintenance...". <u>See</u> G. Snyder's March 27, 2006 response.

I have been denied the right to participate in two (2) Vocational Courses. RCI <u>does</u> <u>not</u> have a "variety" of "Vocational Opportunities" to offer me as required under RCI-19.001(v). Thus, because I have been denied the HVAC and Custodial Maintenance Course, I am being denied "<u>the right</u> to participate in education, [and] Vocational training..." 28 C.F.R. § 541.12(10)(Inmate rights and responsibilities). To deny me the right to participate in Vocational training is to serverally undermine my prospects of reintegration and rehabili- tation. <u>See</u> 28 C.F.R. § 541.12(10). Sound Correctional practice recognizes that inmates who are allowed to participate in Vocational training present less of a management problem than inmates who do not participate in Vocational training.

RCI does not have any <u>**marketable vocational opportunities**</u> to offer me. I want the same marketable vocational opportunities offered to to me as they are offered to similarly situated D.C. Code offenders housed in the BOP facilities. <u>See</u> 28 C.F.R. § 544.50. The BOP is "respon- sible for [my]...education...and training..." <u>See Chiefly</u>, D.C. Code § 24-101 (2001). At this juncture, the BOP is violating their <u>mandatory</u>, nondiscretionary duty to make sure that I receive Vocational training. Thus, I am seeking the same Vocational training programs from the BOP as similarly situated D.C. Code offenders receive in the BOP facilities. <u>See</u> 28 C.F.R. § 544.50, and attachment one, respectively.

Regional Administrative Remedy Appeal 415829-R1
Part B Response

This is in response to your appeal of the Warden's response in
which you request a transfer to a Bureau facility for
participation in vocational training programs. You claim you
have requested access to these programs, specifically Custodial
Maintenance and HVAC, to assist with your rehabilitation and
staff have not appropriately handled your request.

In accordance with PS 5100.07, <u>Security Designation and Custody
Classification</u>, decisions regarding transfers are ordinarily left
to the discretion of the Warden. The Warden has adequately
addressed your concerns, and you have presented no new
information to challenge his decision, therefore, your appeal is
denied.

If you are dissatisfied with this response, you may appeal to the
Office of General Counsel, Federal Bureau of Prisons, 320 First
Street, N.W., Washington, DC 20534. Your appeal must be received
in the Office of General Counsel within 30 calendar days from the
date of this response.

_7. 18. 06_
Date

James D. Burrell, Administrator
Privatization Management Branch

*Exhibit*

*Five D*

**Regional Administrati~ Remedy Appeal**

...ments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted

From: _Charles E._ _____ _09565-007_ ___ _C-04_ ___ _Rivers Corr. Inst._
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT            INSTITUTION

APPEAL This BP-230 is advanced to this office via Certified mail No. 0000 2814 2902. The SSIM, Thomas R. Christensen failed to address the issue raised dated May 22, 2006, I am compelled to raise the issue at this level. In addition, to recognize my **Strong desire** to Continue to program, which is undoubtedly Current D.C. Parole Laws. **See** the attachments.

HVAC course is offered to a Class of D.C. Code offenders between the age of 18 ... However, the HVAC Course **is not** offered to Similarly Situated D.C. Code offenders ...sed at this facility that are over the age of **26**, unless the requisite fee of ... 00 dollars is paid. My current age is **44**. As this office is no doubt ... D.C. code offenders housed in a BOP facility **are not** required to pay for the HVAC **course**, ... BOP put any **age** restriction in place. **See** the attached **Step 1** and **2** re-... their attachments, respectively. Second, the warden states that "it was ... you that the [**custodial Maintenance**] Class is inactive at this time." **See** ...tep 2 response. It is interesting to note that I was informed that the ...ivanno course was "inactive," the warden subsequently ~~was indeed~~

_Charles E. Forrester_ ~~C.~~
SIGNATURE OF REQUESTER

**PAGE 1 of 2**

**REGIONAL DIRECTOR**

... you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar

TO INMATE

CASE NUMBER: **415829-R1**

CASE NUMBER: _____

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT            INSTITUTION

DATE ___    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

apprised an inmate that "RCI offers... Custodial Maintenance...".
See G. Snyder's March 27, 2006 response.

I have been denied the right to participate in two (2) vocational Courses, RCI does not have a "variety" of "vocational opportunities" to offer me as required under RCI-25.001 (Comprehensive Educational). Thus, because I have been denied the HVAC and Custodial Maintenance Course, I am being denied "the right to participate in education, [and] vocational training..." 28 C.F.R. § 541.12 (10) (Inmate rights and responsibilities). To deny me the right to participate in vocational training is to serverally undermine my prospects of reintegration and rehabilitation. See Chiefly 28 C.F.R. 541.12 (10). Sound correctional practice recognizes that inmates who are allowed to participate in vocational training present less of a management problem than inmates who do not participate in vocational training.

RCI does not have any marketable vocational opportunities to offer me. I want the same marketable vocational opportunities offered to me as they are offered to similarly situated D.C. Code of- fenders housed in the BOP facilities. See 28 C.F.R. § 544.50. The BOP is "responsible for [my]... education... and training..." See Chiefly, D.C. Code § 24-101(b)(2001). At this juncture, the BOP is violating their mandatory, nondiscretionary duty to ensure that I receive vocational training. Thus, I am seeking the same vocational training programs from the BOP as similarly situated D.C. Code offenders receive in the BOP facilities. See 28 C.F.R. § 544.50. Importantly, I am scheduled to receive my parole rehearing in March 2007. It is imperative that I acquire program completions to produce to the Parole Commission to establish that I am trying to rehabilitate myself. See Chiefly, 28 C.F.R. § 2.80(a)(Program achievement).

To reiterate, D.C. Parole laws promote rehabilitation. See D.C. Code § 24-401.01 et seq. At this juncture, I am not being offered any marketable vocational opportunities, which means that I cannot acquire Educational Good Time. See D.C. Code § 24-221.01. Thus, I am requesting that the programs deficiencies at this facility be rectified or, have me transferred to a BOP facility where I can exercise my right to acquire marketable vocational opportunities like the similarly situated D.C. Code offenders housed in the BOP facilities. See Chiefly, 28 C.F.R. § 541.12(a)(Inmate rights and responsibi- ties).

Charles E. Forrester, Jr.
Fed. Reg. No.: 09565-007
Rivers Correctional Institution
Post Office Box 630
Winton North Carolina 27986

September 18, 2006

**VIA CERTIFIED MAIL NO:**
7002 3150 0004 2813 6925

Office Of The General Counsel
Federal Bureau Of Prisons
320 First Street N.W.
Washington DC 20534

**Re:** Request for a response to the pending BP-231
     28 C.F.R. § 542.18(Response time)

Dear General Counsel:

     On July 27, 2006, I sent a BP 231 to your office for con-
sideration, via certified mail no: 7002 3150 0004 2813 6864. The
BP-231 was delivered    to your office on August 1, 2006. See the
attached U.S. Postal Service Track & Confirm.

     According to 28 C.F.R. § 542.18, a response to my BP-231 was
required "within 40 calendar days ". See id. Thus, a response to
my BP-231 was due on or about September 10, 2006. As of today, I
decalare that I have not received a response to my BP-231, which
was dated July 27, 2006.

     At this juncture, I declare that I have not received the re-
quisite notice suggesting that your office has extended the al-
loted 40-day response time by "20 days ". See 28 C.F.R. § 542.18.
Therefore, if I do not receive a response to my BP-231 by Sep-
tember 30, 2006, I will be compelled to "...consider the absence
of a response to be a denial at [this] level". See 28 C.F.R.
§ 542. 18.

     I trust that the General Counsel will comply with the req-

Page 1 of 2

*Exhibit*

*Five E*

uirements of 28 C.F.R. § 542. 18(2004), and respond to my BP-231 by **September 30, 2006.**

Thank you for your cooperation in this matter.

/s/ *[signature]*

Charles E. Forrester, Jr.

I declare under the penalty of perjury that the foregoing is **true** and **correct**, to the best of my knowledge, information, and belief. <u>See</u> Title 28 U.S.C. § 1746(1994).

Executed on: <u>9/18</u>/2006     /s/ *[signature]*

Charles E. Forrester, Jr.

7002 3150 0004 2813 6925



**UNITED STATES POSTAL SERVICE®**

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7002 3150 0004 2813 6864**
Status: **Delivered**

Your item was delivered at 7:44 am on August 01, 2006 in WASHINGTON, DC 20534.

( Additional Details > )   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

---

POSTAL INSPECTORS    site map    contact us    government services    jobs    **National & Premier Accounts**
Preserving the Trust    Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy




**UNITED STATES**
**POSTAL SERVICE®**

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7002 3150 0004 2813 6925**
Status: **Delivered**

Your item was delivered at 11:00 am on September 22, 2006 in
WASHINGTON, DC 20534.

( Additional Details > )   ( Return to USPS.com Home > )

### Track & Confirm

Enter Label/Receipt Number.

## Notification Options

### Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.   ( Go > )

---

POSTAL INSPECTORS       site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust        Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy



Department of Justice

Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: FORRESTER, Charles E.       09565009       C-04       Rivers Cor. Inst.
  LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL  This BP-231 is advanced to you via Certified mail No: 7002 3150 0004 2813 6864. The response rendered by the Administrator evades my issue and it is an absolute misrepresentation of the issue that I presented within my BP-230. I am being denied the right to participate in education and vocational training. This is the actual issue presented. See the attached BP-230 and its attachments.

I have been incarcerated since April 20, 1993. Currently, I have a projected release date of March 5, 2011. On March 12, 2006, I requested the HVAC course. The education department has advised me that I " do not meet the age or residence require-ment". On March 20, 2006, I requested Custodial Maintenance. The education department has informed me that "Custodial maintenance is inactive at this time". See the attached BP-230 and its attachments. At this juncture, I am

7-27-06
  DATE       PAGE 1 of 2        Charles E. Forrester
                        SIGNATURE OF REQUESTER

Part B - RESPONSE

_____
  DATE                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

Part C - RECEIPT

                        CASE NUMBER: _____

Return to:
  LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT:

_____
  DATE          PRINTED ON RECYCLED PAPER   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
                                 7002 3150 0004 2813 6864

BP-231(13)
JUNE 2002

diligently trying to acquire additional programs. However, RCI is currently blocking my regulatory responsibility of taking advantage of the __Would-be__ programs that RCI should be offering. "You have the responsibility to take advantage of activities which may help you live a Successful and law-abiding life within the institution and in the Community." 28 C.F.R. § 541.12(10)(Inmate rights and responsibilities).

I have been denied __the right__ to participate in two(2) vocational courses. RCI __does not__ have a "Variety" of "Vocational opportunities" to offer me as required under RCI policy 25.001(Comprehensive Educational). Thus, because I have been denied "__the right__ to participate in education, [and] vocational training..." 28 C.F.R. § 541.12(10)(Inmate rights and responsibilities). To deny me the right to participate in Vocational training is to severely undermine my prospects of reintegration and rehabilitation. __See Chiefly__, 28 C.F.R. § 541.12(10). Sound Correctional practice recognizes that inmates who are allowed to participate in Vocational training present less of a management problem than inmates who do not participate in Vocational training.

RCI does not have any __marketable Vocational opportunities__ to offer me. I want the same marketable vocational opportunities offered to me as they are offered to __similarly situated__ D.C. Code offenders housed in the BOP facilities. __See__ 28 C.F.R. § 544.50. The BOP is "responsible for [my]...education...and training...". __See Chiefly__, D.C. Code § 24-101(b)(2001). At this juncture, the BOP is Violating their __mandatory__, nondiscretionary duty to ensure that I receive Vocational training. Thus, I am seeking the same vocational training programs from the BOP as similarly situated D.C. Code offenders receive in the BOP facilities. __See__ 28 C.F.R. § 544.50. I am scheduled to receive my parole rehearing in March 2009. It is imperative that I acquire program completions to produce to the Parole Commission to establish that I am trying to rehabilitate myself. __See__ 28 C.F.R. § 2.80(e)(Program achievement).

Because there are no __marketable programs__ at RCI, what do you suggest that I do?? I am simply requesting Vocational program (marketable) __opportunities__, because at this time, I am doing idle time. __See Supra__ D.C. Code § 24-101(b) and 28 C.F.R. § 541.12(10), respectively.

Charles E. Forrester, Jr.
Fed. Reg. No. 09565-007
Rivers Correctional Institution
Post Office Box 630
Winton  NC  27986-0630


September 1, 2006


Harley Lappin, Director
FBOP                                    **VIA CERTIFIED MAIL NO.:**
320 First Street, N.W.                  **7002 3150 0004 2813 6949**
Washington  DC  20534


Dear Mr. Lappin:

     This letter is advanced to you with a prayer that my concerns,
as outlined below, will not fall upon deaf ears.  In addition, this
letter will serve as a notice to you that I intend on seeking a
judicial review of this issue, if you are not able to rectify the
problem which I present below.


     On September 12, 2002, I arrived here at Rivers Correctional
Institution, in accordance with the contractual agreement of March
7, 2000, between the Federal Bureau of Prisons ("BOP") and the Wac-
kenhut Corrections Corporation (now The GEO Group, Inc.) to house
this writer, along with similarly situated D.C. Code offenders.
See D.C. Code § 24-101(b) (2001).  Subsequent to my arrival at this
institution (Rivers Correctional Institution, hereinafter referred
to as "RCI"), I completed virtually every educational and/or voca-
tional program that RCI has to offer me.  See attachment one, Educa-
tion Data.


     On March 12, 2006, I requested the HVAC course.  The education
department advised me that I "do not meet the age or residence re-
quirement."  See attachment two, March 12, 2006 Request To Staff.


06 1954 **FILED**                        *Exhibit*

**NOV 1 5 2006**                          *Six*

**NANCY MAYER WHITTINGTON, CLERK**

On March 20, 2006, I requested the Custodial Maintenance course. The education department informed me that "custodial maintenance is inactive at this time". See attachment three, March 20, 2006 request to Staff. At this juncture, I am diligently trying to acquire **marketable vocational programs**, which could possibly reduce the duration of my sentence imposed. Thus, I have a substantial interest in acquiring vocational programs. See chiefly, D.C. Code § 24-221.01 (Educational Good Time); and 28 C.F.R. § 544.50 (Occupational Education Programs). See also, attachment four, Good Time Data.

I have been denied **the right** to participate in two (2) vocational courses that are offered to other inmates here. At this juncture, because I have been denied the HVAC and Custodial Maintenance course(s), I am being denied "**the right** to participate in education [and] vocational training...". 28 C.F.R. § 541.12(10) (Inmate rights and responsibilities).

