FILED

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


CHARLES E. FORRESTER, JR.,
    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, et al.,
    Defendants.

CASE NUMBER  1:06CV01954

JUDGE: Henry H. Kennedy

DECK TYPE: Pro se General Civil

DATE STAMP: 11/15/2006


## PLAINTIF'S MOTION REQUESTING THE COURT
## TO CERTIFY HIS CIVIL COMPLAINT
## AS A CLASS ACTION PURSUANT TO RULE 23
## OF THE FEDERAL RULES OF CIVIL PROCEDURE


Comes now the Plaintiff, Charles E. Forrester, Jr., moving **pro se**, and hereby respectively requests the Court to certify his civil complaint as a class action in accordance with the Federal Rules of Civil Procedure, Rule 23(a). In addition, Plaintiff is hereby requesting the Court to appoint class counsel pursuant to Fed. R. Civ. P., Rule 23(g). In support of this motion, Plaintiff avers to the following:


1. Plaintiff has filed a civil complaint pursuant to 42 U.S.C. § 1983 and the Administrative Procedure Act (5 U.S.C. § 701 et seq.)

- 1 -

5

asserting that the Federal Bureau of Prisons ("BOP") and its officers have failed in their duty to ensure that Plaintiff and similarly situated D.C. Code offenders have access to "education" and "training" as mandated pursuant to Section 11201(b) of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. 105-33, 111 Stat. 251, 734 (codified at D.C. Code § 24-101 (2001)). See Plaintiff's Complaint Memorandum ("Compl. Memo") at p. **2**, and at paragraphs **5**, **20**, **23**, and **35**.

2.   Plaintiff asserts in his civil complaint that he and the vast majority of the similarly situated D.C. Code offenders are being denied their "right" to participate in "education" and "vocational training".   In addition, the vast majority of the class members are being denied their "interest" in acquiring programs; and they are being barred from undertaking their "responsibility" to take advantage of such programs, all in violation of 28 C.F.R. § 541.12(10) (Inmate rights and responsibilities).   See Compl. Memo at paragraphs **27**, **30**, **32**, and **35**.

3.   In addition, the vast majority of the class members housed at Rivers Correctional Institution ("RCI") are being deprived of the same education, vocational, and apprenticeship training as the D.C. Code offenders are receiving in the BOP facilities, pursuant to 28 C.F.R. § 544.50.   See Plaintiff's Compl. Memo at p. **2**, and paragraphs **5** and **34**.

- 2 -

4. Plaintiff asserts that the D.C. Code class at RCI is so numerous that joinder of all members is impracticable. Pursuant to D.C. Code § 24-101(c)(1)(B), Congress has charged the federal government with the duty to house in private contract facilities, "[a]t least 50 percent of the District of Columbia sentenced felons by December 31, 1999...". See id. The BOP has contracted Plaintiff and thousands of D.C. Code offenders to RCI, pursuant to a March 7, 2000 contract between the BOP and the GEO Group, Inc. (formerly Wackenhut Corrections Corporation). See the attached portion of the March 7, 2000 contract, at p. 5, lines 7-11, and p. 6, lines 8 and 9. See General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 72 102 S. Ct 2364(1982).

5. Plaintiff asserts that he has requested and has been denied the following vocational programs based on his age and residence: Air Conditioning, Heating & Refrigeration Technology ("HVAC") vocational program. In addition, Plaintiff requested the Custodial Maintenance vocational program, but was denied    due to the program being "inactive". See Plaintiff's Compl. Memo at paragraphs 23, 24, and 35.

6. Plaintiff asserts within his complaint that Congress has charged the BOP with the responsitiblity of ensuring that the D.C. Code offenders housed at the privately-operated RCI receive "education" and "training". See D.C. Code § 24-101(b). However, it is unclear whether or not Congress authorized the BOP to allow only

-3-

a specific age group of D.C. Code offenders to acquire HVAC or any other vocational program, and to deny another age group of D.C. Code offenders the opportunity to acquire HVAC or any other vocational program.  See Plaintiff's Compl. Memo at paragraphs **23**, **27**, **34**, and **35**.  Plaintiff asserts that some of D.C. Code offenders are reaping the benefits of D.C. Code § 24-101(b) and 28 C.F.R. § 542.12(10), while the vast majority of the class members are being deprived of the statutory and regulatory benefits.  See Plaintiff's Compl. Memo at p.**2**, and paragraphs **4**, **5**, **20**, and **27**.  The laws and regulations applicable to this case can and will affect virtually all prospective D.C. Code offenders arriving at RCI.  See supra, paragraph **4**. See also Long v. Gaines, 167 F.Supp.2d 75, 83 (D.D.C. 2001); Franklin v. Barry, 909 F.Supp. 21, 29-31 (D.D.C. 1995).

