UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES E. FORRESTER JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-1954 (HHK) |
| | ) | |
| BUREAU OF PRISONS, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
|                                            | ) | |

**<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

Defendants hereby file this reply in support of their motion to dismiss and respectfully request that the court dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

<u>ARGUMENT</u>

**I.    Plaintiff Has No Right to Participate in a Training Program**

Plaintiff claims that 28 C.F.R. § 541.12 confers a unyielding right to the educational program of his choice. Pl. Resp. pp. 1-8. His own opposition, however, confirms that there is no such right. The regulation stresses that inmates have a "right to participate in education and vocational training . . . ***as far as resources are available***." 28 C.F.R. § 541.12 (emphasis added). The list of inmate rights and responsibilities is an informal vehicle to give inmates a general overview of BOP rules. It is not, nor was it ever, a source of law afforded Due Process protections. Moreover, the regulation itself is subject to various rules and procedures which govern eligibility to participate in training programs. Plaintiff has been made aware of this fact. In the corresponding "Responsibilities" section regarding education and training, it states that:

1

"[Inmates] will be expected to abide by the regulations governing the use of [training] activities." 28 C.F.R. § 541.12. Thus, there is no unlimited opportunity or a "right" to participate in a particular training program. Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, 647 (D.D.C. 1987) ("A protectable liberty interest may arise from two sources-the Due Process Clause itself or the laws of the states").

## II.     There Is No Equal Protection Violation In This Matter

Plaintiff restates that his equal protection rights have been violated because the Rivers Correctional Institution offers the Air Conditioning and Heating Refrigeration program ("HVAC") only to DC residents between the ages of eighteen and twenty-five. Plaintiff claims to be forty-five and a Maryland resident who was convicted of DC offenses. He is therefore excluded from participation in the HVAC program. Again, this exclusion is not a violation of his equal protection rights as the Equal Protection Clause "is not a license for courts to judge the wisdom, fairness, or logic" of a policy choice. Romer v. Evans, 517 U.S. 620, 631(1996).

The HVAC program was *not* created by the BOP, it is part of a contractual obligation between the Board of Trustees of Roanoke Chowan Community College in Ahoeski, North Carolina and the District of Columbia. See Work Force and Community Training for Incarcerated Youth Offenders Program Overview (attached hereto). The BOP is responsible for oversight and implementation of the program as part of its custodial obligations of D.C. Inmates. The mission of the HVAC program is to assist *youth offenders* in gaining life and work skills. As stated in the Work Force and Community Training for Incarcerated Youth Offenders Program Overview,

> The purpose of this contract is to provide the terms and conditions under which the college will provide a Vocational and/or Developmental Education Program for eligible participants supported by the District of Columbia State Educational

>Office under the provisions of the federally funded Workforce and Community Transition Training for Incarcerated Youth Offenders Grant Program.

Exhibit 1. Therefore, in accordance with the programs stated goals, inmates must be between 18 to 25 years of age to be eligible for participation.

In this matter, the government has concluded, on a rational basis, that the disparate treatment of plaintiff is based on the desire to assist youth offenders. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 83 (2000) (differences in treatment based on age are reviewed under the rational basis test). Such classifications must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. See Heller v. Doe, 509 U.S. 312, 320 (1993). On rational-basis review, a classification carries a presumption of validity, and those attacking the rationality of the classification "have the burden 'to negative every conceivable basis which might support it.'" F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 315 (1993) (quoting Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364 (1973)). Plaintiff cannot and does not meet this high burden and, therefore, has not established a valid equal protection claim.

### III.    Plaintiff's Administrative Procedures Act Claim Fails

Plaintiff reiterates his claim that the BOP violates the Administrative Procedure Act by denying his participation in the HVAC program. Pl. Resp. p. 13. In particular, he asserts that the BOP failed to adhere to a mandate established in D.C. Code § 24-101(b), in which congress gave the BOP oversight of all felons convicted within the District of Columbia. Pl. Resp. pp. 14-15. Part of this oversight, plaintiff contends, is a responsibility to provide education and training to inmates. Id. It is true that D.C. Code § 24-101(b) does grant the BOP authority to oversee D.C. felons and part of this oversight includes the provision of educational and training opportunities. However, the language in the statute does not specify any detailed educational or

training program and does not confer either a property or a liberty interest in education or training.  Furthermore, the statute does not mention any right to training in general.  D.C. Code § 24-101(b).  Instead, the statute merely outlines the fact that training and educational opportunities are to be made available to inmates.  Several of these opportunities have been made available to plaintiff, as he acknowledged in his complaint.  See Pl. Compl. P. 14.

