UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES E. FORRESTER, JR, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS *et al.*, <br><br> Defendants. | Civil Action 06-1954  (HHK) |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, is a District of Columbia prisoner incarcerated at the United States Bureau of Prisons' Rivers Correctional Institution ("RCI") in Winton, North Carolina.  He challenges on constitutional and statutory grounds the denial of his requests to participate in two vocational programs by prison officials in March 2006.  Plaintiff seeks injunctive and declaratory relief.  Defendants move to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) and (b)(6).[1]  Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' Rule 12(b)(6) motion but will defer further action pending record supplementation on an overlooked claim.[2]

---

[1]  Also pending for resolution is plaintiff's motion for class certification.  As a prisoner proceeding *pro se*, plaintiff cannot credibly show his ability to "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and the Court does not find the appointment of counsel to be warranted.  The court therefore will deny plaintiff's motion for class certification. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (*citing Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973)) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."); *Martin v. Middendorf*, 420 F. Supp. 779, 781 (D.D.C. 1976) (denying *pro se* plaintiff's motion for class certification because, *inter alia*, of a "built-in disadvantage" of a layman against experienced government counsel).

[2]  Defendants have not articulated a basis to dismiss the case for lack of subject matter jurisdiction, and the court discerns no such basis.  As will become apparent, the court is satisfied

(continued...)

**1. Plaintiff Fails to State a Claim Against the Individual Defendants**

Invoking 42 U.S.C. § 1983, plaintiff sues the Bureau of Prisons ("BOP") and the following BOP employees in their official and individual capacities: Director Harley Lappin, Contracting Officer Scott P. Stermer, National Inmate Appeals Administrator Harrell Watts and "Senior Secure Institution Manager" Thomas R. Christensen who plaintiff also identifies as the "On-site Bureau of Prisons Representative." Compl. Caption. By its terms, § 1983 does not apply to federal officials acting under federal law. *Settles v. United States Parole Commission*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). " A *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983," however. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (*citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). The court therefore considers plaintiff's claim against the individual defendants to be brought under *Bivens*.

*Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("Both *Bivens* and § 1983 allow a plaintiff to seek money damages from government officials who have violated [constitutional] rights."); *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages," the payment of which a losing defendant is personally responsible). Under *Bivens*, "it is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted). Plaintiff does not seek to recover money damages. He therefore has failed to state a claim against the individual defendants for which relief may be granted.

---

[2](...continued)
that it has subject-matter jurisdiction under the federal question provision of 28 U.S.C. § 1331. Accordingly, defendants' Rule 12(b)(1) motion to dismiss is denied.

### 2. Plaintiff Fails to State Constitutional Claims

The remaining claims are for injunctive and declaratory relief against the United States. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (an official-capacity lawsuit is in effect against the sovereign); accord *Mason v. Judges of U.S. Court of Appeals for District of Columbia Circuit in Regular Active Service Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991*) cert. denied*, 508 U.S. 829 (1992).

Plaintiff alleges that on March 12, 2006, he requested to participate in the Air Conditioning, Heating & Refrigeration Technology vocational program ("HVAC") but was denied "based on an age and residence restriction." Compl. at 5. On March 20, 2006, plaintiff requested to participate in the Custodial Maintenance vocational program but was denied because the program was inactive. *Id*. He claims that these decisions violated his constitutional rights under the Fifth Amendment's due process and equal protection clauses and his regulatory right as an inmate "to participate in education, vocational training and employment" programs. 28 C.F.R. § 541.12(10).[3]

### A. The Due Process Claim

The due process clause is implicated when the government deprives an individual of life, property or liberty. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989). In identifying a liberty interest, courts may look to the Constitution or statutory law. *Ellis v. District of Columbia*, 84 F.3d 1413, 1415 (D.C. Cir. 1996). In a prison setting, however, liberty interests are "generally limited to freedom from restraint which, while not exceeding the

