IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES E. FORRESTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1954 (HHK) |
| ) | |
| **FEDERAL BUREAU OF PRISONS, et al.,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS
AND PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

In reply to Plaintiff's opposition to Defendants' supplemental motion to dismiss and request for judicial notice, the civil action should be dismissed because Plaintiff fails to demonstrate a constitutional violation.

1.  This action concerns the claims of pro se Plaintiff, Charles Forrester, Jr., who is currently incarcerated at Rivers Correctional Institution ("Rivers"), a private facility operated by GEO Group, Inc. ("GEO Group" or "GEO"), which houses D.C. felony offenders pursuant to a contract between GEO Group and the Federal Bureau of Prisons ("BOP"). Plaintiff claims Rivers does not offer him any viable marketable vocational opportunities because 1) the Rivers Correctional Institution ("Rivers") staff have offered to transfer him to another facility for program placement specifically for the purpose of getting additional training; and 2) Congressional members and various agency officials have discussed the availability of vocational programs at Rivers in newspaper articles, testimonials or written statements. Pl. Resp. pp. 2-3.

2.  As stated previously, Rivers provides marketable vocational programs for inmates

housed at the facility. See Declaration of Thomas Christensen, ¶ 1. Even Plaintiff's transcript reflects that Plaintiff has taken all vocational programs available to him at this time. See Attachment 1, Inmate Education Data.

3. Nonetheless, prisons do not have the resources, or as this Court has noted, the constitutional responsibility to provide an unlimited menu of training options to inmates. Moreover, the fact that other prisons offer more, or different, programming is not of the moment. "[A]s between any two prisons, there will always be stark differences in programming . . . officials will calibrate programming needs differently in each prison, emphasizing in one prison programs that they de-emphasize in others." Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia, 93 F.3d 910, 927 (D.C. Cir. 1996) (speaking in the context of differences between male and female prisons).

4. Plaintiff points to comments made by public officials in regards to the shortcomings of the vocational programs at Rivers. In particular, he points to the statements made by the BOP Director as being especially damning to the government's claims. However, those statements, and those by other public officials, about perceived shortcomings in inmate programming are not admissions of a constitutional violation. BOP's mission is to ensure that prisons and community-based facilities are safe, humane, cost-efficient, and appropriately secure, and that such facilities provide work and other self-improvement opportunities to assist offenders in becoming law-abiding citizens. www.bop.gov. BOP's Director regularly discusses ways BOP adapts to meet the needs of a changing inmate population. Thus, statements which express a desire to increase programming, medical care or inmate safety are commonplace and aspirational in nature and must be balanced with the realities of budgets and security needs.

## CONCLUSION

For the above stated reasons, Plaintiff's civil action should be dismissed.

                                            Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078 (telephone)

Dated: December 11, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of December, 2007, I caused the foregoing to be served by first class mail, postage prepaid, to plaintiff *pro se*:

CHARLES E. FORRESTER
R 09565-007
Rivers Correctional Institution
P.O. Box 630
Winton, N.C. 27986

      /s/_____
BLANCHE L. BRUCE
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078 (telephone)

# Attachment 1

```
   BOPG8            *          INMATE EDUCATION DATA         *        12-06-2007
PAGE 001 OF 001 *                   TRANSCRIPT               *          14:47:02

REGISTER NO: 09565-007       NAME..: FORRESTER                     FUNC: PRT
FORMAT.....: TRANSCRIPT      RSP OF: RIV-RIVERS CI
```

```
-----------------------------  EDUCATION INFORMATION  ---------------------------
FACL ASSIGNMENT DESCRIPTION                      START DATE/TIME STOP DATE/TIME
RIV  ESL HAS    ENGLISH PROFICIENT               09-17-2002 1330 CURRENT
RIV  GED HAS    COMPLETED GED OR HS DIPLOMA      09-17-2002 1330 CURRENT

-----------------------------  EDUCATION COURSES    -----------------------------
SUB-FACL   DESCRIPTION                      START DATE  STOP DATE  EVNT AC LV  HRS
RIV        VWOOD A2 10-11:50AM              02-26-2007  05-24-2007  P   C  M   104
RIV        ADULT CONT EDU CORRESPONDENCE    09-01-2005  04-05-2006  P   C  P     1
RIV        PARENTING PROGRAM                11-06-2002  11-27-2002  P   C  P    32
RIV        ADULT CONT EDU CORRESPONDENCE    01-11-2005  06-23-2005  P   C  P    20
RIV        VOC COMPUTER TECHNOLOGY PM8      05-02-2003  08-22-2003  P   C  M   110
RIV        VOC COMPUTER TECHNOLOGY PM8      12-26-2002  04-28-2003  P   C  E    85
RIV        LIFE SKILLS PM 5                 11-07-2002  12-24-2002  P   C  P    65
RIV        COMMERCIAL DRIVER PREP COURSE    09-26-2002  11-01-2002  P   C  P    34
```

```
G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CHARLES E. FORRESTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1954 (HHK) |
| ) | |
| **FEDERAL BUREAU OF PRISONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

UPON CONSIDERATION of the Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Supplemental Motion to Dismiss and Request for Judicial Notice, and accompanying documents, any opposition by Plaintiff, and the entire record herein, it is on this ___ day of _____, 2007,

HEREBY ORDERED that Plaintiff's Opposition to Defendants' Supplemental Motion to Dismiss and Request for Judicial Notice are Dismissed.

Date _____      _____
                                UNITED STATES DISTRICT JUDGE