RCI does not have any **marketable vocational opportunities** to offer me. Based on the fact that RCI does not have any programs to offer me, the RCI staff attempted to have me transferred for "programs participation". See attachment five, EMS-409 Request For Transfer. The transfer request was denied for "population pressures". My issue was presented to the on-site BOP staff, which fell on deaf ears. See attachment six, June 21, 2006 Request To Staff, and the June 27, 2006 Staff Response. Currently, I have a projected release date for March 5, 2011. See attachment seven, computation data. With respect to marketable vocational opportunities, what do you suggest that I do to acquire the additional programs? The BOP is "responsible for [my]...education...and training...". D.C. Code § 24-101(b) (2001). Be advised that I have exhausted all of the administrative remedies available to me at RCI regarding my concerns. In fact, my BP-231 (Central Office Administrative Remedy Appeal) is pending in your office. See case number: 415829-[ ].

- 2 -

Sir, I am simply requesting that you assist me in my quest for **marketable vocational opportunities**, because at this time, I am doing idle time. See D.C. Code § 24-101(b), 28 C.F.R. §§ 541.12 (10), and 544.50. Undoubtedly, I am diligently displaying an extremely strong desire to acquire additional programs. The District of Columbia laws promote rehabilitation. See BOP program statement 5880.32, Chapter 12. In fact, as you are fully aware, society has a **vested interest** in this writer and "similarly situated D.C. Code offenders" being rehabilitated. Notably, I have a regulatory **responsibility** to acquire programs. See 28 C.F.R. § 541.12(10). To reiterate, there are **no** marketable vocational opportunities available to me at RCI. I am requesting that you have the current program deficiencies at RCI rectified, or in the alternative, have me placed in a BOP facility where I can continue to program through March 5, 2011. See chiefly, D.C. Code § 24-101(b), and 28 C.F.R. § 541.12 (10). In addition, see attachment six. I trust that you will respond to this letter in the near future.

Thank you for your cooperation in this matter.

(s/ _____

Charles E. Forrester, Jr.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. See Title 28 U.S.C. § 1746.

Executed on: **9** / **1** /2006    /s/ _____

Charles E. Forrester, Jr.

cc: Scott P. Stermer, Contracting Officer

- 3 -

7002 3150 0004 2813 6949



**UNITED STATES POSTAL SERVICE®**

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7002 3150 0004 2813 6949**
Status: **Delivered**

Your item was delivered at 7:16 am on September 12, 2006 in
WASHINGTON, DC 20534.

( Additional Details > )    ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.    ( Go > )

---

POSTAL INSPECTORS       site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust              Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Charles Forrester #09565-007

| | |
|---|---|
| Postage | $ 1.11 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.51 |

Postmark Here  WINTON, N.C. SEP 1 2006 USPS

Sent To Harley Lappin, Director, FBOP
Street, Apt. No.; or PO Box No. 320 First St., N.W.
City, State, ZIP+4 Wash. D.C. 20534

PS Form 3800, June 2002            See Reverse for Instructions

```
                                      INMATE EDUCATION DATA                    05-26-2006
PAGE 001 OF 001                          TRANSCRIPT                            09:56:11

REGISTER NO: 19547-007        NAME..: FORRESTER                      FUNC: PRT
FORMAT.....: TRANSCRIPT        RSP OF: RIV-RIVERS CI

--------------------------- EDUCATION INFORMATION ---------------------------

FACL ASSIGNMENT DESCRIPTION                          START DATE TIME STOP DATE TIME
RIV  ESL HAS     REGULAR PROFICIENT                  09-17-2002 1235 CURRENT
RIV  GED HAS     COMPLETED GED OR HS DIPLOMA         09-17-2002 1300 CURRENT

--------------------------- EDUCATION COURSES ---------------------------

SUB-FACL   DESCRIPTION                      START DATE   STOP DATE EVNT SCT LV  HRS

RIV        ADULT CONT EDU CORRESPONDENCE    09-01-2005 04-05-2006  P   W  P    1

RIV        PARENTING PROGRAM                11-06-2002 11-27-2002  P   W  P    42

RIV        ADULT CONT EDU CORRESPONDENCE    01-11-2006 06-23-2006  P   W  P    24

PTT        COMPUTER TECHNOLOGY PM8          05-02-2003 08-22-2003  P   W  N    11

RIV        COMPUTER TECHNOLOGY PM8          12-26-2002 04-28-2003  P   W  P    49

RIV        LIFE SKILLS PM 5                 11-07-2002 12-24-2002  P   W  P    29

RIV        COMMERCIAL DRIVER PREP COURSE    09-26-2002 11-01-2002  P   W  P    71
```

BP-S148.055  **INMATE REQUEST TO STAFF**
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Mr. Leary, Education Department | March 12, 2006 |
| FROM: Mr. Charles E. Forrester, Jr. | REGISTER NO.: 09565-007 |
| WORK ASSIGNMENT: Law Clerk | UNIT: C-04     111-L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I have completed virtually all of the programs that RCI has
to offer me. See the attached Inmate Education Data ("IED")
The IED depicts that I have completed at least one (1) stage
of "Vocational Computer Technology". I am not interested in any
additional Computer Courses. I am not interested in the wood
Shop Course. I am interested in **HVAC**, Only! I am requesting
that you place me in the HVAC Course. If HVAC is not
available, then please provide me with a listing of the
variety of Vocational opportunities that RCI has to offer
me.

Thank you

_____(Do not write below this line)_____

DISPOSITION:

You do not meet the age or residence
requirement for HVAC. If you need to
speak with me show this request to the
education officer.

| Signature Staff Member | Date 3/13/06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**ATTACHMENT TWO**

Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Mr. Lowry, Academic Counselor | 3-20-06 |
| FROM: Charles E. Forrester, Jr. | REGISTER NO.: 092?5-007 |
| WORK ASSIGNMENT: Law Clerk | UNIT: C-04 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

IN Scrutinizing the limited Vocational opportunities
that are depicted on the GEO Education Department
Sheet that you provided to me, I discovered
Custodial Maintenance. I am interested in the
Custodial Maintenance Vocational Course.

I am requesting that you place me in the noted
Course as soon as possible.

                                    Thank you

                                    Charles E. F.

(Do not write below this line)

DISPOSITION:

Custodial Maintenance is inactive at
this time.

Signature Staff Member                    Date 3/20/06

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**ATTACHMENT THREE**


Printed on Recycled Paper

```
   RIVA0   542*22 *          SENTENCE MONITORING        *      05-19-2006
  PAGE 001         *           GOOD TIME DATA           *      10:01:04
                              AS OF  05-19-2006
```

REGNO...: 09565-007    NAME: FORRESTER, CHARLES
ARS 1...: RIV A-DES
COMPUTATION NUMBER..: 010
LAST UPDATED: DATE.: 05-16-2006        FUNC..: PRT   ACT DT:
UNIT................: C                FACL..: DSC   CALC: AUTOMATIC
DATE COMP BEGINS...: 03-02-1994        QUARTERS...........: C04-111L
TOTAL JAIL CREDIT..: 316               COMP STATUS........: COMPLETE
STATUTORY REL DT...: 06-11-2013 TUE    TOTAL INOP TIME....: 0
CURRENT REL DT.....: 12-17-2011 SAT    EXPIRES FULL TERM DT: 04-20-2023
PROJ SATISFACT DT..: 03-05-2011 SAT
ACTUAL SATISFACT DT.:                  PROJ SATISF METHOD..: MAND PAR
FINAL STAT GOOD TIME:                  ACTUAL SATISF METHOD:
DAYS REMAINING......:                  FINAL EXTR GOOD TIME:
                                       FINAL PUBLC LAW DAYS:
```

---------------------EXTRA GOOD TIME EARNINGS--------------------------------

```
    INST     TYPE       DATE IN      DATE OUT       PRI/SEN IND
    RIV      MGT        06-01-2003
```

     EGT EARNED................................:         156 DAYS

BREAK OVER DATE................................:         05-31-2004

----------EXTRA GOOD TIME LUMP SUM AWARDS AND ADJUSTMENTS----------------

```
    INST     TYPE      LSA/ADJ DATE    AMOUNT        PRI/SEN IND
    RIV      LSA       01-07-2004     30 DAYS
    RIV      LSA       08-12-2004     15 DAYS
    RIV      LSA       09-30-2004     30 DAYS
    RIV      LSA       11-30-2004     15 DAYS
    RIV      LSA       12-07-2004     15 DAYS
    RIV      LSA       01-06-2005     20 DAYS
    RIV      LSA       02-25-2005     15 DAYS
```

     EGT AWARDED/ADJUSTED..................:         140 DAYS

-------------EXTRA GOOD TIME DC EDUCATION CREDIT AWARDS-------------------

| INST | PGM | ENROLLED | COMPLETED | INELIGIBLE | ELIGIBLE | MAX INCIDENTS | AWARD |
|------|-----|----------|-----------|------------|----------|---------------|-------|
| LTN | DOC | | 05-26-1994 | | | | 3 |
| LTN | DOC | | 12-01-1994 | | | | 3 |
| LTN | DOC | | 12-06-1994 | | | | 9 |
| LTN | DOC | | 04-01-1995 | | | | 3 |
| LTN | DOC | | 04-24-1995 | | | | 9 |
| LTN | DOC | | 05-01-1995 | | | | 3 |
| LTN | DOC | | 12-01-1995 | | | | 6 |
| LTN | DOC | | 10-25-1996 | | | | 3 |
| LTN | DOC | | 01-03-1997 | | | | 6 |
| LTN | DOC | | 03-07-1997 | | | | 6 |

G0002       MORE PAGES TO FOLLOW . . .

**ATTACHMENT FOUR**

```
   RIVA0   542*22 *            SENTENCE MONITORING              *      05-19-2006
PAGE 002 OF 002 *               GOOD TIME DATA                 *      10:01:04
                              AS OF   05-19-2006

REGNO...: 09565-007    NAME: FORRESTER, CHARLES
ARS 1...: RIV A-DES
COMPUTATION NUMBER..: 010              FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 05-16-2006      FACL..: DSC      CALC: AUTOMATIC

   LTN   DOC                05-09-1997                                    6
   LTN   DOC                05-28-1997                                    34
   LTN   DOC                07-04-1997                                    6
   LTN   DOC                10-01-1998                                    48
   LTN   DOC                12-22-1998                                    11
   RIV   ONA  12-26-2002  08-22-2003            9      7                  35
   RIV   ONA  01-11-2005  06-23-2005            6      7                  30
   RIV   ONA  09-01-2005  04-05-2006            8      7                  25*