7.  Plaintiff is hereby respectfully requesting the Court to appoint class counsel to this action in accordance with Fed. R. Civ. P., Rule 23(g).  Plaintiff asserts that he can not meet the extraordinary requisites of Rule 23(g) to fairly and adequately represent the interests of the class.  Plaintiff has absolutely no formal training as an attorney, and is moving **pro se** at this time.  See Bynum v. District of Columbia, 214 F.R.D. 27 (D.D.C. 2003).

8.  However, Plaintiff asserts that the appointed class counsel could fairly represent the constitutional, statutory, and regulatory interests of Plaintiff, and the adversely affected class members.

- 4 -

See Plaintiff's Compl. Memo at paragraphs **5**, **7**, **20**, **23**, **27**, and **35**. Importantly , the issues raised by Plaintiff are confusing and too complex, especially in light of the fact that there is a serious disparity amongst the D.C. Code offenders housed at RCI with respect to programs. See chiefly Plaintiff's Compl. Memo at paragraphs **23** and **35**.

9.   The complexity of this action may require an extensive examination into the legislative intent surrounding section 11201(b) of the National Capital Revitalization and Self-Government Improvement Act of 1997. See Plaintiff's Compl. Memo at paragraph **9**. This issue will more than likely require a multitude of document requests to the BOP and RCI with respect to the affected class members. See the attached portion of the March 7, 2000 contract at p. **19**, lines **23-27**. Undoubtedly, any request for information (e.g. education data) on any class member from Plaintiff as the class representative will be denied by the BOP and RCI officials.

10.   Thus, the Court is requested to appoint class counsel to this civil complaint. See Fed. R. Civ. P., Rule 23(g). See Fed. R. Civ. P., Rule 23(g). See also supra paragraph **4**.

**WHEREFORE,** Plaintiff prays that the Court will, in the interest of justice and fairness, certify Plaintiff's civil complaint as a

- 5 -

class action pursuant to Fed. R. Civ. P., Rule 23(a); and appoint

class counsel pursuant to Fed. R. Civ. P., Rule 23(g).


                                    Respectfully submitted,

October 3, 2006                 /s/ _____

                                    Charles E. Forrester, Jr.
                                    Fed. Reg. No. 09565-007
                                    Rivers Correctional Institution
                                    P.O.Box 630 / Unit C
                                    Winton  NC  27986-0630

# CONTRACT AWARD

| | PAGE | OF | PAGES |
|---|---|---|---|
| | 1 | | 181 |

| 1. CONTRACT NUMBER | 2. EFFECTIVE DATE | 3. SOLICITATION NUMBER | 4. REQUISITION/PROJECT NUMBER |
|---|---|---|---|
| J1PCc-005 | See Block 15c | RFP PCC-0004 | N/A |

| 5. ISSUED BY | CODE | N/A | 6. ADMINISTERED BY (If other than Item 5) | CODE | N/A |
|---|---|---|---|---|---|

5. ISSUED BY

Federal Bureau of Prisons
320 First Street NW Room 500-6
Washington, DC 20534
Scott P. Stermer, Contracting Officer
(OMB #1103-0018 EXP 02/28/01)

6. ADMINISTERED BY

Same Block 5

## ORIGINAL

| 7. NAME AND ADDRESS OF CONTRACTOR | CODE | | 8. PAYMENT WILL BE MADE BY |
|---|---|---|---|

7. NAME AND ADDRESS OF CONTRACTOR

Wackenhut Corrections Corporation
4200 Wackenhut Drive
Palm Beach Gardens, FL 33410

8. PAYMENT WILL BE MADE BY

Federal Bureau of Prisons
Mid-Atlantic Region
Junction Business Park
10010 Junction Drive, Suite 100-N
Annapolis Junction, MD 20701
Regional Comptroller

| 9A. DUNS NUMBER | 9B. TAXPAYER'S IDENTIFICATION NO. | 10. SUBMIT INVOICES (4 copies unless otherwise specified) TO |
|---|---|---|
| (b)(4) | (b)(4) | [X] ITEM 5  [ ] ITEM 6  [ ] ITEM 8  [ ] OTHER (Specify) |