In essence, plaintiff is asserting that he has a right to participate in a prison training of his choice and this right simply does not exist.  Prison rehabilitation and training opportunities are not a constitutional right, but rather a privilege.  Hayes v. Cuyler 475 F.Supp. 1347, 1350 (E.D. Pa.1979) citing Green v. United States, 481 F.2d 1140 (D.C. Cir. 1973); Preston v. Ford, 378 F.Supp. 729, 730 (E.D. Ky.1974); United States v. Pate, 229 F.Supp. 818, 819 (N.D. Ill.1964); Mercer v. United States Medical Center for Federal Prisoners, 312 F.Supp. 1077, 1079 (W.D. Mo.1970).

## CONCLUSION

For the foregoing reasons, as well as those set forth in defendants' motion to dismiss, defendants respectfully request that this Court dismiss plaintiff's claims.

April 12, 2007                                          Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on April 12, 2007, a copy of the foregoing was sent by first class mail, postage prepaid to:

CHARLES E. FORRESTER, JR
R09565-007
RIVERS CORRECTIONAL INSTITUTION
P.O. Box 630
Winton, NC 27986

                                                  _____/s/_____
                                                  John F. Henault
                                                  Assistant United States Attorney

# Work Force and Community Transition Training
# For
# Incarcerated Youth Offenders Program Overview

**Contract**

This contract is between the Board of Trustees of Roanoke Chowan Community College and the Government of the District of Columbia State Education Office.

**Purpose**

The purpose of this contract is to provide the terms and conditions under which the college will provide a Vocational and/or Developmental Education Program for eligible participants supported by the District of Columbia State Education Office under the provisions of the federally funded Workforce and Community Transition Training for Incarcerated Youth Offenders Grant Program.

**Funding**

The Executive Office of the Mayor State Education Office, through the Office of Post -secondary, Research and Assistance, a predecessor agency has received the Workplace and Community Transition Training for Incarcerated Youth Offenders grant from the United States Department of Education. It seeks to provide post-secondary education to young District of Columbia inmates.

**Mission**

The mission of this grant is to assist and encourage incarcerated youth (25 and younger who have obtained a secondary school diploma or its equivalent and are eligible for release or parole within five years) to acquire functional literacy, life and job skills, through the pursuit of a post-secondary education certificate, an associate of arts or bachelors degree during their period of incarceration. The secondary purpose is to provide employment counseling and related services that begin during incarceration and continue through pre-release, while on parole or during release.

**Criteria of Eligibility**

According to the guidelines set forth from the Workforce and Community Transition and the DOC-SEO, eligible participants are: 18-25 years old, high school

graduates or GED recipients, within 1-5 years of release from prison, and residents of the District of Columbia.

**Project Goals**
    To offer post-secondary educational opportunities for selected District of Columbia inmates at Rivers Correctional Institution.

    To manage the financial and human resources necessary for the establishment of a post-secondary education program at Rivers Correctional Institution.

    To employee professional staff with the skills, knowledge, and experiences necessary for offering programs and services to meet the post-secondary educational needs of selected District of Columbia residents incarcerated at Rivers Correctional Institution.

    To assist selected District of Columbia residents incarcerated at Rivers Correctional Institution, in acquiring the social, survival, and personal management and employment skills necessary to function in the family, community, and workplace.

**Core Curriculum/ Vocational**
    The Air Conditioning and Heating and Refrigeration Certificate will be offered for this course of study. Future offerings may include Air Conditioning, Heating, and Refrigeration diploma, and College Transfer.

**Programs of Study / Completion**
    Air Conditioning, Heating, and Refrigeration Certificate to be completed in one year or less.

**Courses**

| Course Title | Credit Hours | Contact Hours |
| --- | --- | --- |
| AHR 111 | 5 | 8 |
| AHR 112 | 3 | 4 |
| AHR 110 | 4 | 6 |
| AHR 160 | 1 | 1 |
| TOTAL HOURS | 13 | 19 |

**Budget**

Roanoke Chowan Community College shall offer post-secondary educational courses for eligible District of Columbia Inmates incarcerated at Rivers Correctional Institution at the out-of-state tuition rate as set by the North Carolina State board of Colleges. The tuition is to be paid by the District of Columbia from a federally funded grant program. The tuition cost per inmate for completion of the certification program is $2,479.75.

Inmates will be assessed a charge for books and supplies as determined by course requirements. The estimated cost for books and supplies is $300.00.