---

[3] Plaintiff also seeks review under the Administrative Procedure Act, 5 U.S.C. § 706, but the APA does "not apply to the making of any determination, decision, or order under [the] subchapter" governing imprisonment. 18 U.S.C. § 3625. The Court therefore lacks subject-matter jurisdiction over plaintiff's APA claim. *See Tanner v. Federal Bureau of Prisons,* 433 F. Supp.2d 117, 122 n.5 (D.D.C. 2006).

sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force [, *e.g.*, a transfer to a mental hospital or the involuntary administering of psychotropic drugs,] nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995) (citations omitted); accord *Franklin v. District of Columbia,* 163 F.3d 625, 631 (D.C. Cir. 1998). Thus, prisoners do not have a due process right to participate in vocational and educational programs, let alone one of their choosing.[4] *Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia*, 93 F.3d 910, 927 (D.C. Cir. 1996) (*citing Inmates of Occoquan v. Barry*, 844 F.2d 828, 836 (D.C. Cir. 1988)) (inmates do not have a constitutional right to work and educational opportunities); accord *Tanner,* 433 F. Supp.2d at 122 -23) (*citing Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000)) (other citations omitted).

In the absence of a demonstrated liberty interest, plaintiff may not proceed on his due process claim.

### B. The Equal Protection Claim

To establish an equal protection claim, a plaintiff must allege that the government intentionally discriminated against him as a member of a protected class, *see Personnel Adm'r v.*

---

[4] In demanding his placement in the HVAC program, plaintiff stated in his administrative grievance that he had completed "virtually all of the programs RCI has to offer me" and is interested "in HVAC only!" Compl. Ex. 6 [Dkt. 1-4], Attach. 2 (emphasis in original). In the complaint and a sur-reply filed in May 2007, however, plaintiff alleges that "there are no programs available to [him]" at RCI, and, as a consequence, he is not able to reduce the duration of his incarceration by earning educational good-time credit permitted by D.C. Code § 24-221.01(a). Plaintiff's Sur-reply [Dkt. No. 16] at 2, 4; *see* Compl. ¶¶ 25-28 (alleging the unavailability of "marketable vocational training"). The availability of such a program would only provide the opportunity for plaintiff to earn educational credit. Thus, a liberty interest is not at stake "because it is not inevitable that [the plaintiff] would complete an educational program and earn benefits derived from the program." *Tanner,* 433 F. Supp.2d at 123 (quoting *Zimmerman*, 226 F.3d at 572) (other citation omitted) (bracket in original). Moreover, the unavailability of such a program at a particular prison is not an atypical deprivation but rather "merely leaves the prisoner with the normal attributes of confinement." *Id.* (internal quotation marks omitted).

*Feeny*, 442 U.S. 256 (1979), or absent assertions of being a member of a protected class, that the government treated him differently than another similarly situated individual or group. *Women Prisoners*, 93 F.3d at 924; *Dumaguin v. Secretary of Health and Human Services*, 28 F.3d 1218, 1222 (D.C. Cir. 1994), *cert. denied*, 515 U.S. 827 (1995).

The record establishes that plaintiff, a 45-year-old resident of Maryland, was denied participation in HVAC because the program is limited to District of Columbia residents between the ages of 18 and 25. Compl. Ex. 6, Attach. 2. Plaintiff claims that his exclusion from the program on these bases violates the equal protection clause. Plaintiff's asserted classifications of age and residency do not fall within the suspect class category protected by the Constitution. *See Kimel v. Florida Bd. of* Regents, 528 U.S. 62, 83 (2000) ("age is not a suspect classification under the Equal Protection Clause") (citations omitted); *United States v. Virginia*, 518 U.S. 515, 533 (1996) ("The Court has thus far reserved most stringent judicial scrutiny for classifications based on race or national origin.") (examining gender classification). Thus, "[t]here is no right under the equal protection clause . . . to be free from age discrimination . . . so long as such discrimination is rationally related to furthering a legitimate state interest." *Izquierdo Prieto v. Mercado Rosa*, 894 F.2d 467, 473 (1st Cir. 1990). *See Hutchins v. District of Columbia*, 188 F.3d 531, 563 (D.C. Cir. 1999) (under equal protection analysis "strict scrutiny applies to burdens on fundamental rights, while rational basis scrutiny applies to burdens on rights that do not qualify as fundamental"); *American Federation of Government Employees (AFL-CIO) v. U.S.,* 195 F. Supp.2d 4, 11-12 (D.D.C. 2002) (examining the three levels of scrutiny–strict, heightened and rational). Under the rational basis analysis applicable to age classification, *Gregory v. Ashcroft*, 501 U.S. 452, 470 (1991), the Court's inquiry ends upon a showing that the challenged action is rationally based on satisfying a legitimate governmental objective. *American Federation of Government Employees (AFL-CIO),* 195 F. Supp.2d at 12.