        DC EDUCATION CREDITS..................:              246 DAYS

                                                          -------------
        TOTAL EGT............................:              542 DAYS
```

--------STATUTORY GOOD TIME FORFEITURES, WITHHOLDINGS, RESTORATIONS--------

| INFRACTION DATE | NO | DECISION DATE | ACTION TYPE | AMOUNT | INFR /RSN | SEVERITY FOR ADJ | FREQ |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |

        NET SGT FORFEITURES, WITHHOLDINGS, RESTORATIONS:         0 DAYS

G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

EMS-409.051 **REQUEST FOR TRANSFER/APPLICATION OF MANAGEMENT VARIABLE** CDFRM
DEC 99
**U.S. DEPARTMENT OF JUSTICE**

FEDERAL BUREAU OF PRISON

| FROM:<br><br>GEORGE E. SNYDER, WARDEN | FACILITY:<br><br>RIVERS CORRECTIONAL INSTITUTION (RCI) | DATE:<br><br>03-24-2006 |
|---|---|---|
| INMATE'S NAME:<br><br>FORRESTER, CHARLES | REGISTER NO.:<br><br>09565-007 | |
| TO: KIM WHITE, REGIONAL DIRECTOR | ATTN:  REGIONAL DESIGNATOR | |

__XXX__ TRANSFER TO: FCC COPELAND, COLEMAN, FLORIDA  PROGRAMS PARTICIPATION (324)

____ APPLY MANAGEMENT VARIABLE(S) _____

____ UPDATE MANAGEMENT VARIABLE EXPIRATION DATE.  (NEW DATE): _____

1.  INMATE'S MEDICAL STATUS: CLEARED FOR REGULAR DUTY WITH THE MEDICAL RESTRICTION OF SPECIAL DIET.

2.  INSTITUTION ADJUSTMENT (INCLUDE A BRIEF DESCRIPTION OF THE INMATE'S ADJUSTMENT DURING THIS PERIOD OF INCARCERATION WITH EMPHASIS ON RECENT ADJUSTMENT.):  N/A

<div align="center">DISCIPLINARY RECORD</div>

| 3.  DATE<br>N/A | CODE/OFFENSE<br>N/A | UDC/DHO DISPOSITION<br>N/A |
|---|---|---|

4.  RATIONALE FOR REFERRAL.  (FOR MARIEL CUBAN DETAINEES, INCLUDE AVAILABILITY OF COMMUNITY RESOURCES AND STATUS OF INS REVIEW PROCESS IN THIS SECTION.):

INMATE FORRESTER ARRIVED AT RCI ON 09-12-2002 AS A LOW SECURITY INMATE WITH "IN" CUSTODY. HIS PROJECTED RELEASE DATE IS  03-26-2011, VIA  MANDATORY PAROLE. HE HAS APPROXIMATELY 5 YEARS REMAINING TO SERVE. HE IS SERVING THIRTY YEARS WITH TEN YEAR MINIMUM TERM FOR ASSAULT W/I TO KILL, MALICIOUS DISFIGUREMENT, ARSON, DESTROYING PROPERTY.   INMATE FORRESTER HAS FOLLOWED ALL OF THE UNIT TEAM'S RECOMMENDATIONS AND HE HAS COMPLIED WITH INSTITUTION'S RULES AND REGULATIONS. FCC COPELAND, FLORIDA, HAS BEEN CONTACTED REGARDING THE BUSINESS ADMINISTRATION, DENTAL ASSISTANT, AND HEATING VENTILATION AND AIR CONDITION COURSES HAVE A TWO-YEAR WAITING LIST AND A TWO-YEAR COMPLETION FOR AN A.A. DEGREE. THESE COURSES REQUIRE A GED OR HIGH SCHOOL DIPLOMA. INMATE FORRESTER PROGRAM ACHIEVEMENTS WHILE INCARCERATED HAVE BEEN EXEMPLARY.   HE HAS COMPLETED THE FINANCIAL RESPONSIBILITY PROGRAM AND DEMONSTRATED GOOD INSTITUTIONAL ADJUSTMENT. BASED ON THE ABOVE, THE UNIT TEAM IS REQUESTING THAT INMATE FORRESTER BE TRANSFERRED TO ANY APPRENTICESHIP PROGRAMS IN BUSINESS, CULINARY, HEATING VENTILATION AND AIR CONDITION FOR PROGRAM PARTICIPATION.

| 5A.   PAROLE HEARING SCHEDULED: XX  YES<br>____ NO | B.   IF YES, WHEN 03-2007 /STATUTORY INTERIM HEARING |
|---|---|

6.  NOTE ANY PAST OR PRESENT BEHAVIOR AND/OR MANAGEMENT/INMATE CONCERNS. N/A

STAFF HAVE CHECKED THE FOLLOWING SENTRY PROGRAMS TO ENSURE THAT THEY ARE CORRECT AND CURRENT:

    INMATE PROFILE
    INMATE LOAD DATA
    SENTENCE COMPUTATION

    CIM CLEARANCE AND SEPARATEE DATA
    CUSTODY CLASSIFICATION FORM
    CHRONOLOGICAL DISCIPLINARY RECORD

PREPARED BY: O. Davis/CASE MANAGER

UNIT MANAGER: K.S. Powell

IF THE TRANSFER IS APPROVED, A PROGRESS REPORT WILL BE COMPLETED PRIOR TO TRANSFER.
*FOR MARIEL CUBAN DETAINEES - STAFF HAVE ENTERED THE CMA ASSIGNMENT OF "CRP RV DT" TO INDICATE THE NEED FOR A CUBAN REVIEW PANEL HEARING FOUR MONTHS FROM HIS/HER ROLL-OVER DATE.
(THIS FORM MAY BE REPLICATED VIA WP)                THIS FORM REPLACES EMS-409 OF AUG 99

<div align="center">**ATTACHMENT FIVE**</div>

BP-A148.070
SEP 98

**INMATE REQUEST TO STAFF MEMBER**

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| B. Davis, on-site BOP representative | June 21, 2006 |
| FROM: | REGISTER NO. : |
| Charles E. Forrester, Jr. | 09565-007 |
| WORK ASSIGNMENT: | UNIT: |
| law library clerk | C4 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Per our conversation today, I am advancing to you my issues regarding transfer, and custody and classification. As the on-site Bureau of Prisons' ("BOP") representative, I am hereby requesting that you scrutinize my issues outlined below.

I have been incarcerated since April 20, 1993. Currently, I have a pro-jected release date of March 5, 2011. Throughout my incarceration, I have established an impeccable history of programming. See attachment one, Good Time Data, and attachment two, RCI's Education data. On March 12, 2006, I requested the HVAC course. The education department has advised me that I "do not meet the age or residence requirement". See attachment

((continued on attached page))
(Do not write below this line)

DISPOSITION:

| Signature Staff Member: | Date: |
|---|---|
| | |

Record Copy  - File; Copy - Inmate

Replaces BP-148 of OCT 86

**ATTACHMENT SIX**

((continued from previous page))

three, March 12, 2006 Request To Staff.  On March 20, 2006, I re-
quested Custodial Maintenance.  The education department has informed
me that "custodial maintenance is inactive at this time".  (See at-
tachment four, March 20, 2006 Request to Staff.)  At this juncture,
I am diligently trying to acquire additional programs.  However,
RCI is currently blocking my regulatory responsibility of taking
advantage of the would-be programs that RCI  should be offering.
"You have the responsibility to take advantage of activities which
may help you live a successful and law-abiding life within the insti-
tution and in the community."  28 C.F.R. § 541.12(10) (Inmate rights
and responsibilities).

I have been denied the right to participate in two (2) vocational
courses.  RCI does not have a "variety" of "vocational opportunities"
to offer me as required under RCI policy 25.001 (Comprehensive Educa-
tional).  Thus, because I have been denied the HVAC and Custodial
Maintenance courses, I am being denied "the right to participate in
education, [and] vocational training...".  28 C.F.R. § 541.12(10)
(Inmate rights and responsibilities).  To deny me the right to parti-
cipate in vocational training is to severely undermine my prospects
of reintegration and rehabilitation.  See chiefly 28 C.F.R. § 541.12
(10).  Sound correctional practice recognizes that inmates who are
allowed to participate in vocational training present less of a manage-
ment problem than inmates who do not participate in vocational training.

RCI does not have any **marketable vocational opportunities** to offer
me.  I want the same marketable vocational opportunities offered to
me as they are offered to similarly situated D.C. Code offenders housed
in the BOP facilities.  See 28 C.F.R. § 544.50.  The BOP is "respon-
sible for [my]...education...and training...".  See chiefly, D.C. Code
§ 24-101(b) (2001).  At this juncture, the BOP is violating their
mandatory, nondiscretionary duty to ensure that I receive vocational

((continued on the following page))

((continued from previous page))

training.  Thus, I am seeking the same vocational training programs from the BOP as similarly situated D.C. Code offenders receive in the BOP facilities.  See 28 C.F.R. § 544.50.  Importantly, I am scheduled to receive my parole hearing in March 2007.  It is imperative that I acquire program completions to produce to the Parole Commission to establish that I am trying to rehabilitate myself.  See chiefly, 28 C.F.R. 2.80(e) (Program achievement).

In addition, I have requested that my unit team submit a re-quest to the BOP to waive my public safety factor.  My security level is zero (0).  See attachment five, Custody Classification forms.  The RCI staff have provided me with song and dance insofar as to why the BOP will supposedly not waive my public safety factor.  Thus, I have been compelled to initiate a complaint on this issue.  See attachment six, and its attachments.

Why should I have to beg for programs?!  My public safety fac-tor should be waived, which will give me the opportunity to go to a camp.  In addition, a transfer will help to reintegrate me into society.  See attachment seven, March 7, 2000 original contract, page 5, lines 12-18.  BOP on-site representative, if there are no marketable programs, here, what do you suggest that I do??  I am simply requesting that you assist me in my quest for vocational program opportunities, because at this time, I am doing idle time.

**U.S. Department of Justice**

*Federal Bureau of Prisons*

Forrester, Charles
Reg. No.: 09565-007
Unit: C04/111L

## Inmate Request to Staff Response

This is in response to your Inmate request to staff addressed to FBOP staff member Mr. Davis dated 6-21-06 asking for assistance concerning a request for transfer, custody and classification.

The FBOP's research on this request disclosed that on 5-1-06 your request for transfer was denied due to population pressures. As for your custody and classification, you are encouraged to address this issue with Geo staff. In addition, our research indicates that your concerns raised about vocational programming have been addressed by Geo staff on 4-11-06 and 5-15-06.

If you are not satisfied with your request for transfer being denied, you may submit a Regional Administrative Remedy Appeal ( form BP-230) which you may obtain from your unit team. Your appeal should be addressed to: Administrator, Privatization Management Branch (PMB), 320 First Street, N.W., Washington, D.C. 20534.

Thomas R. Christensen                    Date  6/27/06
Senior Secure Institution Manager

```
  RIVA0  540*23 *              SENTENCE MONITORING              *     05-19-2006
PAGE 001            *            COMPUTATION DATA               *     10:01:22
                                 AS OF 05-19-2006

REGNO..: 09565-007 NAME: FORRESTER, CHARLES


FBI NO...........: 520350W6          DATE OF BIRTH: 08-24-1961
ARS1.............: RIV/A-DES
UNIT.............: C                 QUARTERS.....: C04-111L
DETAINERS........: NO                NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 09-05-2010

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-05-2011 VIA MAND PAR

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------


COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F3851-92
JUDGE...........................: RANKIN
DATE SENTENCED/PROBATION IMPOSED: 03-02-1994
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 04-06-2000
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 ---------------------------

OFFENSE CODE....:  602
OFF/CHG: 22-501 ASSAULT W/I TO KILL CT.E
         22-506 MALICIOUS DISFIGUREMENT CT.F
         22-401 ARSON CTS.H,J (CC TO EACH OTHER)
         22-403 DESTROYING PROPERTY CTS.G,I (CC TO EACH OTHER)

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:     30 YEARS
 MINIMUM TERM...................:     10 YEARS
 DATE OF OFFENSE................: 07-08-1991




G0002       MORE PAGES TO FOLLOW . . .
```

**ATTACHMENT SEVEN**

```
   RIVA0  540*23 *          SENTENCE MONITORING          *      05-19-2006
PAGE 002 OF 002 *            COMPUTATION DATA            *      10:01:22
                             AS OF 05-19-2006
```

REGNO..: 09565-007 NAME: FORRESTER, CHARLES


------------------------CURRENT COMPUTATION NO: 010 ------------------------


COMPUTATION 010 WAS LAST UPDATED ON 05-16-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-17-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 03-02-1994
TOTAL TERM IN EFFECT............:    30 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    30 YEARS
EARLIEST DATE OF OFFENSE........: 07-08-1991

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     04-20-1993     03-01-1994

TOTAL JAIL CREDIT TIME..........: 316
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 3600
PAROLE ELIGIBILITY..............: 05-05-1999
STATUTORY RELEASE DATE..........: 06-11-2013
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 04-20-2023

NEXT PAROLE HEARING DATE........: 03-00-2007
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

PROJECTED SATISFACTION DATE.....: 03-05-2011
PROJECTED SATISFACTION METHOD...: MAND PAR

REMARKS.......: COMP RE-CERTIFIED BY DC RECORDS CENTER ON 06-14-05




G0000       TRANSACTION SUCCESSFULLY COMPLETED

Charles E. Forrester, Jr.
Fed. Reg. No. 09565-007
Rivers Correctional Institution
Post Office Box 630
Winton  NC  27986-0630


September 1, 2006


Scott P. Stermer, Contracting Officer
FBOP
320 First Street, N.W.                    **VIA CERTIFIED MAIL NO.:**
Washington  DC  20534                     **7002 3150 0004 2812 0405**


Dear Mr. Stermer:

     This letter is advanced to you with a prayer that my concerns,
as outlined below, will not fall upon deaf ears.  In addition, this
letter will serve as a notice to you that I intend on seeking a
judicial review of this issue, if you are not able to rectify the
problem which I present below.


     On September 12, 2002, I arrived here at Rivers Correctional
Institution, in accordance with the contractual agreement of March
7, 2000, between the Federal Bureau of Prisons ("BOP") and the Wac-
kenhut Corrections Corporation (now The GEO Group, Inc.) to house
this writer, along with similarly situated D.C. Code offenders.
See D.C. Code § 24-101(b) (2001).  Subsequent to my arrival at this
institution (Rivers Correctional Institution, hereinafter referred
to as "RCI"), I completed virtually every educational and/or voca-
tional program that RCI has to offer me.  See attachment one, Educa-
tion Data.


     On March 12, 2006, I requested the HVAC course.  The education
department advised me that I "do not meet the age or residence re-
quirement."  See attachment two, March 12, 2006 Request To Staff.

06 1954     **FILED**          *Exhibits*

NOV 1 5 2006          *Seven*

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On March 20, 2006, I requested the Custodial Maintenance course. The education department informed me that "custodial maintenance is inactive at this time". See attachment three, March 20, 2006 request to Staff. At this juncture, I am diligently trying to acquire **marketable vocational programs**, which could possibly reduce the duration of my sentence imposed. Thus, I have a substantial interest in acquiring vocational programs. See chiefly, D.C. Code § 24-221.01 (Educational Good Time); and 28 C.F.R. § 544.50 (Occupational Education Programs). See also, attachment four, Good Time Data.

I have been denied **the right** to participate in two (2) vocational courses that are offered to other inmates here. At this juncture, because I have been denied the HVAC and Custodial Maintenance course(s), I am being denied "**the right** to participate in education [and] vocational training...". 28 C.F.R. § 541.12(10) (Inmate rights and responsibilities).

RCI does not have any **marketable vocational opportunities** to offer me. Based on the fact that RCI does not have any programs to offer me, the RCI staff attempted to have me transferred for "programs participation". See attachment five, EMS-409 Request For Transfer. The transfer request was denied for "population pressures". My issue was presented to the on-site BOP staff, which fell on deaf ears. See attachment six, June 21, 2006 Request To Staff, and the June 27, 2006 Staff Response. Currently, I have a projected release date for March 5, 2011. See attachment seven, computation data. With respect to marketable vocational opportunities, what do you suggest that I do to acquire the additional programs? The BOP is "responsible for [my]...education...and training...". D.C. Code § 24-101(b) (2001). Be advised that I have exhausted all of the administrative remedies available to me at RCI regarding my concerns. In fact, my BP-231 (Central Office Administrative Remedy Appeal) is pending in your office. See case number: 415829-[].

Sir, I am simply requesting that you assist me in my quest for **marketable vocational opportunities**, because at this time, I am doing idle time. See D.C. Code § 24-101(b), 28 C.F.R. §§ 541.12 (10), and 544.50. Undoubtedly, I am diligently displaying an extremely strong desire to acquire additional programs. The District of Columbia laws promote rehabilitation. See BOP program statement 5880.32, Chapter 12. In fact, as you are fully aware, society has a **vested interest** in this writer and "similarly situated D.C. Code offenders" being rehabilitated. Notably, I have a regulatory **responsibility** to acquire programs. See 28 C.F.R. § 541.12(10). To reiterate, there are **no** marketable vocational opportunities available to me at RCI. I am requesting that you have the current program deficiencies at RCI rectified, or in the alternative, have me placed in a BOP facility where I can continue to program through March 5, 2011. See chiefly, D.C. Code § 24-101(b), and 28 C.F.R. § 541.12 (10). In addition, see attachment six. I trust that you will respond to this letter in the near future.

        Thank you for your cooperation in this matter.

                                /s/ _____
                                    Charles E. Forrester, Jr.

        I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. See Title 28 U.S.C. § 1746.

Executed on: **9** / **1** /2006      /s/ _____
                                    Charles E. Forrester, Jr.

cc: Harley Lappin, Director

- 3 -

7002 3150 0004 2812 0405



**UNITED STATES POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7002 3150 0004 2812 0405**
Status: **Delivered**

Your item was delivered at 7:16 am on September 12, 2006 in WASHINGTON, DC 20534.

( Additional Details > )   ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

---



POSTAL INSPECTORS    site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust        Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy



PAGE 001 OF 001                    INMATE EDUCATION DATA
                                      TRANSCRIPT

REGISTER NO: ........          NAME...: FORRESTER                      FUNC: PRT
FORMAT......: TRANSCRIPT        RSP OF: BIS-RIVERS FL

-------------------------------- CURRENT EDUCATION -----------------------------------

FACL ASSIGNMENT DESCRIPTION                        START DATE TIME STP STAP STOP
PRT ESL HAS    ENGLISH PROFICIENT                  ....................
PRT GED HAS    COMPLETED GED OR HS DIPLOMA         ....................

----------------------------- EDUCATION COURSES ------------------------------------

SUB-FACL   DESCRIPTION                        START DATE  STOP DATE EVDT ACT LV RSLT

PRT        ABOUT THE BOP O RREIT IDENT ....................

PRT        PARENTING PROGRAM ....................

PRT        ABOUT THE BOP COMPRE HENSIV ....................

PRT        ....  COMPUTER TECHNOLOG .. ED ....................

PRT        ....  COMPUTER TECHNOLOGY ED ....................

PRT        LIFE SKILLS ED . ....................

PRT        THREE TAI ....TUDE SEMI .. BUS ....................

BP-S148.055 **INMATE REQUEST TO STAFF**
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                         FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Mr. Leary, Education Department | March 12, 2006 |
| FROM: | REGISTER NO.: |
| Mr. Charles E. Forrester, Jr. | 09565-007 |
| WORK ASSIGNMENT: Law Clerk | UNIT: C-04          111-L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I have Completed virtually all of the programs that RCI has
to offer me. See the attached Inmate Education Data ("IED")
The IED depicts that I have Completed at least one (1) Stage
of "Vocational Computer Technology." I am not interested in any
additional Computer Courses. I am not interested in the Wood
Shop Course. I am interested in HVAC, Only! I am requesting
that you place me in the HVAC Course. If HVAC is not
available, then please provide me with a listing of the
Variety of Vocational opportunities that RCI has to offer
me.

Thank you,

(Do not write below this line)

DISPOSITION:

You do not meet the age or residence
requirement for HVAC. If you need to
speak with me show this request to the
education officer.

| Signature Staff Member | Date |
|---|---|
|  | 3/13/06 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper

**ATTACHMENT TWO**

BP-S148.055  **INMATE REQUEST TO STAFF**
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) _Mr. Lunry, Academic Counsel_ | DATE: 3-20-06 |
|---|---|
| FROM: _Charles E. Forrester Jr._ | REGISTER NO.: 09_ 5-007 |
| WORK ASSIGNMENT: _Law Clerk_ | UNIT: C-O_ |

SUBJECT: (Briefly state your question or ___ ___ and the solution ___ are request___.
Continue on back, if necessary. Your fail___ ___ be specific may r___ult in no act___ ___
taken. If necessary, you will be intervie___ ___ order to success___lly respond to ___ ___
request.)

_IN Scrutinizing the lim___ ___Vocational opportunities_
_that are depicted on the ___EO Education Dep. tarovt_
_Sheat that you provided ___ me, I discovered_
_Custodial Maintenance. ___ am interested in the_
_Custodial Maintenance Vc___ional Course._

_I am requesting that ___ place me in the ___ted_
_Course as soon as possi___ ____

_Thank you_

(Do not write ___low this line)

DISPOSITION:

_Custodial Maintenance is inactive at_
_this time._

Signature Staff Member                          Date  3/20/06

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 date___ ___ct 86
and BP-S148.070 APR 94

**ATTACHMENT THREE**


Printed on Recycled Paper