### 11. TABLE OF CONTENTS

| (X) | SEC. | DESCRIPTION | PAGE(S) | (X) | SEC. | DESCRIPTION | PAGE(S) |
|---|---|---|---|---|---|---|---|
| | | PART I - THE SCHEDULE | | | | PART II - CONTRACT CLAUSES | |
| x | A | SOLICITATION/CONTRACT FORM | 3 | x | I | CONTRACT CLAUSES | 11 |
| x | B | SUPPLIES OR SERVICES AND PRICES/COSTS | 4 | | | PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACH. | |
| x | C | DESCRIPTION/SPECS./WORK STATEMENT | 40 | x | J | LIST OF ATTACHMENTS | 96 |
| x | D | PACKAGING AND MARKING | 1 | | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| x | E | INSPECTION AND ACCEPTANCE | 4 | | K | REPRESENTATIONS, CERTIFICATIONS AND OTHER STATEMENTS OF OFFERORS | |
| x | F | DELIVERIES OR PERFORMANCE | 2 | x | | | 14 |
| x | G | CONTRACT ADMINISTRATION DATA | 3 | | L | INSTRS., CONDS., AND NOTICES TO OFFERORS | |
| x | H | SPECIAL CONTRACT REQUIREMENTS | 3 | | M | EVALUATION FACTORS FOR AWARD | |

**12. BRIEF DESCRIPTION**

Contractor-Owned and Contractor-Operated correctional facility for an estimated population of 1,200 low security male District of Columbia (D.C.) sentenced felons.

| 13. TOTAL AMOUNT OF CONTRACT ▶ | $91,890,622.95 (FP01009T120M) |
|---|---|

**14. CONTRACTOR'S AGREEMENT.** Contractor agrees to furnish and deliver the items or perform services to the extent stated in this document for the consideration stated. The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

**15. AWARD.** The Government hereby accepts your offer on the solicitation identified in item 3 above as reflected in this award document. The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

[X] A. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN FOUR COPIES TO THE ISSUING OFFICE. (Check if applicable)

B. SIGNATURE OF PERSON AUTHORIZED TO SIGN

C. NAME OF SIGNER
Wayne H. Calabrese

D. TITLE OF SIGNER
President

E. DATE
2/22/2000

A. UNITED STATES OF AMERICA (Signature of Contracting Officer)

**06 1954**

**FILED**

B. NAME OF CONTRACTING OFFICER
Scott P. Stermer, Contracting Officer

**NOV 1 5 2006**

C. DATE
3/7/2000

NANCY MAYER WHITTINGTON, CLERK

AUTHORIZED FOR LOCAL REPRODUCTION

OPTIONAL FORM 307 (REV. 4-97)
Prescribed by GSA - FAR (48 CFR) 53.215-1(e)

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1    I.    INTRODUCTION

2    The National Capital Revitalization and Self-Government
3    Improvement Act of 1997 mandates that the Bureau of Prisons house
4    a portion of the District of Columbia sentenced felon population
5    in private contract facilities.

6    The Bureau of Prisons has proceeded to comply with this mandate
7    by identifying the appropriate populations to fulfill the
8    requirement from the overall District of Columbia sentenced felon
9    population.

10   The attached SOW identifies the technical and programmatic
11   details for a low security adult male population.

DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK
Request for Proposal PCC-0004

1    III. OBJECTIVE

2    A.  Performance Requirements

3    This SOW sets forth the contract performance requirements for the
4    comprehensive management and operation of a contractor-owned/
5    contractor-operated corrections facility for a low security adult
6    male population.

7    Housing facilities shall be provided to accommodate at least
8    1,200 low security beds at a single site.  In addition, the
9    institution shall include a special housing unit (segregation)
10   with a capacity of at least 10% of the institution's rated
11   capacity.

12   The contractor shall ensure that the institution is operated in a
13   manner consistent with the mission of the BOP.  It is the mission
14   of the BOP to protect society by confining offenders in the
15   controlled environments of prison and community-based facilities
16   that are safe, humane, cost-efficient, and appropriately secure,
17   and that provide work and other self-improvement opportunities to
18   assist offenders in becoming law-abiding citizens.

19   The institution shall be located within a 300 mile radius of the
20   United States Capitol, Washington, D.C.

21   Contract performance shall be for a three-year base period with 7
22   one-year options, exercised unilaterally by the Government, for a
23   potential term of ten years.

24   Within 365 days following contract award, the contractor shall
25   notify the CO it is ready to accept inmates and assume full
26   responsibility for the operation, maintenance and security of the
27   institution.