The HVAC program is a grant-funded program specifically intended "to provide post-secondary education to young District of Columbia inmates." Def.'s Reply in Support of Motion to Dismiss, Ex. 1 (Contract Overview).[5] As grantee of the funds administered by the United States Department of Education, the District of Columbia has contracted with the Board of Trustees of Roanoke Chowan Community College to "offer post-secondary educational opportunities for selected District of Columbia inmates at Rivers Correctional Institution" between the ages of 18 and 25 years. *Id*. at 2. Because BOP is not a party to the contract, it is unclear whether the United States is the proper party to defend against this equal protection claim. This is of little consequence here because the HVAC program's focus on the training of District of Columbia youth offenders to prepare them for reentry into society is a laudable goal, thereby satisfying the rational basis test. Plaintiff is not similarly situated to the intended population. His disqualification from the program therefore does not violate the equal protection clause.

### 3. Plaintiff Fails in Part to State a Statutory Claim

Pursuant to its custodial obligations under 18 U.S.C. §§ 3621 *et. seq*., BOP promulgated 11 inmate rights and 11 inmate responsibilities, *see* 28 C.F.R. § 541.12, that apply to plaintiff. *See* D.C. Code § 24-101 (D.C. felons "shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted for by the Bureau of Prisons [and] shall be subject to

---

[5] The Court "may consider facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice . . . without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson,* 150 F. Supp.2d 13, 15 (D.D.C. 2001) (*citing Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993)); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979)) (other citation omitted). The Court's consideration of this document does not require conversion because the purported contract, the authenticity of which plaintiff does not dispute, is referenced prominently in the complaint attachments as the basis for the underlying administrative decisions at issue. *See* Compl. Ex. 5 [Dkt. 1-3] at 1-6.

any law or regulation applicable to persons committed for violations of laws of the United States . . . ."). Plaintiff asserts that his exclusion from the HVAC program and the Custodial Maintenance program violates paragraph 10, which provides inmates "the right to participate in education, vocational training and employment *as far as resources are available*, and in keeping with your interests, needs, and abilities." 28 C.F.R. § 541.12 (10) (emphasis added). The claim based on the specific programs in which plaintiff sought to enroll fails because the resources for the HVAC program are limited to the terms of the aforementioned contract and presumably no resources were available for the Custodial Maintenance program because it was "inactive" at the time of plaintiff's request. Compl. Attach. 3.

Defendants have not, however, addressed plaintiff's claim based on the unavailability of any "marketable vocational training" programs to him at RCI. Compl. ¶¶ 25-28. In the absence of any contradicting evidence, particularly with regard to program resources, the Court may not conclude on this record that plaintiff cannot establish "any set of facts consistent with the allegations in the complaint" regarding this statutory violation. *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S.Ct. 1955, 1969 (2007) (citations omitted); *Harris v. Ladner,* 127 F.3d 1121, 1123 (D.C. Cir. 1997), *cert. denied,* 531 U.S. 1147 (2001); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court therefore will direct defendants to supplement the record by addressing this claim.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss but defers further action pending record supplementation. A separate Order accompanies this Memorandum Opinion.

```
            _____s/s_____
            Henry H. Kennedy, Jr.
Date: September 12, 2007        United States District Judge
```