```
  RIVA0   542*22 *           SENTENCE MONITORING          *     05-19-2006
PAGE 001           *           GOOD TIME DATA             *     10:01:04
                             AS OF  05-19-2006

REGNO...: 09565-007    NAME: FORRESTER, CHARLES
ARS 1...: RIV A-DES
COMPUTATION NUMBER..: 010
LAST UPDATED: DATE.: 05-16-2006          FUNC..: PRT   ACT DT:
UNIT...............: C                   FACL..: DSC   CALC: AUTOMATIC
DATE COMP BEGINS....: 03-02-1994         QUARTERS............: C04-111L
TOTAL JAIL CREDIT...: 316                COMP STATUS.........: COMPLETE
STATUTORY REL DT....: 06-11-2013 TUE     TOTAL INOP TIME.....: 0
CURRENT REL DT......: 12-17-2011 SAT     EXPIRES FULL TERM DT: 04-20-2023
PROJ SATISFACT DT...: 03-05-2011 SAT
ACTUAL SATISFACT DT.:                    PROJ SATISF METHOD..: MAND PAR
FINAL STAT GOOD TIME:                    ACTUAL SATISF METHOD:
DAYS REMAINING......:                    FINAL EXTR GOOD TIME:
                                         FINAL PUBLC LAW DAYS:

---------------------EXTRA GOOD TIME EARNINGS---------------------------


    INST    TYPE      DATE IN      DATE OUT        PRI/SEN IND
    RIV     MGT      06-01-2003

    EGT EARNED.....................................:       156 DAYS

BREAK OVER DATE................................:            05-31-2004

-----------EXTRA GOOD TIME LUMP SUM AWARDS AND ADJUSTMENTS---------------

    INST    TYPE     LSA/ADJ DATE    AMOUNT         PRI/SEN IND
    RIV     LSA      01-07-2004     30 DAYS
    RIV     LSA      08-12-2004     15 DAYS
    RIV     LSA      09-30-2004     30 DAYS
    RIV     LSA      11-30-2004     15 DAYS
    RIV     LSA      12-07-2004     15 DAYS
    RIV     LSA      01-06-2005     20 DAYS
    RIV     LSA      02-25-2005     15 DAYS

    EGT AWARDED/ADJUSTED..................:              140 DAYS

--------------EXTRA GOOD TIME DC EDUCATION CREDIT AWARDS-----------------
```

| INST | PGM | ENROLLED | COMPLETED | INELIGIBLE | ELIGIBLE | MAX | INCIDENTS | AWARD |
|------|-----|----------|-----------|------------|----------|-----|-----------|-------|
| LTN | DOC | | 05-26-1994 | | | | | 3 |
| LTN | DOC | | 12-01-1994 | | | | | 3 |
| LTN | DOC | | 12-06-1994 | | | | | 9 |
| LTN | DOC | | 04-01-1995 | | | | | 3 |
| LTN | DOC | | 04-24-1995 | | | | | 9 |
| LTN | DOC | | 05-01-1995 | | | | | 3 |
| LTN | DOC | | 12-01-1995 | | | | | 6 |
| LTN | DOC | | 10-25-1996 | | | | | 3 |
| LTN | DOC | | 01-03-1997 | | | | | 6 |
| LTN | DOC | | 03-07-1997 | | | | | 6 |

```
G0002      MORE PAGES TO FOLLOW . . .
```

ATTACHMENT FOUR

```
RIVA0  542*22 *              SENTENCE MONITORING              *    05-19-2006
PAGE 002 OF 002 *             GOOD TIME DATA                  *    10:01:04
                           AS OF   05-19-2006
```

REGNO...: 09565-007    NAME: FORRESTER, CHARLES
ARS 1...: RIV A-DES
COMPUTATION NUMBER..: 010                FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 05-16-2006         FACL..: DSC     CALC: AUTOMATIC

```
     LTN   DOC               05-09-1997                                  6
     LTN   DOC               05-28-1997                                 34
     LTN   DOC               07-04-1997                                  6
     LTN   DOC               10-01-1998                                 48
     LTN   DOC               12-22-1998                                 11
     RIV   ONA  12-26-2002   08-22-2003        9        7               35
     RIV   ONA  01-11-2005   06-23-2005        6        7               30
     RIV   ONA  09-01-2005   04-05-2006        8        7               25*
```

        DC EDUCATION CREDITS..................:          246 DAYS

                                                  ---------------
        TOTAL EGT............................:          542 DAYS

--------STATUTORY GOOD TIME FORFEITURES, WITHHOLDINGS, RESTORATIONS--------

```
    INFRACTION      DECISION        ACTION    AMOUNT    INFR SEVERITY    FREQ
    DATE     NO     DATE            TYPE                /RSN FOR ADJ
    NONE
```

        NET SGT FORFEITURES, WITHHOLDINGS, RESTORATIONS:        0 DAYS

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

EMS-409.051 REQUEST FOR TRANSFER/APPLICATION OF MANAGEMENT VARIABLE CDFRM
DEC 99
U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISON

| FROM: | FACILITY: | DATE: |
|---|---|---|
| GEORGE E. SNYDER, WARDEN | RIVERS CORRECTIONAL INSTITUTION (RCI) | 03-24-2006 |

| INMATE'S NAME: | REGISTER NO.: |
|---|---|
| FORRESTER, CHARLES | 09565-007 |

| TO: KIM WHITE, REGIONAL DIRECTOR | ATTN:   REGIONAL DESIGNATOR |
|---|---|

__XXX__ TRANSFER TO: FCC COPELAND, COLEMAN, FLORIDA   PROGRAMS PARTICIPATION (324)

____ APPLY MANAGEMENT VARIABLE(S)_____

____ UPDATE MANAGEMENT VARIABLE EXPIRATION DATE.   (NEW DATE): _____

1.   INMATE'S MEDICAL STATUS: CLEARED FOR REGULAR DUTY WITH THE MEDICAL RESTRICTION OF SPECIAL DIET.

2.   INSTITUTION ADJUSTMENT (INCLUDE A BRIEF DESCRIPTION OF THE INMATE'S ADJUSTMENT DURING THIS PERIOD OF INCARCERATION WITH EMPHASIS ON RECENT ADJUSTMENT.):   N/A

DISCIPLINARY RECORD

| 3. DATE | CODE/OFFENSE | UDC/DHO DISPOSITION |
|---|---|---|
| N/A | N/A | N/A |

4.   RATIONALE FOR REFERRAL.   (FOR MARIEL CUBAN DETAINEES, INCLUDE AVAILABILITY OF COMMUNITY RESOURCES AND STATUS OF INS REVIEW PROCESS IN THIS SECTION.):

INMATE FORRESTER ARRIVED AT RCI ON 09-12-2002 AS A LOW SECURITY INMATE WITH "IN" CUSTODY. HIS PROJECTED RELEASE DATE IS  03-26-2011, VIA  MANDATORY PAROLE. HE HAS APPROXIMATELY 5 YEARS REMAINING TO SERVE. HE IS SERVING THIRTY YEARS WITH TEN YEAR MINIMUM TERM FOR ASSAULT W/I TO KILL, MALICIOUS DISFIGUREMENT, ARSON, DESTROYING PROPERTY.   INMATE FORRESTER HAS FOLLOWED ALL OF THE UNIT TEAM'S RECOMMENDATIONS AND HE HAS COMPLIED WITH INSTITUTION'S RULES AND REGULATIONS.  FCC COPELAND, FLORIDA, HAS BEEN CONTACTED REGARDING THE BUSINESS ADMINISTRATION, DENTAL ASSISTANT, AND HEATING VENTILATION AND AIR CONDITION COURSES HAVE A TWO-YEAR WAITING LIST AND A TWO-YEAR COMPLETION FOR AN A.A. DEGREE. THESE COURSES REQUIRE A GED OR HIGH SCHOOL DIPLOMA. INMATE FORRESTER PROGRAM ACHIEVEMENTS WHILE INCARCERATED HAVE BEEN EXEMPLARY.   HE HAS COMPLETED THE FINANCIAL RESPONSIBILITY PROGRAM AND DEMONSTRATED GOOD INSTITUTIONAL ADJUSTMENT. BASED ON THE ABOVE, THE UNIT TEAM IS REQUESTING THAT INMATE FORRESTER BE TRANSFERRED TO ANY APPRENTICESHIP PROGRAMS IN BUSINESS, CULINARY, HEATING VENTILATION AND AIR CONDITION FOR PROGRAM PARTICIPATION.

| 5A.  PAROLE HEARING SCHEDULED: XX  YES ____ NO | B.   IF YES, WHEN 03-2007 /STATUTORY INTERIM HEARING |
|---|---|

6.   NOTE ANY PAST OR PRESENT BEHAVIOR AND/OR MANAGEMENT/INMATE CONCERNS. N/A

STAFF HAVE CHECKED THE FOLLOWING SENTRY PROGRAMS TO ENSURE THAT THEY ARE CORRECT AND CURRENT:

    INMATE PROFILE
    INMATE LOAD DATA              CIM CLEARANCE AND SEPARATEE DATA
    SENTENCE COMPUTATION          CUSTODY CLASSIFICATION FORM
                                CHRONOLOGICAL DISCIPLINARY RECORD

| PREPARED BY: O. Davis/CASE MANAGER | UNIT MANAGER: K.S. Powell |
|---|---|

IF THE TRANSFER IS APPROVED, A PROGRESS REPORT WILL BE COMPLETED PRIOR TO TRANSFER.
*FOR MARIEL CUBAN DETAINEES - STAFF HAVE ENTERED THE CMA ASSIGNMENT OF "CRP RV DT" TO INDICATE THE NEED FOR A CUBAN REVIEW PANEL HEARING FOUR MONTHS FROM HIS/HER ROLL-OVER DATE.
(THIS FORM MAY BE REPLICATED VIA WP)
                                THIS FORM REPLACES EMS-409 OF AUG 99
**ATTACHMENT FIVE**

BP-A148.0?0
SEP 98

### INMATE REQUEST TO STAFF MEMBER

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| B. Davis, on-site BOP representative | June 21, 2006 |
| FROM: | REGISTER NO.: |
| Charles E. Forrester, Jr. | 09565-007 |
| WORK ASSIGNMENT: | UNIT: |
| law library clerk | C4 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Per our conversation today, I am advancing to you my issues regarding transfer, and custody and classification. As the on-site Bureau of Prisons' ("BOP") representative, I am hereby requesting that you scrutinize my issues outlined below.

I have been incarcerated since April 20, 1993. Currently, I have a projected release date of March 5, 2011. Throughout my incarceration, I have established an impeccable history of programming. See attachment one, Good Time Data, and attachment two, RCI's Education data. On March 12, 2006, I requested the HVAC course. The education department has advised me that I "do not meet the age or residence requirement". See attachment

((continued on attached page))
(Do not write below this line)

DISPOSITION:

| Signature Staff Member: | Date: |
|---|---|
| | |

Record Copy - File; Copy - Inmate

Replaces BP-148 of OCT 86

**ATTACHMENT SIX**

((continued from previous page))

three, March 12, 2006 Request To Staff.  On March 20, 2006, I re-
quested Custodial Maintenance.  The education department has informed
me that "custodial maintenance is inactive at this time".  (See at-
tachment four, March 20, 2006 Request to Staff.)  At this juncture,
I am diligently trying to acquire additional programs.  However,
RCI is currently blocking my regulatory responsibility of taking
advantage of the would-be programs that RCI  should be offering.
"You have the responsibility to take advantage of activities which
may help you live a successful and law-abiding life within the insti-
tution and in the community."  28 C.F.R. § 541.12(10) (Inmate rights
and responsibilities).

    I have been denied the right to participate in two (2) vocational
courses.  RCI does not have a "variety" of "vocational opportunities"
to offer me as required under RCI policy 25.001 (Comprehensive Educa-
tional).  Thus, because I have been denied the HVAC and Custodial
Maintenance courses, I am being denied "the right to participate in
education, [and] vocational training...".  28 C.F.R. § 541.12(10)
(Inmate rights and responsibilities).  To deny me the right to parti-
cipate in vocational training is to severely undermine my prospects
of reintegration and rehabilitation.  See chiefly 28 C.F.R. § 541.12
(10).  Sound correctional practice recognizes that inmates who are
allowed to participate in vocational training present less of a manage-
ment problem than inmates who do not participate in vocational training.

    RCI does not have any marketable vocational opportunities to offer
me.  I want the same marketable vocational opportunities offered to
me as they are offered to similarly situated D.C. Code offenders housed
in the BOP facilities.  See 28 C.F.R. § 544.50.  The BOP is "respon-
sible for [my]...education...and training...".  See chiefly, D.C. Code
§ 24-101(b) (2001).  At this juncture, the BOP is violating their
mandatory, nondiscretionary duty to ensure that I receive vocational

                        ((continued on the following page))

((continued from previous page))

training.  Thus, I am seeking the same vocational training programs
from the BOP as similarly situated D.C. Code offenders receive in
the BOP facilities.  See 28 C.F.R. § 544.50.  Importantly, I am
scheduled to receive my parole rehearing in March 2007.  It is
imperative that I acquire program completions to produce to the
Parole Commission to establish that I am trying to rehabilitate
myself.  See chiefly, 28 C.F.R. § 2.80(e) (Program achievement).

    In addition, I have requested that my unit team submit a re-
quest to the BOP to waive my public safety factor.  My security level
is zero (0).  See attachment five, Custody Classification forms.  The
RCI staff have provided me with a song and dance insofar as to why
the BOP will supposedly not waive my public safety factor. Thus, I
have been compelled to initiate a complaint on this issue.  See
attachment six, and its attachments.

    Why should I have to beg for programs?!  My public safety fac-
tor should be waived, which will give me the opportunity to go to
a camp.  In addition, a transfer will help to reintegrate me into
society.  See attachment seven, March 7, 2000 original contract,
page 5, lines 12-18.  BOP on-site representative, if there are no
marketable programs, here, what do you suggest that I do??  I am
simply requesting that you assist me in my quest for vocational
program opportunities, because at this time, I am doing idle time.

**U.S. Department of Justice**

*Federal Bureau of Prisons*

Forrester, Charles
Reg. No.: 09565-007
Unit: C04/111L

### Inmate Request to Staff Response

This is in response to your Inmate request to staff addressed to FBOP staff member  Mr. Davis dated 6-21-06 asking for assistance concerning a request for transfer, custody and classification.

The FBOP's research on this request disclosed  that on 5-1-06  your request for transfer was denied due to population pressures.  As for your custody and classification, you are encouraged to address this issue with Geo staff.   In addition, our research indicates that your concerns raised about vocational programming  have been addressed  by  Geo staff  on 4-11-06 and 5-15-06.

If you are not satisfied with your request for transfer being denied, you may submit a Regional Administrative Remedy Appeal ( form BP-230) which you may obtain from your unit team.  Your appeal should be addressed to: Administrator, Privatization Management Branch (PMB), 320 First Street, N.W., Washington, D.C.  20534.

_____          6/27/06
Thomas R. Christensen                   Date
Senior Secure Institution Manager