28   It is essential that the contractor be fully prepared to accept
29   responsibility for performing the requirements of the contract,
30   thus ensuring the safety and security of the community.
31   Therefore, the BOP will perform numerous assessments to ensure
32   contract compliance prior to issuance of the NTP (See Contract
33   F.2).

34   Unless otherwise specified, all plans, policies and procedures,
35   including those identified in the ACA standards, shall be
36   developed by the contractor and submitted in writing to the CO

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1  for review and concurrence prior to issuance of the NTP.  Once
2  concurrence has been granted, these plans, policies and
3  procedures shall not be modified without the prior written
4  acknowledgment of the CO.

5  If the BOP determines the contractor is capable of accepting
6  inmates, the NTP will be issued.  The contractor shall begin
7  accepting inmates within 30 days after issuance of the NTP.

8  It is anticipated that the BOP will predominantly designate
9  individuals committed as DC sentenced felons to the institution.
10  However, the BOP may designate any inmate within its custody
11  utilizing the same designation criteria as used at other BOP
12  facilities.  P.S. 5100.06, Security Designation and Custody
13  Classification Manual, outlines the procedures for designating
14  inmates.

15  Designations to the institution are anticipated to occur at an
16  estimated rate of 40 inmates per week.  The estimated weekly
17  designation of 40 inmates to the institution will result in the
18  population meeting the 1,200 bed requirement in 30 weeks.  The
19  institution designation schedule of 40 inmates per week is an
20  estimate only.  Actual designations will depend upon many
21  factors, including but not limited to, the contractor's ability
22  to provide services in accordance with the SOW; the sentencing of
23  offenders by the DC and Federal Courts; the designation of
24  offenders by the BOP.

25  Unless otherwise indicated, the contractor shall furnish all
26  personnel, management, equipment, supplies and services necessary
27  for performance of all aspects of the contract.

28  Unless explicitly stated otherwise, the contractor is responsible
29  for all costs associated with and incurred as part of providing
30  the services outlined in this contract.

31  B.  Contract Compliance

32  All services and programs shall comply with the SOW; the U.S.
33  Constitution; all applicable Federal, state and local laws and
34  regulations; applicable Presidential Executive Orders (E.O.); all
35  applicable case law, consent decrees, and Court Orders.  Should a
36  conflict exist between any of the aforementioned standards, the
37  most stringent shall apply.  When a conflict exists and a
38  conclusion cannot be made as to which standard is more stringent,

6

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1   G.   Case Records

2   All inmate files (e.g., central files, medical files and judgment
3   and commitment files) are to be prepared, maintained, retired and
4   disposed of in accordance with the BOP format.  Policy and
5   procedures shall be developed to ensure the confidentiality and
6   security of all inmate files (e.g., judgment and commitment
7   files, central files, U.S. Parole Commission mini-files) in
8   accordance with P.S. 5800.07, <u>Inmate Systems Management Manual</u>,
9   P.S. 5800.11, <u>Central File, Privacy Folder and Parole Mini-Files</u>
10  and in accordance with all applicable Federal provisions (e.g., 5
11  U.S.C. 552 and 552a).

12  The contractor shall interact with other agencies to satisfy
13  outstanding inmate obligations including, but not limited to:  1)
14  processing of Federal and state writs; 2) administration of the
15  Interstate Agreement on detainers; 3) detainer inquiries; 4)
16  lodging and removal of detainers; and 5) coordination of
17  transfer/inmate movement in and out of the institution in
18  accordance with P.S. 5800.07, <u>Inmate Systems Management Manual</u>,
19  Chapter 8; P.S. 5130.05, <u>Detainers and the Interstate Agreement</u>
20  <u>on Detainers</u>; P.S. 5875.08, <u>Transfers of Inmates to State Agents</u>
21  <u>for Production on State Writs</u>; and, P.S. 5800.08, <u>Receiving and</u>
22  <u>Discharge Manual</u>.

23  The contractor shall:  1) maintain inmate judgment and commitment
24  files; 2) maintain file accountability and security; 3) respond
25  to inmate inquiries; 4) respond to outside requests for
26  information; 5) verify release methods and dates prior to an
27  inmate's release; and other related functions.

28  The contractor shall comply with the Privacy Act of 1974,
29  (5 U.S.C. 552a) and 28 CFR, Parts 16 and 513.

30  No inmate shall be admitted to, or released from, institution
31  custody without prior BOP approval.

32  H.   Information Systems and Research

33  The BOP's Information System environment includes mainframe,
34  local area network (LAN) and wide area network (WAN) components.

35  The BOP's mainframe software environment exists in an internally-

19