```
   RIVA0   540'23 *              SENTENCE MONITORING            *    05-19-2006
PAGE 001            *              COMPUTATION DATA              *    10:01:22
                                   AS OF 05-19-2006

REGNO..: 09565-007 NAME: FORRESTER, CHARLES


FBI NO...........: 520350W6             DATE OF BIRTH: 08-24-1961
ARS1.............: RIV/A-DES
UNIT.............: C                     QUARTERS.....: C04-111L
DETAINERS........: NO                    NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 09-05-2010

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 03-05-2011 VIA MAND PAR

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------


COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F3851-92
JUDGE...........................: RANKIN
DATE SENTENCED/PROBATION IMPOSED: 03-02-1994
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 04-06-2000
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 ----------------------

OFFENSE CODE....: 602
OFF/CHG: 22-501 ASSAULT W/I TO KILL CT.E
         22-506 MALICIOUS DISFIGUREMENT CT.F
         22-401 ARSON CTS.H,J (CC TO EACH OTHER)
         22-403 DESTROYING PROPERTY CTS.G,I (CC TO EACH OTHER)

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   30 YEARS
 MINIMUM TERM...................:   10 YEARS
 DATE OF OFFENSE................: 07-08-1991




G0002      MORE PAGES TO FOLLOW . . .
```

**ATTACHMENT SEVEN**

```
  RIVA0   540·23 ·              SENTENCE MONITORING           *      05-19-2006
PAGE 002 OF 002 ·               COMPUTATION DATA              *      10:01:22
                                 AS OF 05-19-2006
```

REGNO..: 09565-00? NAME: FORRESTER, CHARLES


-------------------------CURRENT COMPUTATION NO: 010 -------------------------


COMPUTATION 010 WAS LAST UPDATED ON 05-16-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-17-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN.........: 03-02-1994
TOTAL TERM IN EFFECT...........:    30 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    30 YEARS
EARLIEST DATE OF OFFENSE........: 07-08-1991

JAIL CREDIT....................:    FROM DATE      THRU DATE
                                    04-20-1993     03-01-1994

TOTAL JAIL CREDIT TIME.........: 316
TOTAL INOPERATIVE TIME.........: 0
STATUTORY GOOD TIME RATE.......: 10
TOTAL SGT POSSIBLE.............: 3600
PAROLE ELIGIBILITY.............: 05-05-1999
STATUTORY RELEASE DATE.........: 06-11-2013
TWO THIRDS DATE................: N/A
180 DAY DATE...................: N/A
EXPIRATION FULL TERM DATE......: 04-20-2023

NEXT PAROLE HEARING DATE.......: 03-00-2007
TYPE OF HEARING................: STATUTORY INTERIM HEARING

PROJECTED SATISFACTION DATE....: 03-05-2011
PROJECTED SATISFACTION METHOD...: MAND PAR
```

REMARKS.......: COMP RE-CERTIFIED BY DC RECORDS CENTER ON 06-14-05


G0000      TRANSACTION SUCCESSFULLY COMPLETED

## CONTRACT AWARD

| PAGE | OF | PAGES |
|---|---|---|
| 1 | | 181 |

| 1. CONTRACT NUMBER | 2. EFFECTIVE DATE | 3. SOLICITATION NUMBER | 4. REQUISITION/PROJECT NUMBER |
|---|---|---|---|
| J1PCc-005 | See Block 15c | RFP PCC-0004 | N/A |

| 5. ISSUED BY | CODE | N/A | 6. ADMINISTERED BY (If other than Item 5) | CODE | N/A |
|---|---|---|---|---|---|

**5. ISSUED BY**

Federal Bureau of Prisons
320 First Street NW Room 500-6
Washington, DC 20534
Scott P. Stermer, Contracting Officer
(OMB #1103-0018 EXP 02/28/01)

**6. ADMINISTERED BY**

Same Block 5

# ORIGINAL

**7. NAME AND ADDRESS OF CONTRACTOR** CODE

Wackenhut Corrections Corporation
4200 Wackenhut Drive
Palm Beach Gardens, FL 33410

**8. PAYMENT WILL BE MADE BY**

Federal Bureau of Prisons
Mid-Atlantic Region
Junction Business Park
10010 Junction Drive, Suite 100-N
Annapolis Junction, MD 20701
Regional Comptroller

| 9A. DUNS NUMBER | 9B. TAXPAYER'S IDENTIFICATION NO. | 10. SUBMIT INVOICES (4 copies unless otherwise specified) TO |
|---|---|---|
| (b)(4) | (b)(4) | [X] ITEM 5  [ ] ITEM 6  [ ] ITEM 8  [ ] OTHER (Specify) |

**11. THIS CONTRACT IS A RATED ORDER... OF CONTENTS**

| (X) | SEC. | DESCRIPTION | PAGE(S) | (X) | SEC. | DESCRIPTION | PAGE(S) |
|---|---|---|---|---|---|---|---|
| | | **PART I - THE SCHEDULE** | | | | **PART II - CONTRACT CLAUSES** | |
| X | A | SOLICITATION/CONTRACT FORM | 3 | x | I | CONTRACT CLAUSES | 11 |
| X | B | SUPPLIES OR SERVICES AND PRICES/COSTS | 4 | | | **PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACH.** | |
| X | C | DESCRIPTION/SPECS./WORK STATEMENT | 40 | x | J | LIST OF ATTACHMENTS | 96 |
| X | D | PACKAGING AND MARKING | 1 | | | **PART IV - REPRESENTATIONS AND INSTRUCTIONS** | |
| X | E | INSPECTION AND ACCEPTANCE | 4 | x | K | REPRESENTATIONS, CERTIFICATIONS AND OTHER STATEMENTS OF OFFERORS | 14 |
| X | F | DELIVERIES OR PERFORMANCE | 2 | | | | |
| X | G | CONTRACT ADMINISTRATION DATA | 3 | | L | INSTRS., CONDS., AND NOTICES TO OFFERORS | |
| X | H | SPECIAL CONTRACT REQUIREMENTS | 3 | | M | EVALUATION FACTORS FOR AWARD | |

**12. BRIEF DESCRIPTION**

Contractor-Owned and Contractor-Operated correctional facility for an estimated population of 1,200 low security male District of Columbia (D.C.) sentenced felons.

**13. TOTAL AMOUNT OF CONTRACT** ▶ $91,890,622.95 (FP01009T120M)

**14. CONTRACTOR'S AGREEMENT.** Contractor agrees to furnish and deliver the items or perform services to the extent stated in this document for the consideration stated. The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

[X] A. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN FOUR COPIES TO THE ISSUING OFFICE. (Check if applicable)

B. SIGNATURE OF PERSON AUTHORIZED TO SIGN

C. NAME OF SIGNER

Wayne H. Calabrese

D. TITLE OF SIGNER

President

E. DATE

2/22/2000

**15. AWARD.** The Government hereby accepts your offer on the solicitation identified in item 3 above as reflected in this award document. The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

A. UNITED STATES OF AMERICA (Signature of Contracting Officer)

B. NAME OF CONTRACTING OFFICER

Scott P. Stermer, Contracting Officer

C. DATE

3/7/2000

AUTHORIZED FOR LOCAL REPRODUCTION

06 1954

FILED

NOV 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Exhibit Eight*

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1    I.    INTRODUCTION

2    The National Capital Revitalization and Self-Government
3    Improvement Act of 1997 mandates that the Bureau of Prisons house
4    a portion of the District of Columbia sentenced felon population
5    in private contract facilities.

6    The Bureau of Prisons has proceeded to comply with this mandate
7    by identifying the appropriate populations to fulfill the
8    requirement from the overall District of Columbia sentenced felon
9    population.

10   The attached SOW identifies the technical and programmatic
11   details for a low security adult male population.

1

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1    III. OBJECTIVE

2    A.  Performance Requirements

3    This SOW sets forth the contract performance requirements for the
4    comprehensive management and operation of a contractor-owned/
5    contractor-operated corrections facility for a low security adult
6    male population.

7    Housing facilities shall be provided to accommodate at least
8    1,200 low security beds at a single site.  In addition, the
9    institution shall include a special housing unit (segregation)
10   with a capacity of at least 10% of the institution's rated
11   capacity.

12   The contractor shall ensure that the institution is operated in a
13   manner consistent with the mission of the BOP.  It is the mission
14   of the BOP to protect society by confining offenders in the
15   controlled environments of prison and community-based facilities
16   that are safe, humane, cost-efficient, and appropriately secure,
17   and that provide work and other self-improvement opportunities to
18   assist offenders in becoming law-abiding citizens.

19   The institution shall be located within a 300 mile radius of the
20   United States Capitol, Washington, D.C.

21   Contract performance shall be for a three-year base period with 7
22   one-year options, exercised unilaterally by the Government, for a
23   potential term of ten years.

24   Within 365 days following contract award, the contractor shall
25   notify the CO it is ready to accept inmates and assume full
26   responsibility for the operation, maintenance and security of the
27   institution.

28   It is essential that the contractor be fully prepared to accept
29   responsibility for performing the requirements of the contract,
30   thus ensuring the safety and security of the community.
31   Therefore, the BOP will perform numerous assessments to ensure
32   contract compliance prior to issuance of the NTP (See Contract
33   F.2).

34   Unless otherwise specified, all plans, policies and procedures,
35   including those identified in the ACA standards, shall be
36   developed by the contractor and submitted in writing to the CO

5

```
  RIVA0  540*23 *              SENTENCE MONITORING        *     05-19-2006
PAGE 001        *              COMPUTATION DATA           *     10:01:22
                              AS OF 05-19-2006

REGNO..: 09565-007 NAME: FORRESTER, CHARLES


FBI NO...........: 520350W6          DATE OF BIRTH: 08-24-1961
ARS1.............: RIV/A-DES
UNIT.............: C                 QUARTERS.....: C04-111L
DETAINERS........: NO                NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 09-05-2010

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-05-2011 VIA MAND PAR

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------


COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F3851-92
JUDGE...........................: RANKIN
DATE SENTENCED/PROBATION IMPOSED: 03-02-1994
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 04-06-2000
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00

---------------------CURRENT OBLIGATION NO: 010 ---------------------

OFFENSE CODE....:  602
OFF/CHG: 22-501 ASSAULT W/I TO KILL CT.E
         22-506 MALICIOUS DISFIGUREMENT CT.F
         22-401 ARSON CTS.H,J (CC TO EACH OTHER)
         22-403 DESTROYING PROPERTY CTS.G,I (CC TO EACH OTHER)

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    30 YEARS
 MINIMUM TERM...................:    10 YEARS
 DATE OF OFFENSE................: 07-08-1991




G0002       MORE PAGES TO FOLLOW . . .
```

06 1954

**FILED**

NOV 1 5 2006

*Exhibit*

*Nine*

```
RIVA0  540*23 *          SENTENCE MONITORING        *     05-19-2006
PAGE 002 OF 002 *         COMPUTATION DATA           *     10:01:22
                           AS OF 05-19-2006
```

REGNO..: 09565-007 NAME: FORRESTER, CHARLES


------------------------CURRENT COMPUTATION NO: 010 --------------------------


COMPUTATION 010 WAS LAST UPDATED ON 05-16-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-17-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 03-02-1994
TOTAL TERM IN EFFECT............:    30 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    30 YEARS
EARLIEST DATE OF OFFENSE........: 07-08-1991

JAIL CREDIT.....................:      FROM DATE     THRU DATE
                                       04-20-1993    03-01-1994

TOTAL JAIL CREDIT TIME..........: 316
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 3600
PAROLE ELIGIBILITY..............: 05-05-1999
STATUTORY RELEASE DATE..........: 06-11-2013
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 04-20-2023

NEXT PAROLE HEARING DATE........: 03-00-2007
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

PROJECTED SATISFACTION DATE.....: 03-05-2011
PROJECTED SATISFACTION METHOD...: MAND PAR
```

REMARKS.......: COMP RE-CERTIFIED BY DC RECORDS CENTER ON 06-14-05


G0000      TRANSACTION SUCCESSFULLY COMPLETED

Demetrius A. Price
Fed. Reg. No. 33037-007
Rivers Correctional Institution
Post Office Box 630
Winton North Carolina 27986


## DEMETRIUS A. PRICE'S AFFIDAVIT
## IN SUPPORT OF
## CHARLES E. FORRESTER'S CIVIL COMPLAINT


Demetrius A. Price, being duly sworn, deposes and says:

1. I am a District Of Columbia Code offender currently confined at the Rivers Correctional Institution pursuant to a contract between the Federal Bureau of Prisons and The GEO Group, Inc.

2. This affidavit is made in support of Charles E. Forrester's civil complaint, which will be filed in the United States District Court for the District of Columbia.

3. I swear that this affidavit is made under my own free will. I am under absolutely no pressure nor duress to make this affidavit.

4. During the month of August 2005, while housed at my current address, I swear that I entered into the marketable vocational trade course, which is titled: Air Conditioning, Heating @ Refrigeration Technology("HVAC").

5. My date of birth is September 4, 1979. At the time that I entered into the HVAC course, I was twenty-five(25) years old.

6. The HVAC course was provided to me via the Roanoke Chowan Community College, free of charge.

7. On or about May 11, 2006, I successfully completed the HVAC course, and then subsequently, I was provided with a certificate of completion. See Exhibit one, Roanoke Chowan Community College, Certificate of Completion.

8. If I am called to testify during the course of Charles Forrester's court proceedings, I swear that I will testify truthfully

Exhibit

TEN

and in a manner that is consistent with this affidavit.

    9. I swear that this affidavit is not a sham, nor is it submitted in bad faith.


Date: 07 / 24 /2006                /s/ _Demetrius Price_

                                             Demetrius Price



Sworn to before me this

24ᵗʰ day of **July 2006**

_____

    **NOTARY PUBLIC**


Embossed Hereon Is My
Hertford County, North Carolina Notary Public Seal
My Commission Expires July 12, 2010
PAMALA DAVIS



# Roanoke-Chowan Community College

Ahoskie, North Carolina

This is to Certify That

## Demetrius Price

having completed in a satisfactory manner the studies required for

### Air Conditioning, Heating & Refrigeration Technology

is hereby declared a graduate, and the Board of Trustees upon the recommendation of the Faculty has granted this

## HVACR Certificate

In testimony whereof the undersigned, by authority vested in them have hereunto affixed their signatures.

Given this eleventh day of May, two thousand and six.



President of the College





Chairman of Board of Trustees

**EXHIBIT ONE**

Stevan Boulware
Fed. Reg. No. 32755-007
Rivers Correctional Institution
Post Office Box 630
Winton North Carolina 27986

### STEVAN BOULWARE'S AFFIDAVIT
### IN SUPPORT OF
### CHARLES E. FORRESTER'S CIVIL COMPLAINT

Stevan Boulware, being duly sworn, deposes and says:

1. I am a District of Columbia Code offender currently con-fined at the Rivers Correctional Institution pursuant to a contract between the Federal Bureau of Prisons and the GEO Group, Inc.

2. This affidavit is made in support of Charles E. Forrester's civil complaint, which will be filed in the United States District Court for the District of Columbia.

3. I swear that this affidavit is made under my own free will. I am under absolutely no pressure nor duress to make this affidavit.

4. During the month of April 2006, while housed at my current address, I swear that I entered into the marketable vocational trade course, which is titled: Air Conditioning, Heating @ Refrigeration Technology("HVAC").

5. My date of birth is July 1, 1982. At the time that I entered into the HVAC course, I was twenty-five(25) years old.

6. The HVAC course was provided to me via the Roanoke Chowan Community College, free of charge.

7. On or about December 2004, I successfully completed the HVAC course, and then subsequently, I was provided with a Certificate of Completion. See Exhibit one, Roanoke Chowan Community College, Cer-tificate of completion.

8. If I am called to testify during the course of Charles For-rester's court proceedings, I swear that I will testify truthfully

1 of **FILED**

06 1551

**Exhibit**

**Eleven**

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and in a manner that is consistent with this affidavit.

    **9.** I swear that this affidavit is not a sham, nor is it submitted in bad faith.

Date:_7_/_28_/2006                    /s/ _Stevan Boulware_

                                                Stevan Boulware

Sworn to before me this

_28_ th day of July 2006

**NOTARY PUBLIC**

Embossed Hereon Is My
Hertford County, North Carolina Notary Public Seal
My Commission Expires July 12, 2010
PAMALA DAVIS

# Roanoke-Chowan Community College



Ahoskie, North Carolina

This is to Certify That

## Steven Boulware

having completed in a satisfactory manner the studies required for

## Air Conditioning, Heating and Refrigeration Technology

is hereby declared a graduate, and the Board of Trustees upon the recommendation of the Faculty has granted this

## HVACR Certificate

In testimony whereof the undersigned, by authority vested in them have hereunto affixed their signatures.

Given this twelfth day of May, two thousand and five.



Chairman of Board of Trustees





President of the College

EXHIBIT ONE

Talib Abdul Wali
Fed. Reg. No. 11224-007
Rivers Corretional Institution
Post Office Box 630
Winton Noth Carolina 27986

## TALIB 'ABDUL WALI'S AFFIDAVIT

## IN SUPPORT OF

## CHARLES E. FORRESTER'S CIVIL COMPLAINT

Talib Abdul Wali, being duly sworn, deposes and says:

1. I am a District of Columbia Code offender currently con-
fined at the Rivers Correctional Institution pursuant to a contract
between the Federal Bureau of Prisons and the GEO Group, Inc.

2. This affidavit is made in support of Charles E. Forrester's
civil complaint, which will be filed in the United States District
Court for the District of Columbia.

3. I swear that this affidavit is made under my own free will.
I am under absolutely no pressure nor duress to make this affidavit.

4. During the month of January 2005, while housed at my current
address, I swear that I entered into the marketable vocational trade
course, which is titled: Air Conditioning, Heating @ Refrigeration
Technology("HVAC").

5. My date of birth is April 18, 1979. At the time that I
entered into the HVAC course, I was twenty-five (25) years old.

6. The HVAC course was provided to me via the Roanoke Chowen
Community College, free of charge.

06 1951   *Exhibit*

1 of 2

**FILED**   *Twelve*

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

7. On or about December 19, 2005, I successfully completed the HVAC course, and then subsequently, I was provided with a certificate of completion. See Exhibit one, Roanoke Chowan Community College, Certificate of Completion.

8. If I am called to testify during the course of Charles Forrester's court proceedings, I swear that I will testify truthfully and in a manner that is consistent with this affidavit.

9. I swear that this affidavit ia not a sham, nor is it submitted in bad faith.

Date: 7 / 24 /2006                            /s/ _Talib 'Abdul Wali_
                                                  Talib 'Abdul Wali


Sworn to before me this

24th day of July 2006

_[signature]_
NOTARY PUBLIC


Embossed Hereon Is My
Hertford County, North Carolina Notary Public Seal
My Commission Expires July 12, 2010
PAMALA DAVIS



# Roanoke-Chowan Community College

Ahoskie, North Carolina

This is to Certify That

## Talib 'Abdul Wali

having completed in a satisfactory manner the studies required for

## Air Conditioning, Heating, and Refrigeration Technology

is hereby declared a graduate, and the Board of Trustees upon the recommendation of the Faculty
has granted this

## HVACR Certificate

In testimony whereof the undersigned, by authority vested in them have hereunto
affixed their signatures.

Given this eleventh day of May, two thousand and six.





President of the College

_____
Chairman of Board of Trustees

**EXHIBIT ONE**

EMS-409.051 **REQUEST FOR TRANSFER/APPLICATION OF MANAGEMENT VARIABLE** CDFRM
DEC 99
**U.S. DEPARTMENT OF JUSTICE**                                      **FEDERAL BUREAU OF PRISONS**

| FROM: GEORGE E. SNYDER / WARDEN | FACILITY: RIVERS CORRECTIONAL INSTITUTION (RCI) | DATE: 03-24-2006 |
|---|---|---|
| INMATE'S NAME: FORRESTER, CHARLES | REGISTER NO.: 09565-007 | |
| TO: KIM WHITE, REGIONAL DIRECTOR | ATTN:  REGIONAL DESIGNATOR | |

__XXX__ TRANSFER TO: _FCC COPELAND, COLEMAN, FLORIDA  PROGRAMS PARTICIPATION (324)_

_____ APPLY MANAGEMENT VARIABLE(S)_____

_____ UPDATE MANAGEMENT VARIABLE EXPIRATION DATE.  (NEW DATE): _____

1.  INMATE'S MEDICAL STATUS: CLEARED FOR REGULAR DUTY WITH THE MEDICAL RESTRICTION OF SPECIAL DIET.

2.  INSTITUTION ADJUSTMENT (INCLUDE A BRIEF DESCRIPTION OF THE INMATE'S ADJUSTMENT DURING THIS PERIOD OF INCARCERATION WITH EMPHASIS ON RECENT ADJUSTMENT.):  N/A

### DISCIPLINARY RECORD

| 3.  DATE | CODE/OFFENSE | UDC/DHO DISPOSITION |
|---|---|---|
| N/A | N/A | N/A |

4.  RATIONALE FOR REFERRAL.  (FOR MARIEL CUBAN DETAINEES, INCLUDE AVAILABILITY OF COMMUNITY RESOURCES AND STATUS OF INS REVIEW PROCESS IN THIS SECTION.):

INMATE FORRESTER ARRIVED AT RCI ON 09-12-2002 AS A LOW SECURITY INMATE WITH "IN" CUSTODY. HIS PROJECTED RELEASE DATE IS  03-26-2011, VIA  MANDATORY PAROLE. HE HAS APPROXIMATELY 5 YEARS REMAINING TO SERVE. HE IS SERVING THIRTY YEARS WITH TEN YEAR MINIMUM TERM FOR ASSAULT W/I TO KILL, MALICIOUS DISFIGUREMENT, ARSON, DESTROYING PROPERTY.  INMATE FORRESTER HAS FOLLOWED ALL OF THE UNIT TEAM'S RECOMMENDATIONS AND HE HAS COMPLIED WITH INSTITUTION'S RULES AND REGULATIONS.  FCC COPELAND, FLORIDA, HAS BEEN CONTACTED REGARDING THE BUSINESS ADMINISTRATION, DENTAL ASSISTANT, AND HEATING VENTILATION AND AIR CONDITION COURSES HAVE A TWO-YEAR WAITING LIST AND A TWO-YEAR COMPLETION FOR AN A.A. DEGREE. THESE COURSES REQUIRE A GED OR HIGH SCHOOL DIPLOMA. INMATE FORRESTER PROGRAM ACHIEVEMENTS WHILE INCARCERATED HAVE BEEN EXEMPLARY.  HE HAS COMPLETED THE FINANCIAL RESPONSIBILITY PROGRAM AND DEMONSTRATED GOOD INSTITUTIONAL ADJUSTMENT. BASED ON THE ABOVE, THE UNIT TEAM IS REQUESTING THAT INMATE FORRESTER BE TRANSFERRED TO ANY APPRENTICESHIP PROGRAMS IN BUSINESS, CULINARY, HEATING VENTILATION AND AIR CONDITION FOR PROGRAM PARTICIPATION.

5A.  PAROLE HEARING SCHEDULED: __XX__ YES    _____ NO    | B.  IF YES, WHEN _03-2007 /STATUTORY INTERIM HEARING_ .

6.  NOTE ANY PAST OR PRESENT BEHAVIOR AND/OR MANAGEMENT/INMATE CONCERNS. N/A

STAFF HAVE CHECKED THE FOLLOWING SENTRY PROGRAMS TO ENSURE THAT THEY ARE CORRECT AND CURRENT:

| INMATE PROFILE | CIM CLEARANCE AND SEPARATEE DATA |
|---|---|
| INMATE LOAD DATA | CUSTODY CLASSIFICATION FORM |
| SENTENCE COMPUTATION | CHRONOLOGICAL DISCIPLINARY RECORD |

PREPARED BY: O. Davis/CASE MANAGER    | UNIT MANAGER: K.S. Powell

IF THE TRANSFER IS APPROVED, A PROGRESS REPORT BE COMPLETED PRIOR TO TRAN
*FOR MARIEL CUBAN DETAINEES - STAFF HAVE ENTERED THE CMA ASSIGNMENT OF "CRP RV
FOR A CUBAN REVIEW PANEL HEARING FOUR MONTHS FROM HIS/HER ROLL-OVER DATE.
(THIS FORM MAY BE REPLICATED VIA WP)                    THIS FORM REPLACE

_Exhibit_

_Thirteen_

06 1954

FILED

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Administrative Remedy
Step 2 – Response

Date Filed:                              Remedy ID No.: 06-117

Inmate Name:        Charles E. Forrester, Jr.    Reg #:      09565-007

This is in response to your Step 2 Administrative Remedy dated June 28, 2006  in which you are requesting that a new Transfer Request (BP-409) be re-submitted to the Bureau of Prisons (BOP).

As mentioned in your Step 1 response, Your Unit Team submitted pertinent data to the designator for review and determination of a transfer.  The Regional Office made the final decision and denied you based on "Population Pressure."  If information was missing , the Regional Office would have informed the institution.

Based on the above information and facts, your request for Step 2 Administrative Remedy is denied.  You have exhausted  all of your Administrative Remedies at this level.

7-10-06
_____                    _____
          Date                              G. Snyder / Warden  Acting


06 1954

**FILED**

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit
Fourteen



**The GEO Group, Inc.**

Administrative Remedy

Step 1 – Response

Date Filed:     05-30-2006              Remedy ID No.:    06-117

Inmate Name:    Charles E. Forrester, Jr.   Reg #:           09565-007

This is in response to your Step 1 Administrative Remedy dated May 23, 2006  in which you are stating that the Unit Team did not do your Transfer Request according to policy.

An investigation revealed that the Unit Team submitted pertinent data to the designator for review and determination of a transfer. The Regional Office made the final decision and denied you based on "Population Pressure."

After viewing all available information, there is insufficient information to validate your statement.

If you are not satisfied with this response, you may obtain a Step 2 form you Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response".

_6-23-06_

Date

David Farmer, AW-Programs

Case 1:06-cv-01954-HHK    Document 1-7    Filed 11/15/2006    Page 4 of 12

REGISTER NO...: 09565-007
NAME.........: FORRESTER          CHARLES
RSP OF.......: RIV-RIVERS CI

02 REMARKS: 8/23/02 MXR/JM APV 308 TRF FM CRL 2CP TO RIV; MV = W.
02 REMARKS: 5/1/06 MXR/RBJ DNY 324 TRF COL-POPULATION PRESSURES
02 REMARKS: 2/12/03/RIV/JMW/CLR LOC ESC MED TRP/3-14-03/W RTN RIV/S. DAY
02 REMARKS: 5/16/01 MXR/JR CANCL RIV TRF @ REQ CRL COS. REMAIN CRL 2CP.


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

## § 541.12 Inmate rights and responsibilities.

| Rights | Responsibilities |
|---|---|
| 1. You have the right to expect that as a human being you will be treated respectfully, impartially, and fairly by all personnel. | 1. You have the responsibility to treat others, both employees and inmates, in the same manner. |
| 2. You have the right to be informed of the rules, procedures, and schedules concerning the operation of the institution. | 2. You have the responsibility to know and abide by them. |
| 3. You have the right to freedom of religious affiliation, and voluntary religious worship. | 3. You have the responsibility to recognize and respect the rights of others in this regard. |
| 4. You have the right to health care, which includes nutritious meals, proper bedding and clothing, and a laundry schedule for cleanliness of the same, an opportunity to shower regularly, proper ventilation for warmth and fresh air, a regular exercise period, toilet articles and medical and dental treatment. | 4. It is your responsibility not to waste food, to follow the laundry and shower schedule, to maintain neat and clean living quarters, to keep your area free of contraband, and to seek medical and dental care as you may need it. |
| 5. You have the right to visit and correspond with family members, and friends, and correspond with members of the news media in keeping with Bureau rules and institution guidelines. | 5. It is your responsibility to conduct yourself properly during visits, not to accept or pass contraband, and not to violate the law or Bureau rules or institution guidelines through your correspondence. |
| 6. You have the right to unrestricted and confidential access to the courts by correspondence (on matters such as the legality of your conviction, civil matters, pending criminal cases, and conditions of your imprisonment). | 6. You have the responsibility to present honestly and fairly your petitions, questions, and problems to the court. |
| 7. You have the right to legal counsel from an attorney of your choice by interviews and correspondence. | 7. It is your responsibility to use the services of an attorney honestly and fairly. |
| 8. You have the right to participate in the use of law library reference materials to assist you in resolving legal problems. You also have the right to receive help when it is available through a legal assistance program. | 8. It is your responsibility to use these resources in keeping with the procedures and schedule prescribed and to respect the rights of other inmates to the use of the materials and assistance. |
| 9. You have the right to a wide range of reading materials for educational purposes and for your own enjoyment. These materials may include magazines and newspapers sent from the community, with certain restrictions. | 9. It is your responsibility to seek and utilize such materials for your personal benefit, without depriving others of their equal rights to the use of this material. |
| 10. You have the right to participate in education, vocational training and employment as far as resources are available, and in keeping with your interests, needs, and abilities. | 10. You have the responsibility to take advantage of activities which may help you live a successful and law-abiding life within the institution and in the community. You will be expected to abide by the regulations governing the use of such activities. |

06 1954

Attachment

Fifteen

**FILED**

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.



**U.S. Department of Justice**
Federal Bureau of Prisons

_____

Program

Statement

**OPI:** FPI
**NUMBER:** 5300.18
**DATE:** December 23, 1996
**SUBJECT:** Occupational Education Programs

1.  **[PURPOSE AND SCOPE §544.50.  Each Bureau of Prisons institution provides occupational education programs which allow interested inmates the opportunity to obtain marketable skills.]**

2.  PROGRAM OBJECTIVES.  The expected results of this program are:

   a.  Skills to enhance post-release employment opportunities will be acquired by inmates with occupational training needs.

   b.  "Live work" programs which contribute significantly to the operation and maintenance of institutions will be provided for critical hands-on experience.

   c.  Where available, apprenticeship programs will be properly registered with the Bureau of Apprenticeship and Training (BAT), U.S. Department of Labor and will meet BAT's standards.

3.  DIRECTIVES AFFECTED

   a.  Directive Rescinded

      PS 5300.13      Occupational Education Programs (03/28/88)

   b.  Directive Referenced

      PS 1001.12      Donations, Acceptance of (07/01/96)
      PS 5250.01      Public Works and Community Service Projects (01/19/93)
      PS 5300.17      Education, Training, and Leisure-Time Program Standards (09/04/96)

   c.  Rules cited in this Program Statement are contained in 28 CFR §544.50-56.

06 1951

[Bracketed Bold - Rules]

**FILED**

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Attachment

Sixteen

4.  STANDARDS REFERENCED

    a.  American Correctional Association 2nd Edition Standards for the Administration of Correctional Agencies:  2-CO-5B-01.

    b.  American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:  3-4410-4422.

    c.  American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:  3-ALDF-5B-01-04.

    d.  American Correctional Association Standards for Adult Correctional Boot Camp Programs:  1-ABC-5B-01-15.

5.  **[TYPES OF OCCUPATIONAL EDUCATION PROGRAMS §544.51. Occupational education programs include the following:**

    **a.  Pre-industrial Training.  Entry level skills training for employment in prison industries.**

    **b.  Vocational Training.  Instruction in specific entry-level or advanced skills.]**

    In this Program Statement, "vocational training" includes vocational training programs provided by either Bureau staff, contract agencies, or individuals at both secondary and postsecondary levels.

    The terms "occupational" and "vocational" training are used interchangeably.

    **[c.  On-The-Job-Training.  Organized instruction and training under actual working conditions, either in the performance of a service through institution maintenance or in Federal Prison Industries, Inc. (UNICOR).**

    **d.  Apprentice Training.  Training through structured apprenticeship programs approved at the state and national levels by the Bureau of Apprenticeship and Training, U.S. Department of Labor.]**

6.  **[VOCATIONAL TRAINING §544.52.  Vocational training programs will be combined, where opportunities exist, with pre-industrial programs of the same general skill area, and with "live work" provided by UNICOR.  Similar cooperative training efforts, to include "live work," shall also be developed for non-industrial areas.**

    **a.  "Live work" is to be included within each vocational education program.  As used in this rule, the term "live work" refers to a product or service produced by the student for actual use by the institution, UNICOR, or another agency.  It is characterized by a specific end-product or service goal, as opposed to repetitive classroom work done for training purposes.**

**b.   The provisions of this rule apply to all vocational education programs, regardless of funding source, except:**

  **(1)   programs granted an exception by the Regional Director; and**

  **(2)   vocational assessment programs.**

**c.   Vocational training programs shall be combined with pre-industrial training programs offering similar or related training.]**

Whenever possible, occupational training programs should link with UNICOR industries and also be integrated with literacy program instruction.

d.   "Live work", as an integral part of the Bureau's vocational training programs, has several advantages over the more traditional concept of clearly separated training and work programs.

  •   An inmate's training, once received, is best reinforced by using the training in an actual work situation.

  •   Vocational training programs and work facilities are mutually supportive.

  •   Duplicated shops and services should be eliminated.

This policy's intent is to integrate top quality training programs with "live work", thereby serving the best interest of the inmate, as well as the institution, UNICOR, or another agency.

In accordance with the Program Statement on Public Works and Community Service Projects, under no circumstances shall appropriated funds be used to purchase materials and/or procure services for live-work related to community service projects.

7.   **[ON-THE-JOB-TRAINING §544.53.   On-The-Job-Training (OJT) provides a marketable skill through the use of institution resources and facilities with a potential for training inmates in various trades and occupations.   The programs are distinctly separate and apart from formalized vocational training programs and approved apprenticeship programs.**

**Completion of OJT does not preclude future placement of an inmate in a formal vocational training program or approved apprenticeship program.   To the extent practicable, OJT content is to parallel the standards required for registered apprenticeship programs by the Bureau of Apprenticeship and Training U.S. Department of Labor.]**

a.  This parallel arrangement assists the institution if specific trade areas are being considered for an approved apprenticeship program.  Such an arrangement also assists the trainees, who may become involved in an approved apprenticeship program in the institution or after release.

b.  After the inmate completes training, the work supervisor and a member of the education staff, preferably a related trades instructor, shall evaluate the trainee's performance to determine the competencies gained.  If it is satisfactory, education staff shall issue a certificate and work transcript.

c.  Work supervisors are primarily responsible for providing job skill experiences but are not responsible for classroom teaching on a scheduled basis, although they may provide incidental shop theory and practice related to learning job skills.  Education staff shall provide any academic or related information instruction (mathematics, blueprint reading, drafting, release readiness, etc.) that involves one or more hours per week.

8.  **[APPRENTICE TRAINING §544.54.  Apprentice training provides an inmate the opportunity to participate in training which prepares the inmate for employment in various trades. Apprenticeship programs for inmates will be established in those areas of the institution which have the potential to meet the requirements and standards of the Bureau of Apprenticeship and Training (BAT), U.S. Department of Labor.]**

Through its regional, state, and area representatives, BAT makes personnel available to Bureau educational staff for the development of registered apprenticeship programs.

The Education of Supervisor shall:

- Review apprenticeship opportunities in all areas of the institution,

- Contact the BAT Regional Director and request an apprenticeship program,

- Consult with BAT's Apprenticeship Training Representative on all matters regarding the procedures and methods for program development as required by BAT's regulations for registered apprenticeship programs, and

- Appoint a member of the Education staff to serve as an Apprenticeship Coordinator.

The Apprenticeship Coordinator shall:

- Provide or make arrangements for related instruction for apprenticeship trades,

P.S. 5300.18
December 23, 1996
Page 5

■ Keep records of the number of hours completed for each skill area for all apprenticeship program trainees, and

■ Conduct apprenticeship committee meetings at least twice a year with at least one meeting conducted at the institution. Minutes from these meetings shall also be prepared and  for three years.

9.  **[PROCEDURES FOR OCCUPATIONAL EDUCATION PROGRAMS §544.55**

   **a.  A specified portion of all occupational education programs is to consist of "live work."]**

   "Live work" is to comprise at least one-third of each training program curriculum as measured by training hours.  The Regional Director may grant an exemption with proper documentation.

   The training instructor and the Supervisor of Education shall be consulted before live-work projects are performed.  A log of live-work projects shall also be for three years.

   **[b.  Duplication of services should be eliminated within the institution among training programs, other departments, and UNICOR.]**

   Each Warden shall review the potential for consolidating services among these areas.  Education Program Reviewers during their scheduled program reviews and Regional Education Administrators during their staff-assist visits shall examine duplicated services in the institution and report on the status of plans to eliminate them.

   c.  Inmates shall not be enrolled in any marketable occupational training programs if they have not previously met academic requirements or if they do not maintain concurrent enrollment in a General Educational Development (GED) program.

10.  **[EXPLORATORY TRAINING §544.56.  In addition to the occupational education programs listed in this rule, each Bureau of Prisons institution shall, where practicable, provide Exploratory Training to interested inmates.  Exploratory Training is a study of occupations and industries for the purpose of providing the student with a general knowledge of the world of work, rather than specific skill development.]**

Exploratory training programs are ordinarily less than 100 hours; however, completion of pre-defined criteria rather than attendance must be demonstrated before awarding an exploratory level completion.  These pre-defined criteria shall be established by the institution and approved by the Supervisor of Education.

11.  ACCREDITATION AND CERTIFICATION REQUIREMENTS.  Whenever feasible, each occupation program shall be accredited by a state or other recognized accreditation association or agency.  Where an entire education department is accredited by an accrediting agency, independent accreditation or certification for each occupation training program is preferred, but not required.

Certification tests from outside organizations (e.g. National Occupational Competency Testing Institute, American Service of Excellence) may also be administered to individual inmates upon completion of a specific occupational training program.  However, the individual skill competency certification shall not replace the certification of the training program.

12.  TRADE ADVISORY COMMITTEE MEETINGS.  A trade advisory committee shall be required when an occupational training program is not offered by an outside accredited education institution or not certified/accredited by an outside certifying or accrediting agency.

- Where an entire education department is accredited or certified by an outside agency, a trade advisory committee shall still be required to ensure the quality of an individual occupational training program if the program is not accredited or certified by an outside recognized agency.

- The size and composition of trade advisory committees will vary according to local needs, but they must include at least two active members who are not regular employees or contractors of the institution.  The intent is to include representatives from trade organizations, accredited training institutions, or potential employers.

- These committees shall meet at least twice a year with at least one meeting conducted at the institution.  Minutes from the trade advisory committee shall be prepared and maintained for three years.

13.  OCCUPATIONAL TRAINING AND RELEASE PREPARATION.  Occupational training assists inmates with their preparation for post-release employment.  Specifically, occupational program inmates learn valuable knowledge and skills to enhance their opportunities for post-release employment.

14.  EQUIPMENT.  Any new equipment purchased for training programs must be compatible with institution or UNICOR equipment.

An exception may be made when existing equipment is obsolete; however, any such exception must be reported to:

- the Regional Director, for institution equipment, or

- the Assistant Director, Industries, Education, and Vocational Training, for UNICOR equipment.

RIVA8   541.62                                          07-12-2004
PAGE 001        *    UPDATE EXTRA GOOD TIME         *     10:40:36

REG NO..: 09565-007      LAST NAME: FORRESTER      FUNCTION: DIS
UNT 1..: RIV A-DES
COMP NO.: 010            JWAR NO.:        OBLG NO:     INST...: RIV
DT IN/ACTION DT: 07-12-2004  DATE OUT: MM-DD-YYYY TYPE...:  LSA AMT:
AUTOCALC (Y/N).:         HRDCPYS.: COMP:  GT:  LABELS:  P/S IND:

--------- EXTRA GOOD TIME (EGT) STATUS INFORMATION AS OF 07-12-2004 ----------
MAXIMUM EGT POSSIBLE........: 650      EGT RATE.........: 5
EGT EARNED..................: 44       BREAK OVER DATE..: 05-31-2004
EGT AWARDED/ADJ BY LUMP SUM.: 30       EGT STATUS.......: MGT
EGT POSSIBLE TO AWARD.......: 576      DC EDUCATION TIME: 191
--- STATUTORY RELEASE DATES (SRD) AS OF 07-12-2004 (FF/WH/R..: 0     ) -----
SRD ADJ SGT FF/WH/R.........: 06-11-2013 TUE
SRD ADJ SGT FF/WH/R/EGT.....: 09-19-2012 WED  (CUR EGT.........: 265   )
SRD ADJ SGT FF/WH/R/EGT PROJ: 07-24-2011 SUN  (CUR AND PROJ EGT: 688   )

----------- COMPUTATION (COMP) STATUS INFORMATION AS OF 07-12-2004 ----------
COMP NO. 010 STATUS: COMPLETE      TOTAL COMPS...: 1   TOTAL INCOMPLETE: 0
DATE COMP BEGINS...: 03-02-1994    TOTAL COMPLETE: 1   TOTAL SATISFIED.: 0

G0002        MORE PAGES TO FOLLOW . . .

06-1954
FILED

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Exhibit*

*Seventeen*

Gerald Marshall
Fed. Reg. No. 08573-007
Rivers Correctional Institution
Post Office Box 630
Winton North Carolina 27986

## GERALD MARSHALL'S DECLARATION
## IN SUPPORT OF
## CHARLES E. FORRESTER'S CIVIL COMPLAINT

I, Gerald Marshall, declare  under the penalty of perjury:

1. I am a **39** year old District of Columbia Code offender cur-
rently confined at the Rivers Correctional Institution("RCI") pur-
suant to a contract between the Federal Bureau of Prisons and the
GEO Group, Inc.

2. This declaration is made in support of Charles E. Forrester's
civil complaint, which will be filed in the United States District
Court for the District of Columbia.

3. I assert that this declaration is made under my own free
will. I am under absolutely no pressure nor duress to make this de-
claration.

4. On or about March 24, 2006, I requested to be placed in the
vocational course: Air Conditioning, Heating & Refrigeration Tech-
nology("HVAC"). I declare that my request for the HVAC program was
denied because I am too old, and I am a Maryland resident. My step
1 grievance was denied. See attachment one, paragraph **2**.

5. On April 26, 2006, I requested the Custodial Maintenance
course. The academic counselor apprised me that " custodial main-
tenance is inactive". See attachment two, April 26, 2006 Request
to Staff.

6. I declare that I have been denied two(2) vocational pro-
grams while I have been housed at RCI. Currently, I am exhausting

*Exhibit*

*Eighteen*

<u>all</u> of my available administrative grievance procedures in an attempt to have the program deficiencies rectified at RCI.

7. I understand that Mr. Forrester has been denied the same vocational programs. If I am called to testify during the course of Mr. Forrester's court proceedings, I declare that I will testify truthfully and in a manner that is consistent with this declaration.

8. I declare that this declaration is not a sham, nor is it submitted in bad faith.

/s/ *Gerald Marshall*
Gerald Marshall


I declare under the penalty of perjury that the foregoing is **true** and **correct**, to the best of my knowledge, information, and belief. <u>See</u> Title 28 U.S.C. sec. 1746.

Executed on: 9 / 25 /2006

/s/ *Gerald Marshall*
Gerald Marshall


Page 2 of 2



**The GEO Group, Inc.**

## Administrative Remedy

### Step 1 – Response

| | | | |
|---|---|---|---|
| Date Filed: | | Remedy ID No.: | 06-063 |
| Inmate Name: | Gerald Marshall | Reg #: | 08573-007 |

This is in response to your Step 1 Administrative Remedy dated April 3, 2006 in which you are stating that you are being denied Rivers Correctional Institutions HVAC class.

An investigation revealed that you are not being denied the HVAC but "According to the guidelines set forth from the Workforce and Community Transaction program and the DOC-SEO, eligible participants are: 18-25 years old, high school graduates or GED recipients, within 1-5 years of release from prison, and residents of the District of Columbia. Records show that you do not meet the criteria set forth.

After viewing all available information, there is insufficient information to validate your statement.

If you are not satisfied with this response, you may obtain a Step 2 form you Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response".

_4-19-06_
Date

_David Farmer_, AW-Programs

Attachment

ONE

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Mr. Leary, Academic Counselor | DATE: 4-26-06 |
|---|---|
| FROM: Gerald L. Marshall, II | REGISTER NO.: 08573-007 |
| WORK ASSIGNMENT: Pod Orderly | UNIT: C-4 215 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

In scrutinizing the limited Vocational opportunities that are depicted on the GEO Education Department sheet that you provided to me, I discovered Custodial Maintenance. I am interested in the Custodial Maintenance Vocational Program.

I am requesting that you place me in the noted course as soon as possible.

(Do not write below this line)

DISPOSITION:

At the present time, Custodial Maintenance is inactive.

Attachment

TWO

| Signature Staff Member Mr. Leary | Date 4/26/06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Russell Hamilton  #30683-007
Rivers Correctional Institution
P.O.Box 630 / Unit D
Winton  NC 27986-0630

23 September 2006


## RUSSELL HAMILTON'S DECLARATION
## IN SUPPORT OF CHARLES E. FORRESTER'S
## CIVIL COMPLAINT


I, Russell Hamilton, **declare under the penalty of perjury that:**

**1)**  I am a 32-year-old District of Columbia code offender, and currently imprisoned at Rivers Correctional Institution pursuant to a contract between the Federal Bureau of Prisons and GEO Group, Inc. (formerly Wackenhut Corrections Corporation).

**2)**  This declaration is made in support of Charles E. Forrester's civil complaint, which will be filed in the U.S. District Court for the District of Columbia.

**3)**  I assert that this declaration is made under my own free will.  I am under absolutely no pressure nor duress to make this declaration.

**4)**  I have been imprisoned at Rivers Correctional Institution since 6 February 2002.  In that period of time, I have had at least eight program reviews or unit team meetings.

**5)**  In every one of the aforementioned reviews/meetings, my unit team expressed concern about my lack of program participation. My unit team is aware of my employment history and prior education

- 1 -

record. My unit team is aware that Rivers Correctional Institution currently offers only **one** marketable vocational/apprenticeship program: the Heating, Ventilation, & Air Conditioning ("HVAC") course. However, that course is only available to District of Columbia **residents** who are 25 **years old or younger.**

6) Consequently, I am not participating in any educational or vocational programs at Rivers Correctional Institution, as none are available or appropriate for inmates of my age and experience.

7) If called to testify during the course of Mr. Forrester's court proceedings, with respect to the dearth of vocational programs available at Rivers Correctional Institution, I declare that I will testify truthfully and in a manner that is consistent with this declaration.

8) I declare that this declaration is neither a submission in bad faith nor intended to deceive.

/s/ _Russell Hamilton_____

I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief. See Title 28 U.S.C. § 1746.

Executed on: _09_ / _23_ / _2006_    /s/ _Russell Hamilton_____

- 2 -

Abdul-Hakeem Muhammad
Fed. Reg. No.: 09177-007
Rivers Correctional Institution
Post Office Box 630
Winton North Carolina 27986

### ABDUL-HAKEEM MUHAMMAD'S DECLARATION
### IN SUPPORT OF
### CHARLES E. FORRESTER'S CIVIL COMPLAINT

I, Abdul-Hakeem Muhammad, declare under the penalty of perjury:

1. I am a **32** year old District of Columbia Code offender currently confined at the Rivers Correctional Institution("RCI") pursuant to a contract between the Federal Bureau of Prisons("BOP") and the GEO Group, Inc.

2. This declaration is made in support of Charles E. Forrester's civil complaint, which will be filed in the United States District Court for the District of Columbia.

3. I assert that this declaration is made under my own free will. I am under absolutely **no** pressure nor duress to make this declaration.

4. I have been incarcerated since March 29, 1993.

5. I arrived at RCI on November 6, 2001 from the BOP's FCI Memphis.

6. Since my arrival at RCI, I have completed every program that RCI has to offer D.C.Code offenders. See the attached 9-25-06 Education Data.

7. On or about May 5, 2006, I requested to be placed in the **HVAC** program. Subsequently, I was verbally informed by Mr. Leary, the academic counselor, that I had surpassed the **25** year old limit for the entry of the HVAC course.

8. I declare that if I would have remained at the BOP's FCI Memphis.

9. I understand that Mr. Forrester is being deprived of his right to program. If I am called to testify during the course of Mr. Forrester's court proceedings, I declare that I will testify truthfully regarding the program deficiencies at RCI, and in a manner that is consistent with this declaration.

10. I declare that this declaration is not a sham, nor is it submitted in bad faith.

/s/ _Abdul-Hakeem Muhammad_
Abdul-Hakeem Muhammad


I declare under the penalty of perjury that the foregoing is **true** and **correct,** to the best of my knowledge, information, and belief. See Title 28 U.S.C. § 1746.


Executed on: _10_ / _3_ /2006        /s/ _Abdul-Hakeem Muhammad_
Abdul-Hakeem Muhammad

```
                    *            INMATE EDUCATION DATA            *      09-25-2006
PAGE 001            *                 TRANSCRIPT                  *      09:25:15

REGISTER NO: 09177-007       NAME...: MUHAMMAD                 FUNC: DIS
FORMAT.....: TRANSCRIPT      RSP OF: RIV-RIVERS CI

------------------------- EDUCATION INFORMATION -------------------------
FACL ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP DATE/TIME
RIV  ESL HAS    ENGLISH PROFICIENT           02-01-2001 1059 CURRENT
RIV  GED HAS    COMPLETED GED OR HS DIPLOMA  02-13-2001 1055 CURRENT


------------------------- EDUCATION COURSES -------------------------
SUB-FACL    DESCRIPTION               START DATE  STOP DATE EVNT AC LV  HRS
RIV         ADULT CONT EDU CORRESPONDENCE  09-06-2006 CURRENT
RIV         ADULT CONT EDU CORRESPONDENCE  04-28-2006 06-28-2006  P  C  P    1
RIV         ADULT CONT EDU CORRESPONDENCE  11-18-2004 03-13-2006  P  C  P    1
RIV         COMPUTER KEYBOARDING VT P D AM 04-25-2005 07-15-2005  P  C  E   55
RIV         COMPUTER APPLICATIONS PT PT    12-23-2004 04-22-2005  P  C  E   80
RIV         VOC COMPUTER TECHNOLOGY CMG    08-31-2004 12-23-2004  P  C  E   80
RIV         VOC COMPUTER TECHNOLOGY CMG    05-14-2004 08-25-2004  P  C  E   80
RIV         VOCATIONAL WOOD SHOP ART       01-01-2004 04-30-2004  P  C  E   80
RIV         VOCATIONAL WOOD SHOP ART       04-29-2003 05-08-2003  P  W  V    6

G0002       MORE PAGES TO FOLLOW . . .
```

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

F
06 2 1954
HHK

### I (a) PLAINTIFFS

Charles E. Forrester, Jr.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~88888~~
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
#09565-007

### DEFENDANTS

BOP, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TP_____

CASE NUMBER    1:06CV01954

JUDGE: Henry H. Kennedy

DECK TYPE: Pro se General Civil

DATE STAMP: 11/15/2006

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

□ 3 Federal Question
(U.S. Government Not a Party)

□ 4 Diversity
(Indicate Citizenship of Parties in item III)

### III CITIZENS FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| □ A. Antitrust | □ B. Personal Injury/ Malpractice | □ C. Administrative Agency Review | □ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| □ 410 Antitrust | □ 310 Airplane<br>□ 315 Airplane Product Liability<br>□ 320 Assault, Libel & Slander<br>□ 330 Federal Employers Liability<br>□ 340 Marine<br>□ 345 Marine Product Liability<br>□ 350 Motor Vehicle<br>□ 355 Motor Vehicle Product Liability<br>□ 360 Other Personal Injury<br>□ 362 Medical Malpractice<br>□ 365 Product Liability<br>□ 368 Asbestos Product Liability | □ 151 Medicare Act<br><br>**Social Security:**<br>□ 861 HIA ((1395ff)<br>□ 862 Black Lung (923)<br>□ 863 DIWC/DIWW (405(g)<br>□ 864 SSID Title XVI<br>□ 865 RSI (405(g)<br><br>**Other Statutes**<br>□ 891 Agricultural Acts<br>□ 892 Economic Stabilization Act<br>□ 893 Environmental Matters<br>□ 894 Energy Allocation Act<br>□ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### □ E. General Civil (Other) OR ☒ F. Pro Se General Civil

| **Real Property**<br>□ 210 Land Condemnation<br>□ 220 Foreclosure<br>□ 230 Rent, Lease & Ejectment<br>□ 240 Torts to Land<br>□ 245 Tort Product Liability<br>□ 290 All Other Real Property<br><br>**Personal Property**<br>□ 370 Other Fraud<br>□ 371 Truth in Lending<br>□ 380 Other Personal Property Damage<br>□ 385 Property Damage Product Liability | **Bankruptcy**<br>□ 422 Appeal 28 USC 158<br>□ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>□ 535 Death Penalty<br>□ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>□ 555 Prison Condition<br><br>**Property Rights**<br>□ 820 Copyrights<br>□ 830 Patent<br>□ 840 Trademark<br><br>**Federal Tax Suits**<br>□ 870 Taxes (US plaintiff or defendant)<br>□ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>□ 610 Agriculture<br>□ 620 Other Food &Drug<br>□ 625 Drug Related Seizure of Property 21 USC 881<br>□ 630 Liquor Laws<br>□ 640 RR & Truck<br>□ 650 Airline Regs<br>□ 660 Occupational Safety/Health<br>□ 690 Other<br><br>**Other Statutes**<br>□ 400 State Reapportionment<br>□ 430 Banks & Banking<br>□ 450 Commerce/ICC Rates/etc.<br>□ 460 Deportation | □ 470 Racketeer Influenced & Corrupt Organizations<br>□ 480 Consumer Credit<br>□ 490 Cable/Satellite TV<br>□ 810 Selective Service<br>□ 850 Securities/Commodities/ Exchange<br>□ 875 Customer Challenge 12 USC 3410<br>□ 900 Appeal of fee determination under equal access to Justice<br>□ 950 Constitutionality of State Statutes<br>□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

(2)

| □ **G.** *Habeas Corpus/ 2255* | □ **H.** *Employment Discrimination* | □ **I.** *FOIA/PRIVACY ACT* | □ **J.** *Student Loan* |
|---|---|---|---|
| □ **530 Habeas Corpus-General**<br>□ **510 Motion/Vacate Sentence** | □ **442 Civil Rights-Employment**<br>**(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)**<br><br>**\*(If pro se, select this deck)\*** | □ **895 Freedom of Information Act**<br>□ **890 Other Statutory Actions (if Privacy Act)**<br><br><br><br>**\*(If pro se, select this deck)\*** | □ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| □ **K.** *Labor/ERISA (non-employment)* | □ **L.** *Other Civil Rights (non-employment)* | □ **M.** *Contract* | □ **N.** *Three-Judge Court* |
|---|---|---|---|
| □ **710 Fair Labor Standards Act**<br>□ **720 Labor/Mgmt. Relations**<br>□ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>□ **740 Labor Railway Act**<br>□ **790 Other Labor Litigation**<br>□ **791 Empl. Ret. Inc. Security Act** | □ **441 Voting (if not Voting Rights Act)**<br>□ **443 Housing/Accommodations**<br>□ **444 Welfare**<br>□ **440 Other Civil Rights**<br>□ **445 American w/Disabilities-Employment**<br>□ **446 Americans w/Disabilities-Other** | □ **110 Insurance**<br>□ **120 Marine**<br>□ **130 Miller Act**<br>□ **140 Negotiable Instrument**<br>□ **150 Recovery of Overpayment & Enforcement of Judgment**<br>□ **153 Recovery of Overpayment of Veteran's Benefits**<br>□ **160 Stockholder's Suits**<br>□ **190 Other Contracts**<br>□ **195 Contract Product Liability**<br>□ **196 Franchise** | □ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

Ⓧ **1 Original Proceeding**   □ **2 Removed from State Court**   □ **3 Remanded from Appellate Court**   □ **4 Reinstated or Reopened**   □ **5 Transferred from another district (specify)**   □ **Multi district Litigation**   □ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23    **DEMAND $** 0    Check YES only if demanded in complaint
**JURY DEMAND:** □ YES   Ⓧ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    Ⓧ YES   □ NO    If yes, please complete related case form.

**DATE** 11.15.06    SIGNATURE OF ATTORNEY OF RECORD  NCD

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



N:\forms\js-44.wpd